UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| **CELEC EP,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | |
| | § | |
| **PROGEN INDUSTRIES, LLC;** | § | **CASE NO. 8:25-cv-03433** |
| **GENERTEK POWER CORP.;** | § | |
| **GENERTEK POWER INDUSTRIES,** | § | |
| **LLC; JOHN B. MANNING; W. WADE** | § | |
| **MANNING; ANDREW S.** | § | |
| **WILLIAMSON; ASTROBRYXA, S.A.;** | § | |
| **AP INSPECTIONS LATINOAMERICA,** | § | |
| **S.A.; A.P. INSPECTIONS LLC; and** | § | |
| **DOES 1-99,** | § | |
| | § | |
| *Defendants.* | § | |

## DEFENDANT'S MOTION TO DISMISS

Defendant ASTROBRYXA, S.A. ("ASTROBRYXA"), by and through undersigned counsel, hereby moves this Court to dismiss the claims against it pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(2). In support of this motion, ASTROBRYXA states as follows:

## BACKGROUND

1.    Defendant ASTROBRYXA, S.A. is a corporation organized under the laws of Ecuador, with its domicile and sole place of business located in Ecuador.

2.    On December 15, 2025, Plaintiff Corporación Eléctrica del Ecuador ("CELEC") filed a Complaint against multiple individuals and entities, including ASTROBRYXA, alleging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), the Florida RICO

Act (Fla. Stat. § 895.03), the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), and conversion. *See* Doc. 1 ("Complaint"), ¶¶ 65–94.

3.      In its Complaint, Plaintiff asserts that this Court has personal jurisdiction over ASTROBRYXA pursuant to Fla. Stat. § 48.193(1)(a), or alternatively under Fla. Stat. § 48.193, 18 U.S.C. § 1965(d), and Federal Rules of Civil Procedure 4(k)(1)(A), 4(k)(1)(B), or, in the alternative, 4(k)(2). *See* Doc. 1, ¶ 15.

4.      On December 17, 2025, the Clerk issued a summons to ASTROBRYXA (the "Summons"). **A true and correct copy of the Summons is attached as Exhibit A.** On December 19, 2025, Plaintiff attempted service of process on ASTROBRYXA by leaving copies of the Complaint with a person residing at the usual place of abode of Ms. Karla Saud Calero in California. **A true and correct copy of the Verified Return of Service is attached as Exhibit B.** According to the Verified Return of Service, Plaintiff purported to effect service in accordance with Fla. Stat. §§ 48.031 and 48.081. *See* Exhibit B.

**STATEMENT OF RELIEF AND SUPPORTING BASIS**

5.      Defendant ASTROBRYXA respectfully requests that the Court dismiss the Complaint as to ASTROBRYXA on the following grounds:

a)  **Insufficient Service of Process (Fed. R. Civ. P. 12(b)(5)):** Plaintiff CELEC failed to effect service of process in compliance with Federal Rule of Civil Procedure 4. The attempted service does not satisfy the requirements for serving a foreign corporation under Rule 4(h)(2) and Rule 4(f).

b)  **Lack of Personal Jurisdiction (Fed. R. Civ. P. 12(b)(2)):** This Court lacks personal jurisdiction over ASTROBRYXA. Plaintiff has not alleged, nor can it establish, any facts that would confer jurisdiction under state or federal law.

Page 2 of 16

## STATEMENT OF ISSUES

6.      The Court must resolve two issues:

a)  Whether the Complaint must be dismissed because Plaintiff CELEC failed to effect service of process in compliance with Federal Rule of Civil Procedure 4.

b)  Whether the Court lacks personal jurisdiction over ASTROBRYXA where Plaintiff has not alleged, nor can it establish, any facts that would confer jurisdiction under applicable state or federal law.

## ARGUMENTS AND AUTHORITIES

### A. The Complaint should be dismissed because CELEC failed to effect service of process in compliance with Federal Rule of Civil Procedure 4

#### a. The complaint must be dismissed because service was not effected in compliance with rule 4(h)(2) and rule 4(f).

7.      "Under Rule 12(b)(5), a defendant may bring a motion to dismiss based on insufficient service of process." *Kammona v. Onteco Corp.*, 587 Fed. Appx. 575, 578 (11th Cir. 2014). "Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Pouyeh v. Pub. Health Trust of Jackson Health Sys.*, 718 Fed. Appx. 786, 788 (11th Cir. 2017) (quoting *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990)).

