UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, DIVISION

| | | |
|---|---|---|
| CELEC EP,<br><br>    *Plaintiff,*<br><br>v.<br><br>PROGEN INDUSTRIES, LLC;<br>GENERTEK POWER CORP.;<br>GENERTEK POWER INDUSTRIES,<br>LLC; JOHN B. MANNING; W. WADE<br>MANNING; ANDREW S.<br>WILLIAMSON; ASTROBRYXA, S.A.;<br>AP INSPECTIONS LATINOAMERICA,<br>S.A.; A.P. INSPECTIONS LLC; and<br>DOES 1-99,<br><br>    *Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 8:25-cv-03433-WFJ-SPF |

---

**DEFENDANT ASTROBRYXA, S.A.'S ANSWER AND AFFIRMATIVE DEFENSES**

---

Defendant, Astrobryxa, S.A. ("Astrobryxa" or "Defendant"), by and through undersigned counsel, hereby files this Answer and Affirmative Defenses to Plaintiff CELEC EP's ("CELEC" or "Plaintiff") Complaint and Demand for Jury Trial [Doc. 1] and states as follows:

## I.    ANSWER TO ALLEGATIONS

1. Astrobryxa denies the allegations in Paragraph 1 of Plaintiff's Complaint.

2. Astrobryxa denies the allegations in Paragraph 2 of Plaintiff's Complaint.

3. Astrobryxa lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3, and the same are therefore denied.

4. Astrobryxa lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4, and the same are therefore denied.

5. Astrobryxa lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5, and the same are therefore denied.

6. Astrobryxa lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6, and the same are therefore denied.

7. Astrobryxa lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7, and the same are therefore denied.

8. Astrobryxa lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8, and the same are therefore denied.

9. Astrobryxa lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9, and the same are therefore denied.

10. Astrobryxa admits the allegations in Paragraph 10.

11. Astrobryxa lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11, and the same are therefore denied.

12. Astrobryxa lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12, and the same are therefore denied.

13. Astrobryxa admits the allegations in Paragraph 13.

14. Astrobryxa admits the allegations in Paragraph 14.

15. Astrobryxa denies that this Court has personal jurisdiction over it (see Astrobryxa's Motion to Dismiss [Doc. 24]). Astrobryxa further denies that it conspired to and engaged in tortious conduct in and related to Florida, pursuant to Fla. Stat. § 48.193(1)(a) or otherwise engage in substantial and not isolated activity within the state. Astrobryxa further denies that the Court may exercise specific jurisdiction over each Defendant pursuant to Fla. Stat. § 48.193, 18 U.S.C. § 1965(d), Federal Rules of Civil Procedure 4(k)(1)(A), 4(k)(1)(B), or,

in the alternative, 4(k)(2). Astrobryxa lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 15, and the same are therefore denied.

16. Astrobryxa denies that it is subject to personal jurisdiction in this Court. Astrobryxa admits the remaining allegations in Paragraph 16.

17. Astrobryxa admits the allegations in Paragraph 17.

18. Astrobryxa admits the allegations in Paragraph 18.

19. Astrobryxa denies the allegations in Paragraph 19.

20. Astrobryxa lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20, and the same are therefore denied.

21. Astrobryxa lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21, and the same are therefore denied.

22. Astrobryxa lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22, and the same are therefore denied.

23. Astrobryxa lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23, and the same are therefore denied.

24. Astrobryxa lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24, and the same are therefore denied.

25. Astrobryxa lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25, and the same are therefore denied.

26. Astrobryxa admits that Plaintiff and Progen appear to have signed the contract attached as Exhibit B to Plaintiff's Complaint.   Astrobryxa lacks knowledge or information sufficient

to form a belief about the truth of the remaining allegations in Paragraph 26, and the same are therefore denied.

27. **Paragraph 27:** The Quevedo Contract speaks for itself. Otherwise, denied.

28. **Paragraph 28:** The Quevedo Contract and its amendments speak for themselves. Otherwise, denied.

29. Astrobryxa lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29, and the same are therefore denied.

30. Astrobryxa lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30, and the same are therefore denied.

31. Astrobryxa lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31, and the same are therefore denied.

32. Astrobryxa lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31, and the same are therefore denied.

33. Astrobryxa lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33, and the same are therefore denied.

34. Astrobryxa lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34, and the same are therefore denied.

35. Astrobryxa admits that Plaintiff and Progen appear to have signed the contract attached as Exhibit E to Plaintiff's Complaint.   Astrobryxa lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 35, and the same are therefore denied.

