# THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

CELEC EP,

        Plaintiff,

v.

PROGEN INDUSTRIES, LLC; GENERTEK POWER CORP.; GENERTEK POWER INDUSTRIES, LLC; JOHN B. MANNING; W. WADE MANNING; ANDREW S. WILLIAMSON; ASTROBRYXA, S.A.; AP INSPECTIONS LATINOAMERICA, S.A.; A.P. INSPECTIONS LLC; and DOES 1-99,

        Defendants.

Case No. 8:25-cv-03433

Judge Jung

## PLAINTIFF CELEC EP'S ANSWER AND
## <u>AFFIRMATIVE DEFENSES TO COUNTERCLAIM</u>

Plaintiff, CELEC EP, by and through its undersigned counsel hereby files its Answer and Affirmative Defenses in response to the Counterclaim (DE 58) filed by Defendants Progen Industries, LLC ("Progen"), Genertek Power Corp., Genertek Power Industries, LLC, John B. Manning, W. Wade Manning, and Andrew S. Williamson (collectively, the "Progen Defendants") on February 23, 2026 and states as follows:

## **INTRODUCTION**

No Answer required, but to the extent one is required, CELEC generally denies the allegations.

## **PARTIES, JURISDICTION, AND VENUE**

1.      Admitted.

2.      Admitted.

3.      Admitted.

4.      Admitted that Progen is a Delaware limited liability company that is registered to do business in Florida and that the address of its principal place of business is in Mulberry, Florida.  Admitted that Andrew S. Williamson is a member of Progen.  Otherwise, without knowledge, and therefore denied.

5.      Admitted that CELEC is a public company in Ecuador and that it had contracts with Progen.  Otherwise, denied.

6.      Denied.

7.      Without knowledge, therefore denied.

## **FACTUAL BACKGROUND**

### Progen Is Approached to Provide Equipment and Infrastructure to the Ecuadorian Government

8.      Without knowledge, therefore denied.

9.      Without knowledge, therefore denied.

10.      Without knowledge, therefore denied.

11.  Without knowledge, therefore denied.

12.  Without knowledge, therefore denied.

13.  Admitted that Progen expressed interest in Contracts at issue in this litigation.  Otherwise, denied.

14.  Without knowledge, therefore denied.

15.  Without knowledge, therefore denied.

16.  Without knowledge, therefore denied.

17.  Without knowledge, therefore denied.

18.  Without knowledge, therefore denied.

19.  Without knowledge, therefore denied.

20.  Without knowledge, therefore denied.

21.  Without knowledge, therefore denied.

22.  Without knowledge, therefore denied.

23.  Without knowledge, therefore denied.

24.  Without knowledge, therefore denied.

25.  Admitted that Progen submitted a bid for the Salitral Contract on June 25, 2024.  Otherwise, without knowledge, therefore denied.

26.  Admitted that Progen submitted a bid for the Quevedo Contract on July 9, 2024.  Otherwise, without knowledge, therefore denied.

27.     Admitted that forged and falsified documents were submitted with Progen's bids to CELEC for the Contracts. Otherwise, without knowledge, therefore denied.

28.     Admitted that CELEC award both the Quevedo Contract and Salitral Contract to Progen on August 2, 2024. Also admitted that Exhibit A appears to be a copy of the Quevedo Contract and Exhibit B appears to be a copy of the Salitral Contract. However, CELEC maintains that accurate copies of the Quevedo Contract and Salitral Contract are attached to its Complaint as Exhibits B and E, respectively, and to the extent any discrepancies exist between the copies provided by CELEC and the copies provided by Progen, CELEC submits that the copies it submitted with its Complaint are the true and accurate copies. Furthermore, to the extent there are differences in the English translations provided by CELEC and Progen, CELEC submits that the translations it provided are the true and accurate translations, and CELEC generally denies that Progen's translation is accurate or controlling.

29.     Admitted that the Contracts speak for themselves. Otherwise denied. Specially denied is any implication that the Contracts did not require the generators to be factory new.

