**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CELEC EP,

      Plaintiff,

v.

PROGEN INDUSTRIES, LLC;
GENERTEK POWER CORP.;
GENERTEK POWER INDUSTRIES,
LLC; JOHN B. MANNING; W. WADE
MANNING; ANDREW S.
WILLIAMSON; ASTROBRYXA, S.A.;
AP INSPECTIONS
LATINOAMERICA, S.A.; A.P.
INSPECTIONS LLC; and DOES 1-99,

      Defendants.

_____

Case No. 8:25-cv-3433-WFJ-SPF

PROGEN INDUSTRIES, LLC,

      Counter-Plaintiff,

v.

CELEC EP,

      Counter-Defendant;

_____/

## PROGEN DEFENDANTS' MOTION FOR PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), Defendants Progen Industries, LLC; Genertek Power Corp.; Genertek Power Industries, LLC; John B. Manning; W. Wade Manning; and Andrew S. Williamson (collectively, the "Progen Defendants") move for a protective order regarding two notices of intent to serve subpoenas on non-parties, which seek sweeping, irrelevant financial discovery from third parties.  As set forth more fully below, the subpoenas request financial discovery that is neither proportional to the needs of this case nor appropriately tailored to its subject matter.  The Progen Defendants respectfully request this Court issue a protective order prohibiting enforcement of the two notices of intent to serve subpoenas on non-parties, as well any further attempt by Plaintiff to seek irrelevant financial information from non-parties.

### FACTUAL BACKGROUND

1. As further set forth in the Complaint (Dkt. No. 1) and the Counterclaim (Dkt No. 58), this action arises out of two discrete contracts between Plaintiff CELEC EP ("CELEC" or "Plaintiff") and Defendant Progen Industries, LLC ("Progen"):  (1) the Quevedo Contract, for the supply and installation of 20 power generators, and (2) the Salitral Contract, for the supply and installation of 29 power generators (collectively, the "Contracts"), and the parties' respective obligations and performance under those two contracts.

2. On March 5, 2026, Plaintiff served two notices of intent to serve subpoenas pursuant to Rule 45(a)(4) of the Federal Rules of Civil Procedure on the Progen Defendants. The first notice is directed to the Federal Reserve Bank of New York ("Federal Reserve"), and the second is directed to the Clearing House Payments Company L.L.C. ("CHIPS") (collectively, the "Subpoenas," attached hereto as **Composite Exhibit A**).

3. Each Subpoena commands production of responsive documents by March 23, 2026.

4. Each Subpoena seeks "[d]ocuments sufficient to show wire transfers, SWIFT messages, book transfers or other forms of transferring cash, funds, or securities" that reference any one or more of the following thirteen entities and individuals: Progen Industries, LLC; Genertek Power Corp.; Genertek Power Industries, LLC; John B. Manning; W. Wade Manning; Andrew S. Williamson; Astrobryxa, S.A.; A.P. Inspections Latinoamerica, S.A.; A.P. Inspections, LLC; Karla Saud-Calero; Jose W. Manrique; Pamela Joanna Dillon-Yépez; and Edison Vinicio Izurieta-Sánchez.

5. The Subpoenas impose no meaningful temporal limitation, instead requesting all documents from January 1, 2018, through the present. After conferral, however, Plaintiff has agreed to limit its request in the Subpoenas to January 1, 2024, through the present.

3

6.      Notably, nothing in the Subpoenas limits the requests to transfers, transactions, or funds directly related to the subject matter of this litigation.  Nor do the Subpoenas identify any particular transaction, account, or dollar amount at issue.  Instead, the Subpoenas require the Federal Reserve and CHIPS to search for and produce records of every transfer or transaction that merely references any of the thirteen listed names, regardless of whether such transfer or transaction has any connection whatsoever to the claims or defenses in this case.

7.      Further, on February 13, 2026, Plaintiff served a Notice of Intent to Serve Subpoena on Regions Bank, requesting voluminous financial records relating to the Progen Defendants, including, but not limited to, all account statements, wire transfer records, and loan applications.  A copy of the Regions Bank subpoena is attached hereto as **Exhibit B**.  Therefore, Plaintiff has already requested many of the documents it now seeks in the Subpoenas.

8.      Because the claims and counterclaims in this case are confined to the Contracts and their related transactions, the Subpoenas at issue impermissibly seek broad-based financial discovery into transactions wholly unrelated to the subject matter of this litigation.

