## THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

CELEC EP,

        Plaintiff,

v.

PROGEN INDUSTRIES, LLC; GENERTEK POWER CORP.; GENERTEK POWER INDUSTRIES, LLC; JOHN B. MANNING; W. WADE MANNING; ANDREW S. WILLIAMSON; ASTROBRYXA, S.A.; AP INSPECTIONS LATINOAMERICA, S.A.; A.P. INSPECTIONS LLC; and DOES 1-99,

        Defendants.

Case No. 8:25-cv-03433

Judge Jung

## PLAINTIFF CELEC'S MOTION
## FOR LEAVE TO FILE AMENDED COMPLAINT

Plaintiff CELEC EP ("CELEC"), by and through undersigned counsel, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 15(a)(2) and the Court's Scheduling Order [D.E. 54 (allowing parties to seek leave up to and including May 6, 2026)] for leave to file an Amended Complaint, and in support states as follows:

1. This is a straightforward request to amend the Complaint in accordance with the Court's own Scheduling Order deadline [D.E. 54].

2. CELEC seeks: (a) to add four defendants against whom it intends to assert a fraudulent transfer claim under Fla. Stat. § 726 (which this Court may properly exercise its supplemental jurisdiction over, *see* 28 U.S.C. § 1367)—H&S Industry, LLC, Two Lions Holdings, LLC, AOT Holdings AG, and Gestores Inmobiliarios

Lightblue, S.A.; (b) to add Astrobryxa, LLC as a defendant against whom all claims currently asserted against Astrobryxa, S.A. will also be asserted; and (c) to add allegations and evidence obtained from Apollo Electric.  A copy of the proposed Amended Complaint is attached to this Motion as Exhibit A, and a redline of the Initial vs. Amended Complaint is attached as Exhibit B.

3.    Leave to amend should be freely granted.  *See* Fed. R. Civ. P. 15(a)(2) (explaining courts "should freely give leave [to amend] when justice so requires."); *see also Lovette v. Happy Hooker II*, 2005 WL 8159475, at *1 (M.D. Fla. Oct. 26, 2005) ("[T]imely motions for leave to amend are held to a very liberal standard and leave to amend should be freely given when justice so requires."), citing *Senger Brothers Nursery, Inc. v. E.I. Dupont De Nemours & Company*, 184 F.R.D. 674, 678 (M.D. Fla 1999).  The policy underlying Rule 15 strongly favors allowing amendment.  *See Borden, Inc. v. Fla. E. Coast Ry. Co.*, 772 F.2d 750, 757 (11th Cir. 1985) ("There is a strong policy embodied in the Federal Rules of Civil Procedure, and Rule 15 particularly, favoring the liberality of amendment.")  And case law interpreting the Rule—from the United States Supreme Court all the way down to the district courts, including this one—reflects the same.  *See, e.g.*, *Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'"); *Nat'l Indep. Theatre Exhibitors, Inc. v. Charter Fin. Grp., Inc.*, 747 F.2d

1396, 1404 (11th Cir. 1984) (same); *Comcar Indus., Inc. v. DBG Benefit Sols., Inc.*, No. 8:09-CV-18-T-26EAJ, 2009 WL 10670831, at *1 (M.D. Fla. Nov. 2, 2009) ("The language of Rule 15 evinces a bias in favor of granting leave to amend.").

4.      Here, there is no basis to deny CELEC's request.

5.      First, CELEC's request is timely.  CELEC filed its initial Complaint on December 15, 2025 [D.E. 1].  The Court entered its Scheduling Order on February 19, 2026 [D.E. 54], which set May 6, 2026, as the deadline for seeking leave to amend the pleadings.  This Motion is filed on or before that deadline.  And it is CELEC's first request to amend the pleadings.

6.      Second, CELEC's request is not the result of any bad faith or undue delay.  CELEC is seeking leave to amend promptly upon obtaining and reviewing information received via third-party discovery that gives rise to the proposed amendments.  There has been no undue delay and no dilatory motive.  Indeed, the proposed amendments are being sought at the earliest practicable time—within the deadline established by the Court's own Scheduling Order [D.E. 54]—and before a *single* Defendant has produced a *single* document in response to CELEC's outstanding discovery requests.  Production, which—as will be discussed in CELEC's forthcoming response to the Progen Defendants' recent Motion for a Protective [D.E. 97]—is *long* overdue.  Indeed, if such a production had been timely made by Defendants, an amendment could have been sought even sooner.  Alas, it is being sought now—within the deadline contemplated by the Court's Scheduling Order [D.E. 54].

