# EXHIBIT 3

*Attorney-Client Work Product*
*Privileged & Confidential*

June 12, 2026

To: Gabriel Secaira, Andrea Aguilar, and Veronica Alcivar of CELEC
From: Daniel Pulecio-Bock of Greenberg Traurig
**Re: Financial Tracing Strategy**

This memorandum sets forth the financial tracing strategy that Greenberg Traurig is executing on behalf of Corporación Eléctrica del Ecuador ("CELEC") in the litigation pending in the United States District Court against Progen Industries LLC, its affiliated entities, and the individual and corporate defendants alleged to have participated in the diversion and laundering of institutional funds paid by CELEC (the "Action"). The Action asserts, among other claims, civil violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968, and common law causes of action sounding in fraud, civil conspiracy, conversion, and unjust enrichment.

The federal claims pleaded—and in particular the RICO predicate acts of wire fraud, money laundering, and engagement in monetary transactions in property derived from specified unlawful activity—provide our team with the full procedural arsenal of the Federal Rules of Civil Procedure to conduct broad, fund-by-fund tracing of the monies paid by CELEC to Progen. Specifically, Rules 26, 34, and 45 authorize CELEC to compel production of records from parties and non-parties alike, including banking institutions, suppliers, downstream payees, escrow agents, professional service providers, and individual recipients believed to have received, transmitted, or benefitted from misappropriated funds. Federal courts have repeatedly recognized that, where (as here) a plaintiff pleads a RICO enterprise and a fraudulent scheme involving the movement of funds through multiple accounts and intermediaries, the discovery of complete banking and transactional records of both defendants and third-party recipients constitutes essential, proportional, and legally protected evidentiary development necessary to (i) prove the existence and structure of the enterprise, (ii) establish the pattern of racketeering activity, (iii) trace the proceeds to their ultimate destinations, and (iv) support remedies including disgorgement, constructive trust, and treble damages.

Consistent with that strategy, our team has, to date, served forty-one (41) third-party subpoenas and seven (7) sets of Requests for Production on party defendants. The records obtained have permitted us to identify principal downstream recipients of the funds Progen received from CELEC, the secondary recipients of the funds Astrobryxa received from Progen, and a preliminary inventory of identifiable real property assets held by certain Defendants.

This memorandum summarizes (i) the discovery and subpoena program executed to date, (ii) the principal recipients of funds traced thus far, (iii) identifiable real property assets, and (iv) the next phases of tracing, including additional subpoena targets, anticipated motion practice, and the limitations bearing on ultimate recovery of the approximately $110 million owed to CELEC.

*Attorney-Client Work Product*
*Privileged & Confidential*

cooperation of foreign financial institutions and judicial authorities, and may require parallel proceedings or recognition of a U.S. judgment abroad. These processes are time-consuming, expensive, and uncertain in outcome.

- **Dissipation Through Consumption and Layering.** Significant portions of the traced funds appear to have been consumed (credit card payments, payroll, ATM withdrawals, consumer purchases) or layered through multiple individual and entity accounts in ways that may render them non-recoverable as a practical matter.

- **Non-Responsive and Outstanding Subpoenas.** A substantial number of subpoenaed third parties have not yet responded, and certain anticipated productions may be subject to objections or motion practice that will delay or limit available evidence.

- **Solvency of Defendants.** Even assuming a favorable judgment, the ultimate recovery will depend on the solvency and asset positions of the Defendants. The identifiable real property holdings sampled in Section III ($7.25 million), while material, fall well short of CELEC's total damages, and additional asset discovery will be necessary to assess realistic recovery scenarios.

Notwithstanding these limitations, the legal framework provided by the RICO and fraud claims—and the broad discovery tools available in federal court—give CELEC the strongest available platform on which to construct a comprehensive evidentiary record of the alleged conspiracy, the structure of the enterprise, the pattern of racketeering activity, and the final destination of the institutional funds.



2



identifiable downstream recipients, (iii) id
acts under 18 U.S.C. §§ 1956 and 1957, a

4. **Asset Identification and Preservation.**
properties held through nominee entities,
injunction, lis pendens, constructive trust

==**Limitations and Likelihood of Recovery.**== Wh
federal RICO and fraud claims pleaded, several
million owed to CELEC:

- **International Dissipation.** A material p
  Ecuador, China, Mexico, and Switzerlan



*Attorney-Client Work Product*
*Privileged & Confidential*

June 12, 2026

To: Gabriel Secaira, Andrea Aguilar, and Veronica Alcivar of CELEC
From: Daniel Puleoso-Bock of Greenberg Traurig
Re: Financial Tracing Strategy

This memorandum sets forth the financial tracing strategy that Greenberg Traurig is executing on behalf of Corporación Eléctrica del Ecuador ("CELEC") in the litigation pending in the United States District Court against Progen Industries LLC, its affiliated entities, and the individual and corporate defendants alleged to have participated in the diversion and laundering of institutional funds paid by CELEC (the "Action"). The Action asserts, among other claims, civil violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968, and common law causes of action sounding in fraud, civil conspiracy, conversion, and unjust enrichment.