8.      Here, Plaintiff CELEC attempted to serve ASTROBRYXA by leaving copies of the Complaint at the California residence of an individual, purportedly in accordance with Fla. Stat. §§ 48.031 and 48.081. *See* Exhibit B. This method is legally insufficient because ASTROBRYXA is a foreign corporation domiciled in Ecuador. Federal law—not Florida law—governs service in this context.

9.        "Federal Rules of Civil Procedure 4(h) and 4(f) govern serving a foreign corporation." *Draken Int'l, LLC. v. Denel Soc. Ltd.*, 2025 U.S. Dist. LEXIS 204696, *1-2 (M.D. Fla. 2025). "Under Rule 4(h), a foreign corporation, not within any judicial district of the United States <u>must</u> be served in any manner prescribed by Rule 4(f) for serving an individual." *Id*. (emphasis added) (internal citations omitted); Fed. R. Civ. P. 4(h)(2).

10.       Pursuant to Rule 4(f), service on a foreign defendant must comply with one of three provisions. Fed. R. Civ. P. 4(f). Rule 4(f)(1) permits a plaintiff to serve a foreign corporate defendant by any means specified by any international agreement on service of process ratified by the nation at issue. *Id*. Rule 4(f)(2) provides several methods of service in situations where there is no applicable international agreement in force. *Id*. Finally, Rule 4(f)(3) permits a party to use an alternative method of service if the party obtains the permission of the Court, and an international agreement does not otherwise prohibit the requested method. *Id*.

11.       Both the United States and Ecuador are signatories to the Inter-American Convention on Letters Rogatory and its Additional Protocol ("Inter-American Convention") Organization of American States, Additional Protocol to the Inter-American Convention on Letters Rogatory, https://www.oas.org/juridico/english/sigs/b-46.html (last visited Jan. 8, 2026). The Inter-American Convention") is a multilateral international treaty governing the service of process on foreign defendants not within any judicial district of the United States. Inter-American Convention on Letters Rogatory, Panama City, Jan. 30, 1975, S. Treaty Doc. No. 98-27 (transmitted June 25, 1984; Senate consent Oct. 9, 1986); Jan. 30, 1975, O.A.S.T.S. No. 43. **A true and correct copy of the Inter-American Convention is attached as Exhibit C.**

12.       Article 2 of the Inter-American Convention states: "This Convention shall apply to letters rogatory, issued in conjunction with proceedings in civil and commercial matters held before

the appropriate judicial or other  adjudicatory authority of one of the States Parties to this Convention, that have as their purpose . . . [t]he performance of procedural acts of a merely formal nature, such as service of process, summonses or subpoenas abroad . . ." Inter-American Convention, Art. 2.

13.    The Inter-American Convention requires each signatory-nation to establish a central authority to receive requests for service of documents from other nations. *Id*., Art. 3. Once a central authority receives a request in the proper form, it must serve the documents by a method prescribed by the internal law of the receiving nation. *Id*., Art. 10. The central authority must then provide a certificate of service that conforms to a specified model provided by the signatory nation. *Id*., Additional Protocol, Art. 4.

14.    For these reasons, the Complaint must be dismissed as to Defendant ASTROBRYXA for insufficient service of process. Plaintiff's reliance on Florida's domestic service statutes (§§ 48.031, 48.081) cannot cure the jurisdictional defect where the defendant is a foreign corporation not within any judicial district of the United States. Rule 4(h)(2) mandates that service on such an entity be effected "in any manner prescribed by Rule 4(f) for serving an individual," and strict compliance with Rule 4(f) is therefore required. *See* Fed. R. Civ. P. 4(h)(2); *Draken Int'l, LLC v. Denel Soc. Ltd.*, 2025 U.S. Dist. LEXIS 204696, at *1–2 (M.D. Fla. 2025).

15.    Because Plaintiff did not invoke, follow, or obtain the Court's authorization to employ any of Rule 4(f)'s three permissible avenues—whether under an applicable international agreement (Rule 4(f)(1)), an available non-agreement method (Rule 4(f)(2)), or court-ordered alternative service (Rule 4(f)(3))—service was never validly accomplished. *See* Fed. R. Civ. P. 4(f). The Verified Return of Service confirms service was attempted under Florida law only, which does not apply to foreign service governed exclusively by federal rules and international process regimes.

16.     Moreover, both the United States and Ecuador are parties to the Inter-American Convention on Letters Rogatory and its Additional Protocol, which establishes the mandatory framework for serving process abroad between signatory states and requires use of a designated central authority, service consistent with the receiving nation's law, and a conforming certificate of service. Inter-American Convention, Arts. 2, 3, 10; Additional Protocol, Art. 4.