36. **Paragraph 36:** The Salitral Contract speaks for itself. Otherwise, denied.

37. **Paragraph 37:** The Salitral Contract speaks for itself. Otherwise, denied.

38. Astrobryxa lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38, and the same are therefore denied.

39. Astrobryxa lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39, and the same are therefore denied.

40. Astrobryxa lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 40, and the same are therefore denied.

41. Astrobryxa lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 41, and the same are therefore denied.

42. Astrobryxa lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 42, and the same are therefore denied.

43. Astrobryxa denies the allegations in Paragraph 43.

44. Astrobryxa denies the allegations in Paragraph 44.

45. Astrobryxa denies the allegations in Paragraph 45.

46. Astrobryxa denies the allegations in Paragraph 46.

47. Astrobryxa denies the allegations in Paragraph 47.

48. Astrobryxa lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 48, and the same are therefore denied.

49. Astrobryxa denies the allegations in Paragraph 49.

50. Astrobryxa denies the allegations in Paragraph 50.

51. Astrobryxa denies the allegations in Paragraph 51.

52. Astrobryxa lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 52, and the same are therefore denied.

53. Astrobryxa lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 53, and the same are therefore denied.

54. Astrobryxa lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 54, and the same are therefore denied.

55. Astrobryxa denies the allegations in Paragraph 55.

56. Astrobryxa denies the allegations in Paragraph 56.

57. Astrobryxa lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 57, and the same are therefore denied.

58. Astrobryxa lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 58, and the same are therefore denied.

59. Astrobryxa lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 59, and the same are therefore denied.

60. Astrobryxa lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 60, and the same are therefore denied.

61. Astrobryxa lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 61, and the same are therefore denied.

62. Astrobryxa lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 62, and the same are therefore denied.

63. Astrobryxa lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 63, and the same are therefore denied.

64. Astrobryxa lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 64, and the same are therefore denied.

65. Paragraph 65 requires no response; however, to the extent one is required, Astrobryxa denies the allegations.

66. Astrobryxa admits that the RICO statute may be found at 18 U.S.C. § 1961 *et seq.* and that the words "any person injured in his business or property by reason of a violation of" appear in the statute. Astrobryxa denies the remaining allegations in Paragraph 66.

67. Astrobryxa denies the allegations in Paragraph 67.

68. Astrobryxa denies the allegations in Paragraph 68.

69. Astrobryxa denies the allegations in Paragraph 69.

70. Astrobryxa denies the allegations in Paragraph 70.

71. Astrobryxa denies the allegations in Paragraph 71.

72. Astrobryxa denies the allegations in Paragraph 72, including all sub-parts.

73. Astrobryxa denies the allegations in Paragraph 73.

74. Astrobryxa denies the allegations in Paragraph 74.

75. Astrobryxa denies the allegations in Paragraph 75.

76. Astrobryxa denies the allegations in Paragraph 76.

77. Astrobryxa denies the allegations in Paragraph 77.

78. Astrobryxa denies the allegations in Paragraph 78.

79. Paragraph 79 requires no response; however, to the extent one is required, Astrobryxa denies the allegations.

80. Astrobryxa denies the allegations in Paragraph 80.

81. Astrobryxa denies the allegations in Paragraph 81.

82. Astrobryxa denies the allegations in Paragraph 82, including all sub-parts.

83. Astrobryxa denies the allegations in Paragraph 83.

84. Astrobryxa denies the allegations in Paragraph 84.

With respect to the paragraph beginning with "WHEREFORE," Astrobryxa denies that Plaintiff is entitled to a judgment for damages, including actual losses, consequential damages, lost profits, treble damages, pre- or post-judgment interest, Plaintiff's costs and attorneys' fees, or any other relief.

85. Paragraph 85 requires no response; however, to the extent one is required, Astrobryxa denies the allegations.

86. Astrobryxa admits the allegations in Paragraph 86.

87. Astrobryxa denies the allegations in Paragraph 87, including all sub-parts.

88. Astrobryxa denies the allegations in Paragraph 88.

89. Astrobryxa denies the allegations in Paragraph 89.

With respect to the paragraph beginning with "WHEREFORE," Astrobryxa denies that Plaintiff is entitled to a judgment for damages, including Plaintiff's actual damages, pre- and post-judgment interest, Plaintiff's costs and attorneys' fees, or any other relief.