30.     Denied.

31.     Admitted that the Quevedo Contract speaks for itself. Otherwise denied.

32. Admitted that the Quevedo Contract speaks for itself. Otherwise denied.

33. Admitted that the Quevedo Contract speaks for itself. Otherwise denied.

34. Denied.

35. Denied.

36. Admitted.

37. Admitted that the Salitral Contract speaks for itself. Otherwise denied.

38. Admitted that the Salitral Contract speaks for itself. Otherwise denied.

39. Admitted that the Salitral Contract speaks for itself. Otherwise denied.

40. Denied.

41. Denied.

42. Admitted.

<u>Progen and CELEC Enter into the Contracts</u>

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49.     Admitted that the Contracts speak for themselves.  Otherwise denied.

50.     Admitted that the Contracts speak for themselves.  Otherwise denied.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Without knowledge, therefore denied.

55.     Without knowledge, therefore denied.

56.     Without knowledge, therefore denied.

57.     Without knowledge, therefore denied.

58.     Without knowledge, therefore denied.

59.     Denied.

60.     Without knowledge, therefore denied.

61.     Without knowledge, therefore denied.

62.     Denied.

63.     Without knowledge, therefore denied.

64.     Without knowledge, therefore denied.

65.     Without knowledge, therefore denied.

66.     Without knowledge, therefore denied.

67.     Without knowledge, therefore denied.

68.     Denied.

69.     Denied.

70.     Denied.

71.     Admitted that Ecuador was experiencing a national energy crisis. Denied that Progen was without knowledge of this national energy crisis at the time it entered the Contracts.  Otherwise, denied.

72.     Admitted that the Country of Ecuador had an interest in addressing its national energy crisis.  Otherwise, denied.

73.     Denied.

74.     Denied.

75.     Denied.

76.     Denied.

77.     Denied.

78.     Denied.

79.     Denied.

80.     Denied.

81.     Denied.

82.     Denied.

83.     Admitted that the Contracts speak for themselves.  Otherwise denied.

84.     Denied.

85.     Denied.

86. Denied.

87. Denied.

## COUNT I
## BREACH OF QUEVEDO CONTRACT

88. CELEC reincorporates and re-alleges its Answers to Paragraph 1 through 87 as if fully set forth herein.

89. Denied.

90. Denied.

91. Denied.

## COUNT II
## BREACH OF SALITRAL CONTRACT

92. CELEC reincorporates and re-alleges its Answers to Paragraph 1 through 87 as if fully set forth herein.

93. Denied.

94. Denied.

95. Denied.

## COUNT III
## FRAUD IN THE INDUCEMENT

96. CELEC reincorporates and re-alleges its Answers to Paragraph 1 through 87 as if fully set forth herein.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. Without knowledge, therefore denied.

105. Admitted CELEC was aware of the energy crisis. Otherwise denied.

106. Denied.

107. Admitted that the Country of Ecuador had an interest in addressing its national energy crisis. Otherwise denied.

108. Denied.

109. Denied.

110. Admitted that CELEC knew Progen was an American company. Otherwise denied.

111. Denied.

112. Denied.

113. Denied.

114. Denied.

115. Denied.

116. Denied.

117. Denied.

## GENERAL DENIAL

CELEC denies each and every allegation not expressly admitted above and hereby asserts the following affirmative defenses to the Complaint:

## FIRST AFFIRMATIVE DEFENSE

Progen's claims are barred, in whole or in part, because Progen failed to satisfy conditions precedent to bringing its claim(s).

## SECOND AFFIRMATIVE DEFENSE

Progen's claim(s) are barred, in whole or in part, by virtue of Progen's prior breach(es) of the Quevedo Contract and/or Salitral Contract, and/or the duty of good faith and fair dealing associated therewith.

## THIRD AFFIRMATIVE DEFENSE

Progen's claims are barred, in whole or in part, because Progen failed to mitigate its damages.

## FOURTH AFFIRMATIVE DEFENSE

Progen's claims are barred, in whole or in part, because Progen consented to, or otherwise agreed to, CELEC's right to terminate the contracts pursuant to their express terms. Further, the contracts have ended, and their termination is equivalent to *res judicata* and Progen is otherwise forbidden from seeking any relief relating to them.

## FIFTH AFFIRMATIVE DEFENSE

Some or all of Progen's claims are barred, in whole or in part, by the doctrine of ratification, as Progen accepted and acquiesced in the actions or decisions of CELEC by continuing performance and/or accepting payments after knowledge of the alleged breaches.