## LEGAL STANDARD

A party may move for a protective order to challenge subpoenas which seek irrelevant information.  *See Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 430 (M.D. Fla.) (Glazebrook, M.J.) ("As parties, Defendants

4

clearly have standing to move for a protective order if the subpoenas seek irrelevant information."); *Cluck-U Chicken, Inc. v. Cluck-U, Corp.*, Case No.: 8:15-CV-2274, 2017 WL 10275958, at *2 (M.D. Fla. Jan. 3, 2017). Under Rule 26(c), "the court where the action is pending … may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Further, even if a discovery request seeks only relevant information, the court must protect parties or persons from any "unreasonably cumulative or duplicative" request or any request for documents obtainable "from some other source that is more convenient, less burdensome, or less expensive." Rule 26(b)(2)(C)(i); *See Mchale v. Crown Equipment Corporation*, Case No. 8:19-cv-707, 2020 WL 8224617 at *1 (M.D. Fla. Aug. 1, 2020) (Flynn, M.J.) ("[A]lthough broad, the scope of discovery is not without limits."). Requested discovery of documents unrelated and irrelevant to the claims or defenses warrants a protective order. *Mchale*, 2020 WL 8224617 at *2. Even discovery of a document, especially a financial document, relevant only to the execution of a requested but presently notional, non-existent, and not guaranteed judgment is improper "prior to the entry of judgment." *Auto-Owners Ins. Co.*, 231 F.R.D. at 430. A motion for protective order is timely if it is filed before "the date the discovery material was to be produced." *Grethaka Solutions OÜ v. Click Labs, Inc.*, Case No. 8:22-cv-1341, 2023 WL 2681907 at *3 (M.D. Fla.

Feb. 14, 2023) (Flynn, M.J.).  Here, the Subpoenas command production by March 23, 2026, and this motion is filed in advance of that deadline.

## ARGUMENT

Each Subpoena exceeds the bounds of permissible discovery under Rule 26. First, the Subpoenas are untailored to the subject matter of this litigation, seeking sweeping financial records that bear no relevance to the claims or defenses at issue. Second, the information sought (to the extent any of it is relevant) is more conveniently and less intrusively obtainable from the Progen Defendants themselves, and has already been requested by Plaintiff in another subpoena.

### I.    The Subpoenas Seek Irrelevant Information and Are Not Proportional to the Needs of the Case.

Each subpoena exceeds the bounds of Rule 26 by seeking irrelevant information that is not proportional to the needs of this case.  The core of this litigation involves the Contracts, both signed on August 2, 2024.  (Dkt. No. 1, ¶¶ 26, 35).  The Progen Defendants have already admitted the relevant wire transfers under the Contracts:  CELEC paid $37,790,000 under the Quevedo Contract through five wire transfers from January to March 2025, and $69,580,000 under the Salitral Contract on September 30, 2024, all to Progen's Regions Bank account. (*See* Dkt. No. 58 at ¶¶ 29, 37, 49, 52, 72(vii), 72(viii), and 82(vii)).  Because the amounts and routing of the actual payments under the Contracts are undisputed, seeking records from the Federal Reserve and CHIPS for those same transactions

is duplicative and unnecessary. *See Oasis Capital, LLC v. Nason, Yeager, Gerson, Harris & Fumero, P.A.*, Case No. 22-CV-81913, 2024 WL 1934597, at \*4 (S.D. Fla. Apr. 3, 2024) (finding documents that were not relevant, could be obtained from other sources, or not proportional to the needs of the case did not need to be produced under Rule 26). In addition, CELEC makes no allegation that it transferred money to any defendant besides Progen. Accordingly, the Subpoenas' requests for financial records of Genertek Power Corp., Genertek Power Industries, LLC, John B. Manning, W. Wade Manning, and Andrew S. Williamson—none of whom are alleged to have received funds directly from CELEC—are overbroad, unduly burdensome, and not proportional to the needs of this litigation. *See Continuum on South Beach Condo. v. QBE Ins. Corp.*, 338 F.R.D. 668, 670-71 (S.D. Fla. 2021) (granting motion for protective order where the subpoenas were "overbroad and bear little to no relevance to Plaintiff's claim or Defendant's available defenses.").