7.    <u>Third</u>, no Defendant will suffer undue prejudice as a result of CELEC's proposed amendment.  This case is in its infancy.  As stated above, Defendants have not yet produced any documents in response to CELEC's discovery requests.  As CELEC's forthcoming response to D.E. 97 will highlight, certain Progen Defendants have agreed to produce documents, but have, to-date, produced none.  And Defendant Astrobryxa has outrightly refused to respond to discovery and is attempting to stall discovery against it entirely, *see* D.E. 73, while this Court considers Astrobryxa's frivolous motion to compel arbitration [D.E. 78].

8.    Both CELEC and the Progen Defendants have opposed both of these unmerited requests by Astrobryxa, *see* D.E. 76, 80, 91, 92, 100, and hearings on both of Astrobryxa's motions, as well as motions lodged by the Progen Defendants against CELEC's third-party discovery requests (i.e., D.E. 67 & D.E. 97), have been set before this honorable Court on May 7, 2026 and May 15, 2026. *See* D.E. 95, 98, 102.  As these disputed motions and forthcoming hearings demonstrate, the parties are still very much in the initial phases of discovery.  Only the limited exchange of information has occurred.  Thus, no prejudice will occur, and amendment should be freely given.  *See, e.g.*, *Tran v. Nomad Grp. LLC*, No. 8:20-CV-1945-CEH-SPF, 2021 WL 1530762, at *1 (M.D. Fla. Apr. 19, 2021) ("This is Plaintiff's first request to amend.  The case is in the early stages of discovery. The deadline for amending pleadings has not expired. Rule 15 dictates that leave to amend should be freely given.  Accordingly, Plaintiff's Motion to Amend is due to be granted.").  Furthermore, the filing of Plaintiff's Amended Complaint may actually moot several arguments raised in the currently-

pending discovery motions (e.g., some challenged non-party subpoenas are actually aimed at entities who will be added as party defendants in the Amended Complaint).

9.      Moreover, CELEC is not alone in contemplating amendments to the pleadings.  Defendant Astrobryxa apparently likewise intends to seek leave to amend its own pleading.  *See* D.E. 103 at ¶¶ 20, 22 (discussing amending); *see also* D.E. 73 at 10 (discussing amending); D.E. 86 at 7–8 (same).

10.     <u>Fourth</u>, the proposed amendments will not require modification of any existing case deadlines.  All deadlines set forth in the Court's Scheduling Order [D.E. 54] remain workable.  This Motion is filed within the Court's established deadline for seeking leave to amend, and CELEC does not anticipate that the addition of the proposed defendants or claims will require any extension of the remaining deadlines in this matter.[1]

WHEREFORE, for the reasons set forth herein, CELEC respectfully requests that the Court enter an Order granting CELEC permission to file the Amended Complaint attached to this Motion as <u>Exhibit A</u>, and enter such other relief as may be just and necessary under the circumstances.

---

[1] If, however, the current schedule does at some later point become untenable due to the addition of the new defendants, the Court's schedule and any corresponding adjustment(s) should be addressed *at that time* rather than preemptively based on hypothetical concerns.  CELEC remains open to good faith conferral regarding the case management schedule should the amended pleadings actually result in a tangible impact on the planned timeline of this litigation.

CELEC further reserves the right to seek leave for further amendment based upon information that may be disclosed in Defendants' long overdue discovery responses.

## LOCAL RULE 3.01(g) CERTIFICATION

Counsel for CELEC conferred with counsel for Astrobryxa, S.A. and the Progen Defendants by conference call on May 6, 2026. Both oppose the relief requested herein.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 6, 2026, I electronically served **Plaintiff CELEC's Motion For Leave To File Amended Complaint** on all counsel of record.

By: /s/ *Courtney M. Keller*
  Courtney M. Keller, Esquire
  Florida Bar No. 28668
  Meredith P. Yates, Esquire
  Florida Bar No. 1058373

  **GREENBERG TRAURIG, P.A.**
  450 South Orange Avenue, Suite 650
  Orlando, Florida 32801
  Telephone: (407) 420-1000
  Facsimile: (407) 420-5909
  Email: kellerc@gtlaw.com
     Meredith.yates@gtlaw.com
     Nef-iws@gtlaw.com
     ORLLitDock@gtlaw.com

  Daniel Pulecio-Boek, Esquire
  (admitted *pro hac vice*)
  Michael Pusateri, Esquire
  (admitted *pro hac vice*)

  **GREENBERG TRAURIG, P.A.**
  2101 L Street, N.W., Suite 1000
  Washington, D.C. 20037
  Telephone: (202) 331-3117
  Email: pulecioboekd@gtlaw.com
     pusaterim@gtlaw.com
  *Counsel for Plaintiff*

6