The federal claims pleaded—and in particular the RICO predicate acts of wire fraud, money laundering, and engagement in monetary transactions in property derived from specified unlawful activity—provide our team with the full procedural arsenal of the Federal Rules of Civil Procedure to conduct broad, fund-by-fund tracing of the monies paid by CELEC to Progen. Specifically, Rules 26, 34, and 45 authorize CELEC to compel production of records from parties and non-parties alike, including banking institutions, suppliers, downstream payees, escrow agents, professional service providers, and individual recipients believed to have received, transmitted, or benefitted from misappropriated funds. Federal courts have repeatedly recognized that, where (as here) a plaintiff pleads a RICO enterprise and a fraudulent scheme involving the movement of funds through multiple accounts and intermediaries, the discovery of complete banking and transactional records of both defendants and third-party recipients constitutes essential, proportional, and legally protected evidentiary development necessary to (i) prove the existence and structure of the enterprise, (ii) establish the pattern of racketeering activity, (iii) trace the proceeds to their ultimate destinations, and (iv) support remedies including disgorgement, constructive trust, and treble damages.

Consistent with that strategy, our team has, to date, served forty-one (41) third-party subpoenas and seven (7) sets of Requests for Production on party defendants. The records obtained have permitted us to identify principal downstream recipients of the funds Progen received from CELEC, the secondary recipients of the funds Astrobeyra received from Progen, and a preliminary inventory of identifiable real property assets held by certain Defendants.

This memorandum summarizes (i) the discovery and subpoena program executed to date, (ii) the principal recipients of funds traced thus far, (iii) identifiable real property assets, and (iv) the next phases of tracing, including additional subpoena targets, anticipated motion practice, and the limitations bearing on ultimate recovery of the approximately $110 million owed to CELEC.

1 of 13

4



*Attorney-Client Work Product*
*Privileged & Confidential*

### Section I: Third Parties Subpoenaed and Parties Served With Discovery

The charts that follow summarize the formal evidentiary development executed to date in furtherance of CELEC's financial tracing strategy. The first chart sets forth each non-party recipient that has been served with a Rule 45 subpoena duces tecum, the date of service, the response deadline, and the dates upon which responsive documents have been received (or notation that the response remains outstanding or that the entity has since been named as a Defendant). The second chart sets forth each party defendant served with Requests for Production under Rule 34, together with the corresponding production status. Together, these charts reflect the breadth of the discovery program through which we are reconstructing the flow of funds from CELEC to Progen and onward to downstream recipients.

Third Parties Subpoenaed

| RECIPIENT | SERVED | RESPONSE DUE | DOCS RECEIVED |
|---|---|---|---|
| Regions Bank (1st Subpoena) | 02-13-2026 | 03-05-2026 | 03-24-2026 via email 03-27-2026 via email 04-15-2026 via email |
| Lakeland Electric | 03-04-2026 | 03-20-2026 | 03-11-2026 via email 03-17-2026 via email |
| Pacific Gas & Electric Company | 03-04-2026 | 03-20-2026 | 04-10-2026 via email |
| Clearing House Payments Company | 03-05-2026 | 03-23-2026 | 04-25-2026 via email |
| The Federal Reserve Bank of New York | 03-06-2026 | 03-23-2026 | 05-11-2026 via email |
| Regions Bank (2nd Subpoena) | 03-26-2026 | 04-08-2026 | 04-07-2026 via email |
| ABB Inc. | 05-05-2026 | 05-11-2026 | Outstanding (no response) |
| American Express Company | 04-24-2026 | 05-11-2026 | N/A (requested that subpoena be served on entity of AMEX) |
| Apollo Electric Inc. of Texas | 05-04-2026 | 05-11-2026 | 05-04-2026 via email |