17.     By virtue of the Supremacy Clause of the United States Constitution, the Inter-American Convention pre-empts inconsistent methods of service prescribed by state law in all cases to which it applies. *Schlunk Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699 (1988) (holding that the Hague Convention on the Service Abroad pre-empts inconsistent methods of service prescribed by state law in all cases to which it applies).

18.     Plaintiff's failure to utilize the Convention's central-authority mechanism—or to obtain court approval of an alternative method not prohibited by applicable treaty—means service did not satisfy Rule 4(f)(1) or (3), and no other valid method was employed under Rule 4(f)(2). Service of process is jurisdictional; absent proper service, the Court lacks personal jurisdiction over ASTROBRYXA. Accordingly, the Complaint should be dismissed under Rule 12(b)(5), without prejudice to Plaintiff's ability to effect service in conformity with Rule 4(h)(2) and Rule 4(f) and the Inter-American Convention.

### b. Plaintiff's service remains insufficient even under Rule 4(h)(1) because Ms. Karla Saud is neither an officer nor agent of Defendant ASTROBRYXA

19.     Although the Summons lists only ASTROBRYXA's address in Ecuador, Plaintiff's attempt to serve ASTROBRYXA under Florida law—specifically Fla. Stat. §§ 48.031 and 48.081—suggests that CELEC mistakenly believed service could be effected pursuant to Federal Rule of Civil Procedure 4(h)(1). *See* Exhibits A, B.

20.    CELEC's position is incorrect. Rule 4(h)(1) applies only when the corporation is "in a judicial district of the United States." *See* Fed. R. Civ. P. 4(h)(1). Defendant ASTROBRYXA has no business operations, office, agent, officer, or presence or any kind in California and therefore cannot be deemed to be or reside in any federal judicial district within that state. Plaintiff's attempt to serve ASTROBRYXA in California under Rule 4(h)(1) was legally improper and cannot confer jurisdiction.

21.    Even if Rule 4(h)(1) were construed to apply to foreign corporations with no ties to any judicial district in the United States, Plaintiff CELEC's attempted service would still be deficient.

22.    Federal Rule of Civil Procedure 4(h)(1) provides two permissible methods to serve corporations found within the United States.  Fed. R. Civ. P. 4(h)(1). Rule 4(h)(1)(A), such corporations can be served "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(h)(1)(A), (e)(1). Under Federal Rule of Civil Procedure 4(h)(1)(B), corporations found within the United States can be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . ." Fed. R. Civ. P. 4(h)(1)(A), (e)(1), and (h)(1)(B).

23.    First, service under Rule 4(h)(1)(B) is improper because Ms. Karla Saud Calero is not an authorized recipient. The record contains no evidence that Ms. Karla Saud Calero is (i) an officer of ASTROBRYXA, (ii) a managing or general agent vested with broad discretionary authority over corporate affairs, or (iii) an agent authorized—by appointment or by operation of law—to accept service of process on ASTROBRYXA's behalf. To the contrary, Exhibits D and E—

Page 7 of 16

certificates issued by the Superintendencia de Compañías, Valores y Seguros del Ecuador (Superintendencia), the governmental authority that regulates corporations in Ecuador and maintains the public registries of corporate officers (administradores)—lists all the officers responsible for managing ASTROBRYXA since 2013 and do not identify Ms. Saud Calero in any capacity. **A true and correct copy of the Superintendencia Certificate showing ASTROBRYXA's current officers is attached as Exhibit D. A true and correct copy of the Superintendencia Certificate showing ASTROBRYXA's former officers is attached as Exhibit E.**

24.    The Verified Return of Service likewise reflects no written appointment, statutory authorization, or indicia of actual or apparent authority sufficient to satisfy Rule 4(h)(1)(B). *See* Exhibit B. Absent competent proof of officer status, managerial authority, or a valid agency appointment, delivery to Ms. Saud Calero does not meet the "officer/agent" requirement of Rule 4(h)(1)(B) and therefore cannot constitute valid service. Accordingly, even under the domestic-service rubric of Rule 4(h)(1)(B), Plaintiff's attempted service is defective and does not confer personal jurisdiction over ASTROBRYXA.