90. Paragraph 90 requires no response; however, to the extent one is required, Astrobryxa denies the allegations.

91. Astrobryxa denies the allegations in Paragraph 91, including all sub-parts.

92. Astrobryxa denies the allegations in Paragraph 92.

93. Astrobryxa denies the allegations in Paragraph 93.

94. Astrobryxa denies the allegations in Paragraph 94.

With respect to the paragraph beginning with "WHEREFORE," Astrobryxa denies that Plaintiff is entitled to a judgment for damages, including actual losses, consequential

damages, lost profits, pre- and post-judgment interest, Plaintiff's costs, attorneys' fees if available, or any other relief.

95. Paragraph 95 requires no response; however, to the extent one is required, Astrobryxa denies the allegations.

96. The allegations in Count V of the Complaint are directed solely against Progen and not against Astrobryxa; therefore, no answer is required by Astrobryxa. Out of an abundance of caution, however, Astrobryxa pleads that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 96, and the same are therefore denied.

97. Astrobryxa lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 97, and the same are therefore denied.

With respect to the paragraph beginning with "WHEREFORE," Astrobryxa denies that Plaintiff is entitled to a judgment for a constructive trust over Progen's assets and bank accounts, an award of Plaintiff's costs, and such other relief as may be necessary under the circumstances.

## II.    FIRST AFFIRMATIVE DEFENSE

CELEC'S claims should be dismissed under Fed. R. Civ. P. 12(b)(5) for insufficient service of process for the reasons stated in Astrobryxa's Motion to Dismiss [Doc. 24], which is incorporated herein by reference.

## III.    SECOND AFFIRMATIVE DEFENSE

CELEC'S claims should be dismissed under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction for the reasons stated in Astrobryxa's Motion to Dismiss [Doc. 24], which is incorporated herein by reference.

## IV.   THIRD AFFIRMATIVE DEFENSE

Count I and Count II of CELEC's Complaint fail to state causes of action. CELEC has failed to allege a "domestic injury," required to maintain a private cause of action under RICO. *See RJR Nabisco, Inc. v. European Cmty.,* 579 U.S. 325, 354 (2016). In its Complaint, CELEC alleges:

1. CELEC is an Ecuadorian strategic public service "responsible for the generation, transmission, and distribution of electricity in Ecuador." (Compl. ¶ 3).

2. CELEC solicited bids from American companies in Ecuador. (Compl. ¶ 20).

3. The equipment under the Quevedo and Salitral Contracts (the "Contracts") were shipped to Ecuador. (Compl. ¶¶ 54-55).

4. CELEC discovered the alleged defective products delivered under the Quevedo and Salitral Contracts in Ecuador. (Compl. ¶¶ 58-60).

All these factual allegations by CELEC suggest that any injury CELEC claims to have suffered was suffered in Ecuador, not the United States. *Worldspan Marine Inc. v. Comerica Bank,* No. 18-21924-CIV, 2020 WL 1238732, at *7 (S.D. Fla. Feb. 27, 2020). The Contracts at issue in this case are governed by Ecuadorian law and subject to Ecuadorian government contracting rules and regulations. CELEC has not alleged a domestic injury to its business or property and, therefore, cannot sustain its claims in Counts I and II.

## V.   FOURTH AFFIRMATIVE DEFENSE

Astrobryxa did not forge any documents submitted to CELEC. If any documents were forged, which allegation Astrobryxa denies, they were prepared, approved, and submitted by Progen or persons or entities not affiliated with, or under the control of, Astrobryxa.

## VI.    FIFTH AFFIRMATIVE DEFENSE

CELEC's conversion claim fails because CELEC bases its conversion claim on a general obligation to pay money. Florida courts have consistently held that a claim for conversion cannot be based on a general obligation to pay money or a breach of contract. Money is only capable of being converted if it is a specific fund capable of separate identification, such as money delivered at one time, by one act, and in one mass, or where the deposit is special and the identical money is to be kept for the party making the deposit. *Futch v. Head*, 511 So. 2d 314, 320 (Fla. 1st DCA 1987).

## VII.    SIXTH AFFIRMATIVE DEFENSE

Any money damages found to be due to CELEC should be reduced or offset in the amount of any money or other compensation CELEC has received or will receive from Seguros Confianza S.A., who reimbursed CELEC for the amounts it is now claiming in this lawsuit.

## VIII.    SEVENTH AFFIRMATIVE DEFENSE

CELEC'S claims are barred in whole or in part by CELEC's failure to mitigate its damages.