## SIXTH AFFIRMATIVE DEFENSE

Progen's claims are barred, in whole or in part, by the doctrine of waiver, as Progen knowingly and voluntarily relinquished its rights under the contracts by its conduct.

## SEVENTH AFFIRMATIVE DEFENSE

Progen's claims are barred, in whole or in part, because Progen's conduct hindered the CELEC's ability to perform under the Quevedo Contract and/or Salitral Contract.

## EIGHTH AFFIRMATIVE DEFENSE

Progen is barred, in whole or in part, from equitable and legal relief because CELEC was not the proximate cause of Progen's damages (if any). Rather, Progen's damages (if any) were proximately caused by its own conduct, the conduct of others, or forces beyond CELEC's control.

## NINTH AFFIRMATIVE DEFENSE

Progen's claims are barred, in whole or in part, by the doctrine of unclean hands, as Progen has acted inequitably and/or engaged in misconduct, including, but not limited to, submitting or acquiescing in the submission of forged or falsified documents.

## TENTH AFFIRMATIVE DEFENSE

Progen's claims are barred, in whole or in part, by the limitations provided in Salitral Contract and/or Quevedo Contract.

## ELEVENTH AFFIRMATIVE DEFENSE

Some or all of Progen's claims are barred, in whole or in part, on the basis that Progen made false statements or concealed material facts during the bidding or performance of the contract(s), vitiating any claim for breach or fraud by CELEC.

## TWELFTH AFFIRMATIVE DEFENSE

Progen's claims are barred, in whole or in part, by the doctrine of acquiescence, as Progen's conduct constitutes an express or implied approval of CELEC's actions, thereby barring or limiting recovery.

## THIRTEENTH AFFIRMATIVE DEFENSE

Progen's claims are barred, in whole or in part, by the doctrine of estoppel.

## FOURTEENTH AFFIRMATIVE DEFENSE

Progen's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

## FIFTEENTH AFFIRMATIVE DEFENSE

Progen's claims are barred, in whole or in part, by the doctrine of duress.

## SIXTEENTH AFFIRMATIVE DEFENSE

Progen's claims are barred, in whole or in part, because Progen engaged in fraud or misrepresentation in connection with the contracts

## SEVENTEENTH AFFIRMATIVE DEFENSE

CELEC substantially performed its contractual obligations, and any alleged deviations do not constitute a material breach.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Progen's claims are barred, in whole or in part, due to intervening or superseding causes outside of CELEC's control.

## NINETEENTH AFFIRMATIVE DEFENSE

Progen's claims are barred, in whole or in part, because Progen failed to provide CELEC with notice and/or opportunity to cure any alleged default or breach.

## TWENTIETH AFFIRMATIVE DEFENSE

Progen's claims are barred, in whole or in part, due to Progen's failure to exhaust required dispute resolution procedures.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Progen's claims are barred, in whole or in part, because the contracts were modified, superseded, or discharged by subsequent agreement or conduct.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Progen's tort claim is barred by the independent tort doctrine.  Progen has not alleged, and cannot prove, the commission of any tort that is separate and distinct from the alleged breaches of contract.  As a matter of law, Progen cannot sue in tort to recover for alleged contractual breaches.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Any reliance by Progen was not reasonable or justifiable under the circumstances, including Progen's sophistication, opportunity to investigate, and access to public information.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Any statements made by CELEC were true or substantially accurate at the time made.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Progen's fraud allegations are vague, lack the specificity required for claims of fraud, and fail to meet the heightened pleading standard of Rule 9(b).

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Progen's claims are barred in whole or in part by the doctrine of in pari delicto, meaning Progen is barred from recovery because it participated in or was equally at fault for any alleged wrongful conduct.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Progen suffered no actual damages as a result of any alleged fraudulent inducement.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Progen, after knowledge of the alleged fraud, continued to perform under the contract and/or accepted benefits, thereby ratifying or waiving any claim of fraud.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Progen fails to state any cause of action against CELEC for which relief may be obtained.