Additionally, the sheer breadth of the requests (all wire transfers, SWIFT messages, book transfers, or other forms of transferring cash, funds, or securities involving any of thirteen different entities over eight years) demonstrates that CELEC is seeking to conduct a wide-ranging investigation into the Progen Defendants' finances, business relationships, and operations far beyond the scope of the Contracts. This is not proportional to the needs of a case centered on two specific transitions. *See Mchale*, 2020 WL 8224617, at \*2 (granting protective

order because the documents sought in third-party subpoenas were "not related to Plaintiffs' claims or defenses and do not meet Rule 26(b)(1)'s relevancy requirements.").

Finally, the Subpoenas amount to nothing more than an impermissible fishing expedition into the Progen Defendants' finances. The requests are not tied to any specific claim or defense in this litigation; rather, they seek to cast the widest possible net in the hope of uncovering information that might prove useful at some later stage.  Courts routinely reject such efforts.  *See e.g.*, *Fox v. Kae Erie College of Osteopathic Medicine, Inc.*, Case No. 8:19-cv-2795, 2020 WL 7054554, at *2 (M.D. Fla. Dec. 2, 2020) (granting motion for protective order that sought non-relevant information that appeared "to be an impermissible fishing expedition"); *Future Metals LLC v. Ruggerio*, Case No. 21-CIV-60114, 2021 WL 1920396 (S.D. Fla. May 12, 2021) ("Although the scope of discovery is broad, it is not without limits. Courts should not grant discovery requests based on pure speculation that amount to nothing more than a 'fishing expedition' into actions ... not related to the alleged claims or defenses." (internal quotations omitted)).  For these reasons, the Court should grant the Progen Defendants' motion for protective order and quash the Subpoenas.

## II. The Subpoenas Seek Information More Readily Available from the Progen Defendants Themselves.

Even if any portion of the information sought by the Subpoenas is deemed

relevant (it is not), the Subpoenas should still be quashed because the information is more conveniently and less intrusively obtained from the Progen Defendants themselves. Rule 26(b)(2)(C)(i) directs courts to limit discovery that "can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). Consistent with this principle, courts grant protective orders when a party seeks information from a non-party that could readily be obtained from an opposing party. *See Meide v. Pulse Evolution Corp.*, 2019 WL 1518959, at *7 (M.D. Fla.) (Apr. 8, 2019) (Richardson, M.J.) (issuing a protective order because "it is unclear why Plaintiff is attempting to obtain any information . . . from the shareholders, when he can potentially obtain such information directly from the [Defendant]."). Moreover, Plaintiff has already sought financial records from the Progen Defendants' bank by issuing a non-party subpoena to Regions Bank in February 2026. (*See* Ex. B). To the extent Plaintiff seeks wire transfer records relating to the Contracts, it is already pursuing that information through the Regions Bank subpoena, rendering the Federal Reserve and CHIPS Subpoenas duplicative and unnecessarily burdensome on non-parties. For this additional and independent reason, the Court should grant the Progen Defendants' motion for protective order.

## CONCLUSION

For the reasons above, the Progen Defendants request a protective order prohibiting enforcement of the prospective Subpoenas, which comprise requests

for irrelevant, unnecessary, and burdensome information, as well as any additional attempts by Plaintiff to seek irrelevant financial information from third parties or outside the relevant period of this case, as set forth above.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), the Progen Defendants' counsel conferred with Plaintiff's counsel on March 20, 2026, via Zoom, and Plaintiff's counsel opposes the relief sought herein.

Dated: March 20, 2026

Respectfully submitted,

*/s/ Allison Powers*
Adolfo E. Jiménez
Florida Bar No. 869295
Email: Adolfo.Jimenez@hklaw.com
HOLLAND & KNIGHT LLP
701 Brickell Avenue, Suite 3300
Miami, Florida 33131
Telephone: (305) 374-8500
Facsimile: (305) 789-7799

and

Jason H. Baruch
Florida Bar No. 10280
Jason.baruch@hklaw.com
Anne Colbert
Florida Bar No. 1026226
anne.colbert@hklaw.com
Allison M. Powers
Florida Bar No. 1025549
allison.powers@hklaw.com
HOLLAND & KNIGHT LLP
100 N. Tampa Street, Suite 4100

10

Tampa, FL 33602
Telephone: (813) 227-8500
Facsimile: (813) 229-0134 (fax)

*Attorneys for Defendants Progen Industries, LLC; Genertek Power Corp.; Genertek Power Industries, LLC; John B. Manning; W. Wade Manning; and Andrew S. Williamson*

#534611582_v1