*Attorney-Client Work Product*
*Privileged & Confidential*

| | | | |
|---|---|---|---|
| .vage & Son LLC | 04-29-2026 | 05-11-2026 | 05-13-2026 via email |
| of America Corporation | 04-24-2026 | 05-11-2026 | 05-12-2026 via email<br>06-08-2026 via email |
| ıck Capital Group LLC | 04-27-2026 | 05-11-2026 | Outstanding (no response) |
| ˙nerset Electric Ltd | 05-16-2026 | 06-15-2026 | -<br>(deadline not yet passed) |
| Five Star Leasing LLC | 05-04-2026 | 05-11-2026 | 05-04-2026 via email |
| H&S Industry LLC | 04-27-2026 | 05-11-2026 | N/A (now a Defendant) |
| Hilliard Enterprises, Inc. | 05-11-2026 | 05-11-2026 | 05-13-2026 via email |
| Industrial Surplus Inc. | 05-26-2026 | 06-15-2026 | -<br>(deadline not yet passed) |
| Instafunders LLC | 05-04-2026 | 05-11-2026 | Outstanding (no response) |
| InterFab Services LLC | 04-27-2026 | 05-11-2026 | 06-02-2026 via email |
| Lucky 8 Ventures | 5-20-2026 | 06-15-2026 | -<br>(deadline not yet passed) |
| Mid-America Engine Inc. | 04-30-2026 | 05-11-2026 | Outstanding (no response) |
| My Box Inc. | 05-02-2026 | 05-11-2026 | 05-26-2026 via email |
| RayK Holdings LLC | 05-20-2026 | 06-15-2025 | 06-10-2026 via email |
| Raymond Kuntz | 05-06-2026 | 06-15-2026 | 06-10-2026 via email |
| Resa Power LLC | 04-27-2026 | 05-11-2026 | Outstanding (no response) |
| SBM Construction Services LLC | Outstanding (awaiting service) | 06-15-2026 | -<br>(not yet served) |
| Simple Management Group Inc. | 04-27-2026 | 05-11-2026 | 05-08-2026 via email |
| Spirit Specialty Alloy & Metals | 04-29-2026 | 05-11-2026 | Outstanding (no response) |
| Swift Funding Source Inc. | 05-21-2026 | 06-15-2026 | Outstanding (no response) |
| Two Lions' Holdings LLC | 05-02-2026 | 05-11-2026 | N/A (now a Defendant) |
| American Express National Bank | 05-14-2026 | 06-01-2026 | Outstanding (no response) |
| American Express Travel Related Services Company Inc. | 05-14-2026 | 06-01-2026 | Outstanding (no response) |
| Renewable Investment Corp | Outstanding | 07-06-2026 | - |

*Attorney-Client Work Product*
*Privileged & Confidential*

## Section I: Third Parties Subpoenaed and Parties Served With Discovery

The charts that follow summarize the formal evidentiary development executed to date in furtherance of CELEC's financial tracing strategy. The first chart sets forth each non-party recipient that has been served with a Rule 45 subpoena duces tecum, the date of service, the response deadline, and the dates upon which responsive documents have been received (or notation that the response remains outstanding or that the entity has since been named as a Defendant). The second chart sets forth each party defendant served with Requests for Production under Rule 34, together with the corresponding production status. Together, these charts reflect the breadth of the discovery program through which we are reconstructing the flow of funds from CELEC to Progen and onward to downstream recipients.

### Third Parties Subpoenaed

| RECIPIENT | SERVED | RESPONSE DUE | DOCS RECEIVED |
|---|---|---|---|
| Regions Bank (1st Subpoena) | 02-13-2026 | 03-05-2026 | 03-24-2026 via email<br>03-27-2026 via email<br>04-15-2026 via email |
| Lakeland Electric | 03-04-2026 | 03-20-2026 | 03-11-2026 via email<br>03-17-2026 via email |
| Pacific Gas & Electric Company | 03-04-2026 | 03-20-2026 | 04-10-2026 via email |
| Clearing House Payments Company | 03-05-2026 | 03-23-2026 | 04-25-2026 via email |
| The Federal Reserve Bank of New York | 03-06-2026 | 03-23-2026 | 05-11-2026 via email |
| Regions Bank (2nd Subpoena) | 03-26-2026 | 04-08-2026 | 04-07-2026 via email |
| ABB Inc. | 05-05-2026 | 05-11-2026 | Outstanding (no response) |
| American Express Company | 04-24-2026 | 05-11-2026 | N/A (requested that subpoena be served upon entity of AMEX) |
| Apollo Electric Inc. of Texas | 05-04-2026 | 05-11-2026 | 05-04-2026 via email |