25.    Second, service under Rule 4(h)(1)(B) is also improper because neither Florida law nor California law authorizes service on ASTROBRYXA through Ms. Karla Saud Calero

26.    The Verified Return of Service recites compliance with §§ 48.081 and 48.031. *See* Exhibit B. On its face, the Return appears to premise adequacy of service on the notion that copies were left with a person residing at Ms. Karla Saud Calero's usual place of abode, ostensibly under § 48.031(1)(a), and that such method is permissible for corporate service by reference in § 48.081(5). This theory collapses under the statutes' plain text and structure. Section 48.081 governs service upon "domestic corporations or registered foreign corporations"—and only those

entities. ASTROBRYXA is neither. Plaintiff's invocation of § 48.081 therefore fails at the threshold. Nor can § 48.031(1)(a)—a provision directed to individual service at a person's dwelling—be transmuted into a vehicle for serving an unregistered foreign corporation. Because Plaintiff's methodology relies on statutes that categorically do not reach an unregistered foreign corporation, the attempted service is void.

27.    Service of process was likewise not effected in conformity with California law. Under California Code of Civil Procedure § 416.10(a)–(b), a corporation may be served only by delivering the summons and complaint to "the person designated as agent for service of process" or to an officer of the corporation. *See* Cal. Code Civ. Proc. § 416.10(a), (b). As demonstrated above, Ms. Karla Saud Calero is not, and has never been, an officer of ASTROBRYXA, nor has she ever been designated—by filing, appointment, or otherwise—as ASTROBRYXA's agent for service of process. Accordingly, Plaintiff's attempted service through Ms. Saud Calero fails to satisfy California law and is legally ineffective.

28.    Because ASTROBRYXA is a foreign corporation with no presence in any judicial district of the United States, service of process must be effected under Rule 4(f), as required by Rule 4(h)(2). Plaintiff did not comply with Rule 4(f)—whether via an applicable international agreement, a permissible non-treaty method, or court-authorized alternative service—and thus failed to accomplish valid service. Proper service is a prerequisite to personal jurisdiction; absent it, this Court lacks jurisdiction over ASTROBRYXA.

29.    Moreover, even if Rule 4(h)(1) were somehow treated as a valid avenue to serve ASTROBRYXA, Plaintiff's efforts would still be legally insufficient: service was not delivered to an officer, managing or general agent, or an agent authorized by appointment or by law, nor did it satisfy any state-law mechanism applicable to corporate service. Accordingly, dismissal under Rule

12(b)(5) is required, and the Complaint should be dismissed as to ASTROBRYXA. In the alternative, the Court should quash the attempted service and require strict compliance with Rules 4(h)(2) and 4(f) within a court-set period.

**B. The Complaint should be dismissed because Plaintiff has not alleged, nor can it establish, any facts that would confer jurisdiction under applicable state or federal law.**

30.    Plaintiff's assertion of personal jurisdiction under Fla. Stat. § 48.193(1)(a), Fla. Stat. § 48.193, 18 U.S.C. § 1965(d), and Federal Rules of Civil Procedure 4(k)(1)(A), 4(k)(1)(B), or 4(k)(2) is unavailing. Each of these provisions requires a factual predicate that is wholly absent here.

31.    Florida's long-arm statute provides for both specific and general personal jurisdiction. Specific jurisdiction under Fla. Stat. § 48.193. applies when the cause of action arises from the defendant's contacts with Florida, such as committing a tortious act within the state. Fla. Stat. § 48.193(1)(a)(2). General jurisdiction under Fla. Stat. § 48.193. applies when a defendant engages in "substantial and not isolated activity" in Florida, regardless of whether the claim arises from those activities . Fla. Stat. § 48.193(2). Florida courts have held the term "substantial and not isolated activity" used in § 48.193(2) means "continuous and systematic general business contact" with Florida, a term used by the Supreme Court in *Helicopteros* to determine whether general jurisdiction was permissible under the Due Process Clause. *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1318-1319 (11th Cir. 2006) (citing *Helicopteros Nacionales De Colombia v. Hall*, 466 U.S. 408, 415-16 (1984).

32.    Plaintiff CELEC's conversion allegations do not establish specific jurisdiction. The Court cannot exercise personal jurisdiction over ASTROBRYXA based on the alleged tort of

Page 10 of 16

conversion because the Complaint pleads no facts establishing that ASTROBRYXA committed a tort, much less that any tortious conduct occurred in Florida.