## IX.    EIGHTH AFFIRMATIVE DEFENSE

CELEC's claims are barred in whole or in part by the doctrine of unclean hands. CELEC actively sabotaged the projects by, among other things, conspiring with Progen to lure Astrobryxa into working on the projects and multiple changes in personnel, including three different CEOs, three Contract Administrators, and three Ministers of Energy, during the relevant period. Each transition caused delays while new CELEC officials and personnel were brought up to speed on the projects. CELEC also imposed various extra-contractual obligations and refused to make required payments timely.

## X.    NINTH AFFIRMATIVE DEFENSE

CELEC's damages were caused, in whole or in part, by the acts or omissions of others for which Astrobryxa has no legal responsibility. Specifically, CELEC's damages were caused by the acts or omissions of Progen or its principals, AP Inspections or its principals, or other persons or entities. CELEC's damages were also caused by the acts and omissions of CELEC's own employees, executives, and agents, including without limitation its and their interference with and delay in completing the projects.

## XI.    TENTH AFFIRMATIVE DEFENSE

CELEC's claims are barred in whole or in part because Ecuadorian law applies to the parties' relationship.

## RESERVATION OF RIGHTS

Astrobryxa reserves the right to raise additional defenses as they become known through discovery.

## PRAYER FOR RELIEF

WHEREFORE, Astrobryxa respectfully requests that the Court enter judgment in its favor, dismiss Plaintiff CELEC EP's ("CELEC" or "Plaintiff") Complaint and Demand for Jury Trial with prejudice, and award Astrobryxa its costs and any other relief the Court deems just and proper.

**Dated: February 26, 2026**          Respectfully submitted,

                                     GATEWAY LITIGATION PLLC
333 SE 2nd Avenue, Suite 2000
Miami, Florida 33131
T: (786) 432-7717

By:    */s/*_____
          **Fernando J. Alvarez-Perez**[1]
          Florida Bar No. 114186
          fernando.ap@gatewaylit.com

          *-and-*

          FERGUSON BRASWELL FRASER KUBASTA PC
3200 Southwest Freeway, Suite 3200
Houston, Texas 77027
T: (713) 403-4200
F: (713) 403-4201

By:    */s/    Enrique A. Jaramillo Vargas*
          **Enrique A. Jaramillo Vargas**
          Texas Bar No. 24132917
          *Admitted Pro Hac Vice*
          ejaramillo@fbfk.law
          **Kenneth H. Holt**
          Texas Bar No. 00793012
          *Admitted Pro Hac Vice*
          kholt@fbfk.law
          *Attorneys for Defendant Astrobryxa, S.A.*

---

[1] The undersigned pro hac vice counsel states that Florida attorney of record, Mr. Fernando Alvarez-Perez, is currently incapacitated due to a stroke that temporarily prevents him from reviewing and signing this motion. Therefore, the undersigned pro hac vice counsel is signing this motion under this exceptional circumstance to ensure compliance with procedural requirements.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 26, 2026, a true and correct copy of the foregoing Answer was served on all parties of record, via the Court's CM/ECF system.

**Courtney M. Keller**
kellerc@gtlaw.com
**Meredith P. Yates**
meredith.yates@gtlaw.com
GREENBERG TRAURIG, P.A.
450 South Orange Avenue, Suite 650
Orlando, Florida 32801
T: (407) 420-1000
F: (407) 420-5909

**Daniel Pulecio-Boek**
pulecioboekd@gtlaw.com
*Admitted Pro Hac Vice*
**Michael A. Pusateri**
pusaterim@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, LLP
2101 L Street, N.W., Suite 1000
Washington, D.C. 20037
T: (202) 331-3117
        *Attorneys for Plaintiff CELEC EP*

**Adolfo E. Jimenez**
adolfo.jimenez@hklaw.com
HOLLAND & KNIGHT LLP
701 Brickell Avenue, Suite 3300
Miami, Florida 33131
T: (305) 374-8500
F: (305) 789-7799

**Jason H. Baruch**
jason.baruch@hklaw.com
**Allison M. Powers**
allison.powers@hklaw.com
**Anne Colbert**
anne.colbert@hklaw.com
**Michael S. Wyse**
michael.wyse@hklaw.com
HOLLAND & KNIGHT LLP
100 N. Tampa Street, Suite 4100
Tampa, Florida 33602

T: (813) 227-8500
F: (813) 229-0134

*Attorneys for Defendants Progen Industries, LLC; Genertek Power Corp.; Genertek Power Industries, LLC; John B. Manning; W. Wade Manning; and Andrew S. Williamson*

By:    */s/    Enrique A. Jaramillo Vargas*
       **Enrique A. Jaramillo Vargas**