### THIRTIETH AFFIRMATIVE DEFENSE

Progen did not suffer any legally cognizable damages that are capable of being recovered against CELEC in this action. And to the extent Progen suffered any harm, such damages are too speculative, conjectural, and uncertain to be recovered against CELEC.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Progen lacks standing to pursue some or all claims.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Some or all of Progen's claims are barred by applicable statutes of limitation or repose.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Any damages owed to Progen must be set off or reduced by amounts Progen owes to CELEC, including but not limited to fines, penalties, or amounts resulting from Progen's delays or nonconforming performance.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

To the extent Progen's own actions or omissions, or the actions or omissions of third parties, contributed to any alleged losses, any recovery by Progen must be reduced or barred by the doctrines of comparative fault, contributory negligence, or allocation of fault.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

CELEC is an instrumentality of a foreign sovereign (the Republic of Ecuador) and is entitled to the protections, immunities, and defenses afforded to foreign states and their instrumentalities under applicable law, including but not limited to the Foreign Sovereign Immunities Act (FSIA), the act of state doctrine, and principles of comity and international law.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

To the extent Progen failed to join indispensable or necessary parties, some or all of Progen's claims are barred.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

To the extent Progen seeks relief beyond what is permitted by law, such relief is barred.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

To the extent Progen's claims seek double recovery for the same injury or damages, such recovery is barred by the one satisfaction rule.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

Progen's claims are barred, in whole or in part, because the contracts at issue are void or voidable due to CELEC having entered into the contracts under duress, undue influence, corruption, or coercion by Progen or its agents.

## FORTIETH AFFIRMATIVE DEFENSE

Progen's claims are barred, in whole or in part, because the contracts are void or voidable due to misrepresentation, non-disclosure, concealment of material facts, or fraud by Progen during contract negotiation, execution, or performance.

## FORTY-FIRST AFFIRMATIVE DEFENSE

Progen's claims are barred, in whole or in part, because CELEC's non-performance, if any, is excused under the doctrines of impossibility, impracticability, frustration of purpose, or other recognized legal excuse for non-performance.

## FORTY-SECOND AFFIRMATIVE DEFENSE

Progen's claims are barred, in whole or in part, by the statute of frauds, to the extent any alleged agreement or contractual obligation was not memorialized in a writing signed by the party to be charged, as required by applicable law.

## FORTY-THIRD AFFIRMATIVE DEFENSE

Progen's claims are barred, in whole or in part, by the parol evidence rule, to the extent Progen seeks to rely on oral statements, representations, or prior or contemporaneous agreements that are inconsistent with, or not contained in, the written contracts at issue.

## RESERVATION OF RIGHTS

Plaintiff, CELEC EP, expressly reserves the right to amend, supplement, or modify its Answer, Affirmative Defenses, and any other responses as may become appropriate, including, but not limited to, asserting additional affirmative defenses or counterclaims as discovery and investigation continue, or as otherwise permitted by the Federal Rules of Civil Procedure or order of this Court. CELEC EP further reserves all rights, defenses, privileges, and immunities available to it under

applicable law, including but not limited to those available under the Foreign Sovereign Immunities Act, the act of state doctrine, and principles of comity and international law.  Nothing in this Answer or the assertion of any defense shall be construed as a waiver of any such rights, defenses, privileges, or immunities.

*　　*　　*

**WHEREFORE**, CELEC demands judgment in favor of CELEC and against Progen, and requests that CELEC be awarded its reasonable attorneys' fees and costs, and any other relief the Court deems just and proper.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 16, 2026, I electronically filed the foregoing **Plaintiff CELEC EP'S Answer and Affirmative Defenses to Counterclaim** through the Court's CM/ECF system which will send an electronic copy to all counsel of record.

By: /s/ *Courtney M. Keller*
Courtney M. Keller, Esquire
Florida Bar No. 28668
Meredith P. Yates, Esquire
Florida Bar No. 1058373

**GREENBERG TRAURIG, P.A.**
450 South Orange Avenue, Suite 650
Orlando, Florida 32801
Telephone: (407) 420-1000
Facsimile: (407) 420-5909
Email:  kellerc@gtlaw.com
Meredith.yates@gtlaw.com
Nef-iws@gtlaw.com
ORLLitDock@gtlaw.com

Daniel Pulecio-Beck, Esquire
(admitted *pro hac vice*)
Michael Pusateri, Esquire
(admitted *pro hac vice*)

**GREENBERG TRAURIG, P.A.**
2101 L Street, N.W., Suite 1000
Washington, D.C. 20037
Telephone: (202) 331-3117
Email:  pulecioboekd@gtlaw.com
pusaterim@gtlaw.com

*Counsel for Plaintiff*