*Attorney-Client Work Product*
*Privileged & Confidential*

| | | | |
|---|---|---|---|
| | 06-08-2026 | 07-06-2026 | -<br>(deadline not yet passed) |
| | Outstanding<br>(awaiting service) | 07-06-2026 | -<br>(not yet served) |
| rporation | Outstanding<br>(awaiting service) | 07-06-2026 | -<br>(not yet served) |
| .on | 6/5/2026 | 07-06-2026 | -<br>(deadline not yet passed) |
| | Outstanding<br>(awaiting service) | 07-06-2026 | -<br>(not yet served) |
| rtered Bank (New | 6/11/2026 | 07-06-2026 | Objections received via email on 6/12/2026. |
| Jones And Company, | 06-08-2026 | 07-06-2026 | -<br>(deadline not yet passed) |
| erland Escrow, Inc Trust<br>.unt | 06-09-2026 | 07-06-2026 | -<br>(deadline not yet passed) |

arties Served With Requests for Production

| PARTY DEFENDANT | SERVED | DOCS RECEIVED |
|---|---|---|
| Progen Industry LLC | 02-13-2026 | *Document Production Ongoing* |
| Generterk Power Corp. | 02-13-2026 | *Document Production Ongoing* |
| Genertek Power Industries LLC | 02-13-2026 | *Document Production Ongoing* |
| Andrew Williamson | 03-03-2026 | *Document Production Ongoing* |
| John Manning | 03-03-2026 | *Document Production Ongoing* |
| Wade Manning | 03-03-2026 | Outstanding<br>(Followed up on: 5-4-2026, 5-28-2026, 6-12-2026) |



*Attorney-Client Work Product*
*Privileged & Confidential*

| obryxa S.A. | 02-13-2026 | Outstanding (Defeated Astrobryxa's Motion to prevent discovery and have been engaging in good faith discussions to obtain discovery. Will file a Motion to Compel on Monday (6-15-2026) if no status updated by then) |
|---|---|---|

Other Documents Received

- AP Inspections LLC in Texas provided all documents and communications pertaining to four (4) generator inspections voluntarily
  - AP Inspections LLC also provided a signed declaration regarding the same

To date, the most probative materials produced have come from two sources:

First, the records produced by Regions Bank in response to our two subpoenas have allowed us to reconstruct, on a transaction-by-transaction basis, the movement of funds out of Progen's primary operating account following Progen's receipt of CELEC's payments, and to identify the principal downstream recipients of those funds.

Second, the records produced by Bank of America have allowed us to trace the funds that Astrobryxa S.A. (operating in the United States as Astrobryxa, LLC) received from Progen, and to identify the secondary recipients to whom those funds were redirected—including international wires to Ecuadorian financial institutions and transfers to individuals affiliated with the alleged enterprise.

Section II below presents our preliminary analysis of the principal recipients identified through these two productions, organized by source account.

ᔓᐯ

5 of 13

9

*Attorney-Client Work Product*
*Privileged & Confidential*

## Section II: Primary Recipients of Funds Progen Received From CELEC

Set forth below is a preliminary identification of the principal recipients of outbound funds from four accounts central to the tracing analysis: (1) Progen Industries LLC's primary Regions Bank operating account; (2) Astrobryxa S.A. (d/b/a Astrobryxa LLC)'s Bank of America business account; (3) the personal and business accounts of Karla Saud-Calero, a principal of the Astrobryxa entities; and (4) the personal account of Jose Walther Manrique Suarez, also affiliated with the Astrobryxa entities. The rankings reflect the aggregate dollar value of outbound transactions to each recipient during the periods indicated, based on bank statements, wire transfer reports, withdrawal records, and check images produced in response to the subpoenas referenced in Section I.[1]

### I. Progen Industries LLC — Top Recipients of Outbound Funds

Account: Regions Bank Advantage Business Checking, Account No. 0354557917
Period: June 2024 through January 2026
Sources reviewed: Bank statements, wire transfer reports, withdrawals, and check images
Transaction types included: Wire transfers (domestic and international), ACH payments, checks, payroll debits, internal transfers, withdrawals, loan payments, credit card payments, and bank fees.

| Rank | Recipient | Aggregate Amount | Transactions | Type |
|---|---|---|---|---|
| 1 | Astrobryxa (S.A. / LLC) | $15,249,818.50 | 7 | Wire |
| 2 | Apollo Electric, Inc. | $10,851,400.00 | 10 | Wire |
| 3 | Prefunddbt / A Williamson | $10,139,420.82 | 35 | Payroll |
| 4 | AOT Holding AG | $10,086,475.00 | 1 | Wire (international) |
| 5 | H&S Industry LLC | $8,000,000.00 | 2 | Wire |
| 6 | Five Star Leasing, LLC | $6,128,021.00 | 1 | Wire |
| 7 | Chase Credit Card | $5,736,999.32 | 32 | Electronic payment |

---

[1] The figures and rankings set forth in this Section reflect the work product of Greenberg Traurig's legal team based on a review of the bank records produced to date. These figures have not been independently verified or audited by a forensic accountant, and accordingly we cannot guarantee 100% numerical accuracy. Should litigation advance to trial, we anticipate retaining a forensic accounting expert to validate, refine, and expand this analysis, including by reconciling figures against records still being produced and tracing flows beyond the immediate downstream recipients identified herein.