33.    To invoke specific jurisdiction over a nonresident defendant, a plaintiff must allege sufficient facts demonstrating the commission of a tortious act within Florida. *Wiggins v. Tigrent, Inc.*, 147 So. 3d 76, 78 (Fla. 2d DCA 2014). Florida law further provides that conversion is committed in the jurisdiction "where wrongful dominion and control over the property occurred." *Id*. at 86 (citing *Ernie Passeos, Inc. v. O'Halloran*, 855 So. 2d 106, 109 (Fla. 2d DCA 2003) (holding any conversion occurred in Ohio, where the defendant received the goods following a lawful transfer from Florida); *Merkin v. PCA Health Plans of Fla., Inc.*, 855 So. 2d 137, 141 (Fla. 3d DCA 2003) (finding no personal jurisdiction under Florida's long-arm statute where the alleged wrongful dominion occurred in California)).

34.    The Complaint contains no allegation that ASTROBRYXA exercised wrongful dominion or control in Florida over any funds purportedly converted from CELEC. Accordingly, the conversion claim cannot supply a basis for specific personal jurisdiction under Florida's long-arm statute. Nor does the Complaint plead facts establishing "continuous and systematic" contacts sufficient to confer general jurisdiction. In the absence of well-pleaded facts demonstrating either a Florida-based tort or pervasive, continuous business contacts with Florida, CELEC's jurisdictional theory fails as a matter of law and must be rejected.

35.    Invocation of 18 U.S.C. § 1965(d) as a jurisdictional basis is, likewise, untenable. By its plain text, § 1965(d) addresses service of process in civil RICO actions—authorizing service "on any person in any judicial district in which such person resides, is found, has an agent, or transacts his affairs." 18 U.S.C. § 1965(d). The statute does not independently confer personal jurisdiction, nor does it supplant the constitutional and statutory prerequisites for exercising

jurisdiction. Service and jurisdiction are distinct concepts; proper service, without more, does not ipso facto establish that a court may exercise personal jurisdiction over a defendant. Moreover, as established supra, ASTROBRYXA has no residence, presence, agent, transactions, or affairs in California—the forum where CELEC improperly attempted service—and CELEC alleges none. Accordingly, even assuming arguendo that § 1965(d) could bear on jurisdiction (which it does not), the statute would still furnish no basis for asserting personal jurisdiction over ASTROBRYXA.

36.     Plaintiff's reliance on Federal Rules of Civil Procedure 4(k)(1)(A), 4(k)(1)(B), and 4(k)(2) is equally misplaced. Each provision presupposes valid service of process as a condition precedent to the exercise of personal jurisdiction. *See* Fed. R. Civ. P. 4(k). As demonstrated supra, ASTROBRYXA has not been properly served; CELEC's attempted service was legally deficient. Accordingly, these rules cannot operate to confer jurisdiction.

37.     Even setting aside CELEC's defective service, none of the cited provisions supports jurisdiction in this case.

38.     Rule 4(k)(1)(A) provides that "[s]erving a summons establishes personal jurisdiction over a defendant … who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(k)(1)(A). ASTROBRYXA is not subject to the general jurisdiction of any Florida court, and CELEC does not allege otherwise.

39.     Rule 4(k)(1)(B) applies only to parties joined under Rules 14 or 19 and served within a judicial district of the United States and within 100 miles of the issuing court. Fed. R. Civ. P. 4(k)(1)(B). ASTROBRYXA has not been joined under Rule 14 or 19, and CELEC's futile attempt to serve ASTROBRYXA in California occurred well beyond the 100-mile limit.

40.     Rule 4(k)(2) authorizes jurisdiction only where (A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction, and (B) exercising jurisdiction is consistent

with the Constitution and laws of the United States. Fed. R. Civ. P. 4(k)(2). CELEC has not alleged any facts demonstrating that the exercise of jurisdiction over ASTROBRYXA would satisfy constitutional due process or comport with federal law. Accordingly, Rule 4(k)(2) provides no basis for jurisdiction.

41.     Plaintiff's attempt to establish personal jurisdiction over ASTROBRYXA fails under every theory advanced. Florida's long-arm statute requires either a Florida-based tort or continuous and systematic business contacts with the state; CELEC alleges neither. Its conversion claim does not identify any wrongful dominion or control occurring in Florida, and the Complaint is devoid of facts supporting general jurisdiction. Likewise, 18 U.S.C. § 1965(d) governs service of process in civil RICO actions—it does not confer jurisdiction—and CELEC's reliance on Federal Rules of Civil Procedure 4(k)(1)(A), 4(k)(1)(B), and 4(k)(2) is equally misplaced, as each presupposes valid service and constitutional due process, neither of which exists here. In short, CELEC has not met its burden to plead a prima facie basis for personal jurisdiction. Because jurisdiction is a threshold requirement, this Court must dismiss CELEC's claims against ASTROBRYXA for lack of personal jurisdiction.