*Attorney-Client Work Product*
*Privileged & Confidential*

| | | | | |
|---|---|---|---|---|
| | ...eved to belong to Andrew ...iliamson) | | | |
| | ...utnam & Creighton, P.A. | $5,002,819.76 | 3 | Wire |
| | Jiangsu First Power Co. Ltd | $4,452,401.20 | 9 | Wire (international) |
| | Prefunddbt / LAdam | $4,419,962.42 | 497 | Payroll |
| | EB Transfer to Acct. #0357771804 (*A different Progen Regions account*) | $4,019,514.99 | 11 | Internal transfer |
| | Bank Debit (Withdrawals) (*Believed to be withdrawn by Andrew Williamson*) | $3,939,042.06 | 7 | Debit (Checking Withdrawl) |
| 13 | INYCOFYI Ingenieria y Construccion | $3,750,000.00 | 4 | Wire (international) |
| 14 | SBA EIDL Loan Payment | $3,663,402.00 | 28 | Loan payment |
| 15 | Prefunddbt / DSholar | $3,397,921.19 | 271 | Payroll |
| 16 | SBM Construction | $3,252,868.24 | 15 | Wire |
| 17 | Gestores Inmobiliarios Lightblue | $3,180,000.00 | 2 | Wire (international) |
| 18 | AMEX / Andrew William | $2,618,941.44 | 53 | ACH |
| 19 | Akil Corporation | $2,519,000.00 | 3 | Wire (international) |
| 20 | Enerset Electric, Ltd | $2,273,370.50 | 2 | Wire |
| 21 | Coastoil Dynamic S.A. de C.V. | $2,215,000.00 | 1 | Wire (international) |
| 22 | A.R. Savage & Son, LLC | $2,114,452.00 | 4 | Wire |
| 23 | Hilliard Enterprises, Inc. | $2,111,585.22 | 11 | Wire ... |
| 24 | Inter Fab Services LLC | $1,871,121.08 | 27 | Wire |
| 25 | Zhuhai Comking Electric Co. Ltd | $1,772,141.88 | 11 | Wire (international) |
| 26 | RayK Holdings LLC | $1,507,562.50 | 3 | Wire |



Attorney-Client Work Product
Privileged & Confidential

| 27 | ABB Inc | $1,162,372.90 | 3 | Wire |
| 28 | Swift Funding | $1,043,409.06 | 27 | ACH / Wire |
| 29 | Southern Graphic Systems | $1,014,385.28 | 13 | ACH |

2. Astrobryxa S.A. (d/b/a Astrobryxa LLC) — Top Recipients of Outbound Funds

Account: Bank of America – Account No. 3252 0400 5230 (Business Advantage Relationship Banking)
Period: February 2025 through April 2026
Sources reviewed: Bank statements, wire transfer reports
Transaction types included: Wires, Zelle, checks, ACH debits, and card transactions
Total Outgoing Transactions: 776 transactions totaling $5,335,397.78

| Rank | Recipient | # of Transactions | Transaction Types | Aggregate Total |
|---|---|---|---|---|
| 1 | Astrobryxa SA | 7 | International wires (Banco del Austro, Ecuador) | $1,650,000.00 |
| 2 | Consorcio Soluenergy | 3 | International wires (Banco del Austro, Ecuador) | $1,322,000.00 |
| 3 | Jose Luis Hidalgo | 1 | International wire (Banco Pichincha, Ecuador) | $500,000.00 |
| 4 | Consorcio Asociado TC 202 | 2 | Domestic book wires | $450,000.00 |
| 5 | Anthony M. York | 3 | Domestic book wires | $153,093.00 |
| 6 | Constructora Nemur SA | 3 | International wires (Banco Pichincha, Ecuador) | $120,000.00 |
| 7 | Alex Duenas | 2 | International wires (Banco Pichincha, Ecuador) | $150,000.00 |
| 8 | Constructora Raices Alteag | 3 | 1 international wire + 2 debit card purchases | $100,066.79 |
| 9 | Jose Walther Manrique Suarez | 3 | Domestic book wires | $85,000.00 |
| 10 | Pamela Chimbogo | 1 | Domestic wire | $64,350.00 |

8 of 13

12