## CONCLUSION

42.     Plaintiff's claims against ASTROBRYXA cannot proceed because service of process was improper and this Court lacks personal jurisdiction. CELEC's attempted service was legally defective under Federal Rule of Civil Procedure 4 and the Inter-American Convention, and service is a jurisdictional prerequisite that cannot be ignored. Likewise, CELEC has failed to allege any facts establishing jurisdiction under Florida's long-arm statute, 18 U.S.C. § 1965(d), or Federal Rules of Civil Procedure 4(k)(1)(A), 4(k)(1)(B), or 4(k)(2). The Complaint does not plead a Florida-based tort, continuous and systematic contacts with Florida, or any constitutional basis for

jurisdiction. Because jurisdiction is a threshold requirement, and CELEC has not met its burden, dismissal under Rules 12(b)(5) and 12(b)(2) is mandatory.

**PRAYER**

WHEREFORE, Defendant ASTROBRYXA, S.A. respectfully requests that this Court dismiss the Complaint as to ASTROBRYXA pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(2) for insufficient service of process and lack of personal jurisdiction; and grant such other and further relief as the Court deems just and proper.

**DATED this 9th day of January 2026.**

Respectfully submitted,

**GATEWAY LITIGATION PLLC**
333 SE 2nd Avenue, Suite 2000
Miami, Florida 33131
T: (786) 432-7717

By:    /s/    *Fernando J. Alvarez-Perez*
       **Fernando J. Alvarez-Perez**
       Florida Bar No. 114186
       fernando.ap@gatewaylit.com

**FERGUSON BRASWELL FRASER KUBASTA PC**
3200 Southwest Freeway, Suite 3200
Houston, Texas 77027
T: (713) 403-4200
F: (713) 403-4201

By:    /s/    *Enrique A. Jaramillo Vargas*
       **Enrique A. Jaramillo Vargas**
       Texas Bar No. 24132917
       ejaramillo@fbfk.law
       *Pro Hac Vice Forthcoming*
       **Kenneth H. Holt**
       Texas Bar No. 00793012
       kholt@fbfk.law
       *Pro Hac Vice Forthcoming*
       Attorneys for Defendant Astrobryxa, S.A.

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 3.01(g), I, Kenneth H. Holt, counsel for ASTROBRYXA S.A., hereby certify that I conferred with Courtney M. Keller, counsel for Plaintiff CELEC EP, in a good faith effort to resolve the issues raised in this Motion, by Zoom Video Conference, on January 9, 2026. Despite these efforts, the parties were unable to reach an agreement on the following issues:

Counsel for Defendant ASTROBRYXA contend that Defendant ASTROBRYXA must be served in accordance with Federal Rules of Civil Procedure 4(h)(2) and 4(f), which require service pursuant to the Inter-American Convention on Letters Rogatory and its Additional Protocol.

Counsel for Defendant ASTROBRYXA maintains that service of process through Ms. Karla Saud Calero is improper because Ms. Saud Calero is neither an officer nor an authorized agent of Defendant ASTROBRYXA.

Counsel for Defendant ASTROBRYXA asserts that the Court cannot assert jurisdiction over Defendant ASTROBRYXA because Plaintiff has not alleged facts sufficient to establish jurisdiction under applicable state or federal law.

*/s/ Kenneth H. Holt*
**Kenneth H. Holt**

## CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2026, a true and correct copy of the foregoing Motion was served on all parties of record, via the Court's CM/ECF system.

**Courtney M. Keller**
kellerc@gtlaw.com
**Meredith P. Yates**
meredith.yates@gtlaw.com
GREENBERG TRAURIG, P.A.
450 South Orange Avenue, Suite 650
Orlando, Florida 32801
T: (407) 420-1000
F: (407) 420-5909

**Daniel Pulecio-Boek**
pulecioboekd@gtlaw.com
(admitted *pro hac vice*)
**Michael A. Pusateri**
pusaterim@gtlaw.com
(admitted *pro hac vice*)
GREENBERG TRAURIG, LLP

2101 L Street, N.W., Suite 1000
Washington, D.C. 20037
T: (202) 331-3117
 *Attorneys for Plaintiff*

*/s/     Fernando J. Alvarez-Perez*
**Fernando J. Alvarez-Perez**