# EXHIBIT D

# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA

## TAMPA DIVISION

CELEC EP,

      Plaintiff,

v.

PROGEN INDUSTRIES, LLC; GENERTEK POWER CORP.; GENERTEK POWER INDUSTRIES, LLC; JOHN B. MANNING; W. WADE MANNING; ANDREW S. WILLIAMSON; ASTROBRYXA, S.A.; AP INSPECTIONS LATINOAMERICA, S.A.; A.P. INSPECTIONS LLC; and DOES 1-99,

      Defendants.

Case No. 8:25-cv-03433

Judge Jung

## PLAINTIFF'S NOTICE OF INTENT TO SERVE SUBPOENAS TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

TO:   ALL PARTIES OF RECORD

PLEASE TAKE NOTICE that pursuant to Rule 45(a)(4), Federal Rules of Civil Procedure, notice is hereby given that the undersigned will issue the attached subpoenas directed to the following, who are not parties, to produce the items listed at the time and place specified in each subpoena:

1. **RENEWABLE INVESTMENT CORP**
   c/o Palmer Management Corporation
   13 Elm St., Suite 200
   Cohasset, MA 02025

2. **VIA ENERGY SOLUTIONS, LLC**
   c/o Corporation Service Company D/B/A Csc-Lawyers Inc
   211 E. 7th Street Suite 620
   Austin, TX 78701

3. **KRONOS SAASHR, INC.**
   c/o UNITED AGENT GROUP INC.
   1521 Concord Pike, Suite 201
   Wilmington, DE 19803

4. **ACRECENT FINANCIAL CORPORATION**
   Metro Office Park, 17 Street 2,
   Valencia Building (Lot 1), Suite 640
   Guaynabo, Puerto Rico 00968

5. **GARRETT K. WILLIAMSON**
   3339 Oak Grove Cv
   Lakeland, FL 33812

6. **SHANE LAWLOR**
   88 Woodside Dr.
   Lakeland, FL 33813

7. **STANDARD CHARTERED BANK (NEW YORK)**
   3 Bryant Park
   New York, NY 10036

8. **EDWARD D JONES AND COMPANY, L.P.**
   c/o C T CORPORATION SYSTEM
   5661 Telegraph Rd Ste 4B
   Saint Louis, MO 63129

9. **WONDERLAND ESCROW, INC TRUST ACCOUNT**
   c/o Matthew S. Davis
   880 Apollo St. Ste. 332
   El Segundo, CA 90245

3

The respective Records Custodians shall produce for inspection and copying all documents listed on **Schedule "A"** of the attached subpoenas.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 5th day of June, 2026, I electronically served the foregoing **Plaintiff's Notice of Intent to Serve Subpoenas to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action** on all counsel of record.

By: /s/ *Courtney M. Keller*
Courtney M. Keller, Esquire
Florida Bar No. 28668
Meredith P. Yates, Esquire
Florida Bar No. 1058373

**GREENBERG TRAURIG, P.A.**
450 South Orange Avenue, Suite 650
Orlando, Florida 32801
Telephone: (407) 420-1000
Facsimile: (407) 420-5909
Email:    kellerc@gtlaw.com
          Meredith.yates@gtlaw.com
          Nef-iws@gtlaw.com
          ORLLitDock@gtlaw.com

Daniel Pulecio-Beck, Esquire
(admitted *pro hac vice*)
Michael Pusateri, Esquire
(admitted *pro hac vice*)

**GREENBERG TRAURIG, P.A.**
2101 L Street, N.W., Suite 1000
Washington, D.C. 20037
Telephone: (202) 331-3117
Email:    pulecioboekd@gtlaw.com
          pusaterim@gtlaw.com

*Counsel for Plaintiff*

4

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Middle District of Florida ▼

| | | |
|---|---|---|
| CELEC EP | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 8:25-cv-03433 |
| PROGEN INDUSTRIES, Et Al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Renewable Investment Corp c/o Palmer Management Corporation, Registered Agent
14 Elm Street, Suite 200, Cohasset, Massachusettes 02025

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See attached Schedule "A".

| Place: Greenberg Traurig LLP, 1 International Pl, Ste 2000, Boston, MA 02110 OR via email (kellerc@gtlaw.com) | Date and Time: 07/06/2026 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/05/2026

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Courtney M. Keller |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Plaintiff, CELEC EP _____, who issues or requests this subpoena, are:
Courtney M. Keller, Esq.; 450 S. Orange Ave., Ste. 650, Orlando, Florida 32801; (407) 254-2610; kellerc@gtlaw.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 8:25-cv-03433

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
       **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## DEFINITIONS AND INSTRUCTIONS

1.     This Subpoena seeks all information that is known or available to Renewable Investment Corporation its agents, accountants, employees, officers, representatives, or investigators and unless privileged, its attorneys or its attorneys' agents, servants, employees, representatives or investigators.

2.     "Defendants" or "Defendant" refers to PROGEN INDUSTRIES, LLC; GENERTEK POWER CORP.; GENERTEK POWER INDUSTRIES, LLC; JOHN B. MANNING; W. WADE MANNING; ANDREW S. WILLIAMSON; ASTROBRYXA, S.A.; AP INSPECTIONS LATINOAMERICA, S.A.; A.P. INSPECTIONS LLC; H&S INDUSTRY, LLC; TWO LIONS HOLDINGS, LLC; AOT HOLDING AG; and/or GESTORES INMOBILIARIOS LIGHTBLUE, S.A..

3.     "Subject Individuals and Entities" refers to JOSE WALTHER MANRIQUE SUAREZ and KARLA SAUD CALERO, who are principals of Defendant ASTROBRYXA S.A.

4.     "CELEC" refers to the Strategic Public Company Electric Corporation of Ecuador.

5.     If you object to any request or part thereof on the basis of a claim of attorney-client or work product privilege, identify the privilege claimed as well as

each statement or communication for which such privilege is claimed, and provide a privilege log which identifies the following with respect to anything withheld:

a)    the date thereof;

b)    identify all persons present, if an oral communication, or the author(s) and all persons who received a copy of such communication (whether a direct recipient, carbon copy recipient, or blind carbon copy recipient), if written or digital;

c)    the employer and job title of each person listed in (b);

d)    identify the subject or description of the communication in a manner sufficient for Plaintiff's counsel to assess the applicability of any privilege; and

e)    the legal and factual basis for the assertion of privilege.

6.    Unless otherwise indicated, the timeframe for the documents requested in this Subpoena is from <u>January 1, 2024 through present</u>.

### DOCUMENTS AND THINGS TO BE PRODUCED

1.    All documents, communications, contracts, agreements, proposals, or other records relating to any contract or agreement, informal or formal, between any Defendant/Subject Entity and CELEC, including but not limited to any contract or agreement involving the supply, sale, lease, installation, maintenance, or servicing

2

of generators or any other goods or services provided by or through any Defendant/Subject Entity.

2.    All documents, communications, or records reflecting or relating to any payment made to or received from any Defendant/Subject Entity, including but not limited to invoices, receipts, wire transfer records, checks, ACH transfers, account statements, or any other records evidencing the reason for, purpose of, or basis for any such payment.

3.    All documents reflecting or relating to the ownership, membership, management, or control of Renewable Investment Corporation, including but not limited to operating agreements, membership agreements, certificates of formation, corporate resolutions, and any records identifying the beneficial owners, members, managers, or officers of Renewable Investment Corporation.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida ▾

| | |
|---|---|
| CELEC EP | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 8:25-cv-03433 |
| PROGEN INDUSTRIES, Et Al. | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: 
VIA Energy Solutions LLC c/o Corporation Service Company d/b/a CSC Lawyers Inc., Registered Agent
211 E. 7th Street, Suite 620, Austin, Texas 78701

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See attached Schedule "A".

| Place: Greenberg Traurig LLP, 300 West 6th Street, Suite 2050, Austin, Texas 78701 OR via email (kellerc@gtlaw.com) | Date and Time: 07/06/2026 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   06/05/2026

| *CLERK OF COURT* | OR | |
|---|---|---|
| | | /s/ Courtney M. Keller |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* 
Plaintiff, CELEC EP , who issues or requests this subpoena, are:
Courtney M. Keller, Esq.; 450 S. Orange Ave., Ste. 650, Orlando, Florida 32801; (407) 254-2610; kellerc@gtlaw.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  8:25-cv-03433

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## DEFINITIONS AND INSTRUCTIONS

1.      This Subpoena seeks all information that is known or available to VIA Energy Solutions LLC its agents, accountants, employees, officers, representatives, or investigators and unless privileged, its attorneys or its attorneys' agents, servants, employees, representatives or investigators.

2.      "Defendants" or "Defendant" refers to PROGEN INDUSTRIES, LLC; GENERTEK POWER CORP.; GENERTEK POWER INDUSTRIES, LLC; JOHN B. MANNING; W. WADE MANNING; ANDREW S. WILLIAMSON; ASTROBRYXA, S.A.; AP INSPECTIONS LATINOAMERICA, S.A.; A.P. INSPECTIONS LLC; H&S INDUSTRY, LLC; TWO LIONS HOLDINGS, LLC; AOT HOLDING AG; and/or GESTORES INMOBILIARIOS LIGHTBLUE, S.A..

3.      "Subject Individuals and Entities" refers to JOSE WALTHER MANRIQUE SUAREZ and KARLA SAUD CALERO, who are principals of Defendant ASTROBRYXA S.A.

4.      "CELEC" refers to the Strategic Public Company Electric Corporation of Ecuador.

5.      If you object to any request or part thereof on the basis of a claim of attorney-client or work product privilege, identify the privilege claimed as well as

each statement or communication for which such privilege is claimed, and provide

a privilege log which identifies the following with respect to anything withheld:

    a)    the date thereof;

    b)    identify all persons present, if an oral communication, or the author(s) and all persons who received a copy of such communication (whether a direct recipient, carbon copy recipient, or blind carbon copy recipient), if written or digital;

    c)    the employer and job title of each person listed in (b);

    d)    identify the subject or description of the communication in a manner sufficient for Plaintiff's counsel to assess the applicability of any privilege; and

    e)    the legal and factual basis for the assertion of privilege.

6.    Unless otherwise indicated, the timeframe for the documents requested in this Subpoena is from <u>January 1, 2024 through present</u>.

**DOCUMENTS AND THINGS TO BE PRODUCED**

1.    All documents, communications, contracts, agreements, proposals, or other records relating to any contract or agreement, informal or formal, between any Defendant/Subject Entity and CELEC, including but not limited to any contract or agreement involving the supply, sale, lease, installation, maintenance, or servicing

2

of generators or any other goods or services provided by or through any Defendant/Subject Entity.

2.    All documents, communications, or records reflecting or relating to any payment made to or received from any Defendant/Subject Entity, including but not limited to invoices, receipts, wire transfer records, checks, ACH transfers, account statements, or any other records evidencing the reason for, purpose of, or basis for any such payment.

3.    All documents reflecting or relating to the ownership, membership, management, or control of VIA Energy Solutions LLC, including but not limited to operating agreements, membership agreements, certificates of formation, corporate resolutions, and any records identifying the beneficial owners, members, managers, or officers of VIA Energy Solutions LLC.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Middle District of Florida [▼]

| | |
|---|---|
| CELEC EP | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 8:25-cv-03433 |
| PROGEN INDUSTRIES, Et Al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     Kronis Saashr, Inc. c/o United Agent Group Inc., Registered Agent
1521 Concord Pike, Suite 201, Wilmington, Delaware 19803

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See attached Schedule "A".

| Place: Greenberg Traurig LLP, 222 Delaware Ave. 1600, Wilmington, Delaware 19801 OR via email (kellerc@gtlaw.com) | Date and Time: 07/06/2026 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     06/05/2026

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Courtney M. Keller |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Plaintiff, CELEC EP _____ , who issues or requests this subpoena, are:
Courtney M. Keller, Esq.; 450 S. Orange Ave., Ste. 650, Orlando, Florida 32801; (407) 254-2610; kellerc@gtlaw.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 8:25-cv-03433

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## DEFINITIONS AND INSTRUCTIONS

1.      This Subpoena seeks all information that is known or available to KRONOS SAASHR, INC. its agents, accountants, employees, officers, representatives, or investigators and unless privileged, its attorneys or its attorneys' agents, servants, employees, representatives or investigators.

2.      "Defendants" or "Defendant" refers to PROGEN INDUSTRIES, LLC; GENERTEK POWER CORP.; GENERTEK POWER INDUSTRIES, LLC; JOHN B. MANNING; W. WADE MANNING; ANDREW S. WILLIAMSON; ASTROBRYXA, S.A.; AP INSPECTIONS LATINOAMERICA, S.A.; A.P. INSPECTIONS LLC; H&S INDUSTRY, LLC; TWO LIONS HOLDINGS, LLC; AOT HOLDING AG; and/or GESTORES INMOBILIARIOS LIGHTBLUE, S.A..

3.      "Subject Individuals and Entities" refers to JOSE WALTHER MANRIQUE SUAREZ and KARLA SAUD CALERO, who are principals of Defendant ASTROBRYXA S.A.

4.      "CELEC" refers to the Strategic Public Company Electric Corporation of Ecuador.

5.      If you object to any request or part thereof on the basis of a claim of attorney-client or work product privilege, identify the privilege claimed as well as

each statement or communication for which such privilege is claimed, and provide a privilege log which identifies the following with respect to anything withheld:

   a)   the date thereof;

   b)   identify all persons present, if an oral communication, or the author(s) and all persons who received a copy of such communication (whether a direct recipient, carbon copy recipient, or blind carbon copy recipient), if written or digital;

   c)   the employer and job title of each person listed in (b);

   d)   identify the subject or description of the communication in a manner sufficient for Plaintiff's counsel to assess the applicability of any privilege; and

   e)   the legal and factual basis for the assertion of privilege.

6.   Unless otherwise indicated, the timeframe for the documents requested in this Subpoena is from <u>January 1, 2024 through present</u>.

### DOCUMENTS AND THINGS TO BE PRODUCED

1.   All documents, communications, contracts, agreements, proposals, or other records relating to any contract or agreement, informal or formal, between any Defendant/Subject Entity and CELEC, including but not limited to any contract or agreement involving the supply, sale, lease, installation, maintenance, or servicing

2

of generators or any other goods or services provided by or through any Defendant/Subject Entity.

2.      All documents, communications, or records reflecting or relating to any payment made to or received from any Defendant/Subject Entity, including but not limited to invoices, receipts, wire transfer records, checks, ACH transfers, account statements, or any other records evidencing the reason for, purpose of, or basis for any such payment.

3.      All documents reflecting or relating to the ownership, membership, management, or control of KRONOS SAASHR, INC., including but not limited to operating agreements, membership agreements, certificates of formation, corporate resolutions, and any records identifying the beneficial owners, members, managers, or officers of KRONOS SAASHR, INC.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Middle District of Florida ▾

|  |  |
|---|---|
| CELEC EP | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 8:25-cv-03433 |
| PROGEN INDUSTRIES, Et Al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: 
Acrecent Financial Corporation
Metro Office Park, 17 Street 2, Valencia Building (Lot 1), Suite 640, Puerto Rico 00968

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See attached Schedule "A".

| Place: Regus, Metro Office Park 2, Street 1 Guaynabo, PR 0068 OR via email (kellerc@gtlaw.com) | Date and Time: 07/06/2026 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/05/2026

|  |  |
|---|---|
| *CLERK OF COURT* | OR |
| _____ | /s/ Courtney M. Keller |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Plaintiff, CELEC EP _____, who issues or requests this subpoena, are:
Courtney M. Keller, Esq.; 450 S. Orange Ave., Ste. 650, Orlando, Florida 32801; (407) 254-2610; kellerc@gtlaw.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 8:25-cv-03433

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____    on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## DEFINITIONS AND INSTRUCTIONS

1.     This Subpoena seeks all information that is known or available to Acrecent Financial Corporation its agents, accountants, employees, officers, representatives, or investigators and unless privileged, its attorneys or its attorneys' agents, servants, employees, representatives or investigators.

2.     "Defendants" or "Defendant" refers to PROGEN INDUSTRIES, LLC; GENERTEK POWER CORP.; GENERTEK POWER INDUSTRIES, LLC; JOHN B. MANNING; W. WADE MANNING; ANDREW S. WILLIAMSON; ASTROBRYXA, S.A.; AP INSPECTIONS LATINOAMERICA, S.A.; A.P. INSPECTIONS LLC; H&S INDUSTRY, LLC; TWO LIONS HOLDINGS, LLC; AOT HOLDING AG; and/or GESTORES INMOBILIARIOS LIGHTBLUE, S.A..

3.     "Subject Individuals and Entities" refers to JOSE WALTHER MANRIQUE SUAREZ and KARLA SAUD CALERO, who are principals of Defendant ASTROBRYXA S.A.

4.     "CELEC" refers to the Strategic Public Company Electric Corporation of Ecuador.

5.     If you object to any request or part thereof on the basis of a claim of attorney-client or work product privilege, identify the privilege claimed as well as

each statement or communication for which such privilege is claimed, and provide a privilege log which identifies the following with respect to anything withheld:

a)    the date thereof;

b)    identify all persons present, if an oral communication, or the author(s) and all persons who received a copy of such communication (whether a direct recipient, carbon copy recipient, or blind carbon copy recipient), if written or digital;

c)    the employer and job title of each person listed in (b);

d)    identify the subject or description of the communication in a manner sufficient for Plaintiff's counsel to assess the applicability of any privilege; and

e)    the legal and factual basis for the assertion of privilege.

6.    Unless otherwise indicated, the timeframe for the documents requested in this Subpoena is from January 1, 2024 through present.

## DOCUMENTS AND THINGS TO BE PRODUCED

1.    All documents, communications, contracts, agreements, proposals, or other records relating to any contract or agreement, informal or formal, between any Defendant/Subject Entity and CELEC, including but not limited to any contract or agreement involving the supply, sale, lease, installation, maintenance, or servicing

2

of generators or any other goods or services provided by or through any Defendant/Subject Entity.

2.     All documents, communications, or records reflecting or relating to any payment made to or received from any Defendant/Subject Entity, including but not limited to invoices, receipts, wire transfer records, checks, ACH transfers, account statements, or any other records evidencing the reason for, purpose of, or basis for any such payment.

3.     All documents reflecting or relating to the ownership, membership, management, or control of Acrecent Financial Corporation, including but not limited to operating agreements, membership agreements, certificates of formation, corporate resolutions, and any records identifying the beneficial owners, members, managers, or officers of Acrecent Financial Corporation.

3

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida ▾

| | |
|---|---|
| CELEC EP<br>*Plaintiff*<br>v.<br>PROGEN INDUSTRIES, Et Al.<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 8:25-cv-03433 |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:           Garrett K. Williamson
3339 Oak Grove Cove, Lakeland, Florida 33812-4227

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See attached Schedule "A".

| Place: Greenberg Traurig LLP, 101 E. Kennedy Blvd.,<br>Ste. 1900, Tampa, Florida 33602<br>OR via email (kellerc@gtlaw.com) | Date and Time:<br><br>07/06/2026 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     06/05/2026

| *CLERK OF COURT* | OR | |
|---|---|---|
| | | /s/ Courtney M. Keller |
| _____<br>*Signature of Clerk or Deputy Clerk* | | _____<br>*Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Plaintiff, CELEC EP _____ , who issues or requests this subpoena, are:
Courtney M. Keller, Esq.; 450 S. Orange Ave., Ste. 650, Orlando, Florida 32801; (407) 254-2610; kellerc@gtlaw.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 8:25-cv-03433

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
       **(i)** is a party or a party's officer; or
       **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
       **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
       **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
       **(i)** fails to allow a reasonable time to comply;
       **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
       **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
       **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
       **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

       **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
       **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
       **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
       **(i)** expressly make the claim; and
       **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## DEFINITIONS AND INSTRUCTIONS

1. This Subpoena seeks all information that is known or available to You, Garrett K. Williamson, and unless privileged, his attorneys or its attorneys' agents, servants, employees, representatives or investigators.

2. "Defendants" or "Defendant" refers to PROGEN INDUSTRIES, LLC; GENERTEK POWER CORP.; GENERTEK POWER INDUSTRIES, LLC; JOHN B. MANNING; W. WADE MANNING; ANDREW S. WILLIAMSON; ASTROBRYXA, S.A.; AP INSPECTIONS LATINOAMERICA, S.A.; A.P. INSPECTIONS LLC; H&S INDUSTRY, LLC; TWO LIONS HOLDINGS, LLC; AOT HOLDING AG; and/or GESTORES INMOBILIARIOS LIGHTBLUE, S.A..

3. "Subject Individuals and Entities" refers to JOSE WALTHER MANRIQUE SUAREZ and KARLA SAUD CALERO, who are principals of Defendant ASTROBRYXA S.A.

4. "CELEC" refers to the Strategic Public Company Electric Corporation of Ecuador.

5. If you object to any request or part thereof on the basis of a claim of attorney-client or work product privilege, identify the privilege claimed as well as each statement or communication for which such privilege is claimed, and provide a privilege log which identifies the following with respect to anything withheld:

(a)     the date thereof;

(b)     identify all persons present, if an oral communication, or the author(s) and all persons who received a copy of such communication (whether a direct recipient, carbon copy recipient, or blind carbon copy recipient), if written or digital;

(c)     the employer and job title of each person listed in (b);

(d)     identify the subject or description of the communication in a manner sufficient for Plaintiff's counsel to assess the applicability of any privilege; and

(e)     the legal and factual basis for the assertion of privilege.

6.     Unless otherwise indicated, the timeframe for the documents requested in this Subpoena is from <u>January 1, 2024 through present</u>.

## DOCUMENTS AND THINGS TO BE PRODUCED

1.     All documents, communications, contracts, agreements, proposals, or other records relating to any contract or agreement, informal or formal, between any Defendant/Subject Entity and CELEC, including but not limited to any contract or agreement involving the supply, sale, lease, installation, maintenance, or servicing of generators or any other goods or services provided by or through any Defendant/Subject Entity.

2

2.      All documents, communications, or records reflecting or relating to any payment made by You to or received by You from any Defendant/Subject Entity, including but not limited to invoices, receipts, wire transfer records, checks, ACH transfers, account statements, and any other records evidencing the reason for, purpose of, or basis for any such payment.

3.      All documents reflecting or relating to any employment or consulting relationship that you have ever held with Progen, including documents sufficient to show the date(s) of your employment, job description, work schedule, compensation, qualifications or licensures required for your position (including, without limitation, any offer letters, employment or consulting agreements, timesheets, work logs, calendars, personnel files).

4.      All documents and communications that You contend support or evidence that any payment You received from Progen or any Defendant/Subject Party was legitimate compensation for work, services, reimbursement, loan repayment, or other valid consideration.

5.      All documents and communications from **December 16, 2025 through the date of production** between You and any Defendant/Subject Party relating to:

      a.  this lawsuit, document preservation, or document destruction;

      b.  any payment made to You since January 1, 2024;

3

c. the source, purpose, characterization, return, transfer, concealment, disposition, or use of any payment made to You by or on behalf of any Defendant/Subject Party;

d. any request, instruction, suggestion, or discussion concerning what You should say, not say, produce, not produce, preserve, delete, transfer, or conceal in connection with this lawsuit;

e. any request, instruction, suggestion, or discussion concerning bank accounts, real property, cash, loans, gifts, reimbursements, or transfers of money; and

f. any communication with John B. Manning, W. Wade Manning, Andrew S. Williamson, Progen, Genertek, or any person acting on their behalf concerning Plaintiff, CELEC, ASTROBRYXA, S.A., ASTROBRYXA, LLC, or the transactions at issue in this lawsuit.

6. Documents sufficient to show the source of funds used by You, on Your behalf, or for Your benefit to purchase the property located at 3339 Oak Grove Cv, Lakeland, Florida 33812-4227.

7. Documents sufficient to show how You reported, characterized, or treated any payment received from any Defendant/Subject Party for tax, accounting, or financial purposes.

8.      All documents sufficient to show any ownership interest, membership interest, equity interest, profit interest, option, beneficial interest, officer position, director position, employment position, consulting role, agency relationship, or other formal or informal role You have or had in any Defendant/Subject Party.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Middle District of Florida

| | |
|---|---|
| CELEC EP | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 8:25-cv-03433 |
| PROGEN INDUSTRIES, Et Al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Shane Lawlor
88 Woodside Drive, Lakeland, Florida 33813

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See attached Schedule "A".

| Place: Greenberg Traurig LLP<br>One Vanderbilt Avenue, New York, New York 10017<br>OR via email (kellerc@gtlaw.com) | Date and Time:<br>07/06/2026 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  06/05/2026

| *CLERK OF COURT* | OR | |
|---|---|---|
| | | /s/ Courtney M. Keller |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Plaintiff, CELEC EP _____ , who issues or requests this subpoena, are:
Courtney M. Keller, Esq.; 450 S. Orange Ave., Ste. 650, Orlando, Florida 32801; (407) 254-2610; kellerc@gtlaw.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 8:25-cv-03433

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## DEFINITIONS AND INSTRUCTIONS

1.      This Subpoena seeks all information that is known or available to Shane Lawlor and unless privileged, his attorneys or its attorneys' agents, servants, employees, representatives or investigators.

2.      "Defendants" or "Defendant" refers to PROGEN INDUSTRIES, LLC; GENERTEK POWER CORP.; GENERTEK POWER INDUSTRIES, LLC; JOHN B. MANNING; W. WADE MANNING; ANDREW S. WILLIAMSON; ASTROBRYXA, S.A.; AP INSPECTIONS LATINOAMERICA, S.A.; A.P. INSPECTIONS LLC; H&S INDUSTRY, LLC; TWO LIONS HOLDINGS, LLC; AOT HOLDING AG; and/or GESTORES INMOBILIARIOS LIGHTBLUE, S.A..

3.      "Subject Individuals and Entities" refers to JOSE WALTHER MANRIQUE SUAREZ and KARLA SAUD CALERO, who are principals of Defendant ASTROBRYXA S.A.

4.      "CELEC" refers to the Strategic Public Company Electric Corporation of Ecuador.

5.      If you object to any request or part thereof on the basis of a claim of attorney-client or work product privilege, identify the privilege claimed as well as each statement or communication for which such privilege is claimed, and provide a privilege log which identifies the following with respect to anything withheld:

(a)    the date thereof;

(b)    identify all persons present, if an oral communication, or the author(s) and all persons who received a copy of such communication (whether a direct recipient, carbon copy recipient, or blind carbon copy recipient), if written or digital;

(c)    the employer and job title of each person listed in (b);

(d)    identify the subject or description of the communication in a manner sufficient for Plaintiff's counsel to assess the applicability of any privilege; and

(e)    the legal and factual basis for the assertion of privilege.

6.    Unless otherwise indicated, the timeframe for the documents requested in this Subpoena is from <u>January 1, 2024 through present</u>.

## DOCUMENTS AND THINGS TO BE PRODUCED

1.    All documents, communications, contracts, agreements, proposals, or other records relating to any contract or agreement, informal or formal, between any Defendant/Subject Entity and CELEC, including but not limited to any contract or agreement involving the supply, sale, lease, installation, maintenance, or servicing of generators or any other goods or services provided by or through any Defendant/Subject Entity.

2.    All documents, communications, or records reflecting or relating to any payment made by You to or received by You from any Defendant/Subject Entity, including but not limited to invoices, receipts, wire transfer records, checks, ACH transfers, account statements, and any other records evidencing the reason for, purpose of, or basis for any such payment.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

| | |
|---|---|
| CELEC EP <br> *Plaintiff* | ) <br> ) <br> ) |
| v. | )    Civil Action No.   8:25-cv-03433 |
| PROGEN INDUSTRIES, Et Al. <br> *Defendant* | ) <br> ) <br> ) <br> ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Standard Chartered (New York)
3 Bryant Park, New York, New York 10036

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See attached Schedule "A".

| Place: Greenberg Traurig LLP <br> One Vanderbilt Avenue, New York, New York 10017 <br> OR via email (kellerc@gtlaw.com) | Date and Time: <br><br> 07/06/2026 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   06/05/2026

| *CLERK OF COURT* | OR | |
|---|---|---|
| _____ | | /s/ Courtney M. Keller |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Plaintiff, CELEC EP _____ , who issues or requests this subpoena, are:
Courtney M. Keller, Esq.; 450 S. Orange Ave., Ste. 650, Orlando, Florida 32801; (407) 254-2610; kellerc@gtlaw.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 8:25-cv-03433

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## DEFINITIONS AND INSTRUCTIONS

1.      This Subpoena seeks all information that is known or available to Standard Chartered Bank, its agents, accountants, employees, officers, representatives, or investigators and unless privileged, its attorneys or its attorneys' agents, servants, employees, representatives or investigators.

2.      "Defendants" or "Defendant" refers to PROGEN INDUSTRIES, LLC; GENERTEK POWER CORP.; GENERTEK POWER INDUSTRIES, LLC; JOHN B. MANNING; W. WADE MANNING; ANDREW S. WILLIAMSON; ASTROBRYXA, S.A.; AP INSPECTIONS LATINOAMERICA, S.A.; A.P. INSPECTIONS LLC; H&S INDUSTRY, LLC; TWO LIONS HOLDINGS, LLC; AOT HOLDING AG; and/or GESTORES INMOBILIARIOS LIGHTBLUE, S.A..

3.      "Subject Individuals and Entities" refers to JOSE WALTHER MANRIQUE SUAREZ and KARLA SAUD CALERO, who are principals of Defendant ASTROBRYXA S.A.

4.      If you object to any request or part thereof on the basis of a claim of attorney-client or work product privilege, identify the privilege claimed as well as each statement or communication for which such privilege is claimed, and provide a privilege log which identifies the following with respect to anything withheld:

a)      the date thereof;

b)      identify all persons present, if an oral communication, or the author(s) and all persons who received a copy of such communication (whether a direct recipient, carbon copy recipient, or blind carbon copy recipient), if written or digital;

c)      the employer and job title of each person listed in (b);

d)      identify the subject or description of the communication in a manner sufficient for Plaintiff's counsel to assess the applicability of any privilege; and

e)      the legal and factual basis for the assertion of privilege.

5.      Unless otherwise indicated, the timeframe for the documents requested in this Subpoena is from <u>January 1, 2024 through present</u>.

## DOCUMENTS AND THINGS TO BE PRODUCED

1.      Documents sufficient to show any relationship or service agreement between You and any Defendant and/or Subject Individuals and Entities.

2.      All account statements, financial statements, financial records, cardholder agreements, account opening documents, and account closing documents for any account or card held in the name of any Defendant and/or Subject Individuals and Entities.

3.      All transaction records, charges, credits, payments, balance transfers, cash advances, and any other activity involving any Defendant and/or Subject

Individuals and Entities, including but not limited to transactions made on or associated with any account or card held in the name of any Defendant and/or any Subject Individuals and Entities.

4.      All records reflecting the primary cardholders, authorized users, or persons with access to or control over any account or card held in the name of any Defendant and/or Subject Individuals and Entities.

5.      All credit applications, credit limit agreements, rewards program agreements, or other financial instruments entered into by any Defendant and/or Subject Individuals and Entities with Standard Chartered Bank.

6.      All non-privileged and non-SAR related records of flagged transactions or compliance reviews involving any Defendant and/or Subject Individuals and Entities.

7.      All records reflecting or relating to any freeze, hold, suspension, or restriction placed on any account or card associated with any Defendant and/or Subject Individuals and Entities.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Middle District of Florida

| | |
|---|---|
| CELEC EP | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 8:25-cv-03433 |
| PROGEN INDUSTRIES, Et Al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:        Edward D. Jones and Company, L.P., c/o CT Corporation System, Registered Agent
5661 Telegraph Road, Ste. 4B, Saint Louis, Missouri 63129-4275

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See attached Schedule "A".

| Place: Veritext St. Louis, 10 S Broadway Suite 1400, Saint Louis, MO 63102 OR via email (kellerc@gtlaw.com) | Date and Time: 07/06/2026 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:        06/05/2026

|  |  |
|---|---|
| *CLERK OF COURT* | |
| | OR |
| _____ | /s/ Courtney M. Keller |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Plaintiff, CELEC EP _____ , who issues or requests this subpoena, are:
Courtney M. Keller, Esq.; 450 S. Orange Ave., Ste. 650, Orlando, Florida 32801; (407) 254-2610; kellerc@gtlaw.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 8:25-cv-03433

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## DEFINITIONS AND INSTRUCTIONS

1.    This Subpoena seeks all information that is known or available to EDWARD D JONES AND COMPANY, L.P., its agents, accountants, employees, officers, representatives, or investigators and unless privileged, its attorneys or its attorneys' agents, servants, employees, representatives or investigators.

2.    "Defendants" or "Defendant" refers to PROGEN INDUSTRIES, LLC; GENERTEK POWER CORP.; GENERTEK POWER INDUSTRIES, LLC; JOHN B. MANNING; W. WADE MANNING; ANDREW S. WILLIAMSON; ASTROBRYXA, S.A.; AP INSPECTIONS LATINOAMERICA, S.A.; A.P. INSPECTIONS LLC; H&S INDUSTRY, LLC; TWO LIONS HOLDINGS, LLC; AOT HOLDING AG; and/or GESTORES INMOBILIARIOS LIGHTBLUE, S.A..

3.    "Subject Individuals and Entities" refers to JOSE WALTHER MANRIQUE SUAREZ and KARLA SAUD CALERO, who are principals of Defendant ASTROBRYXA S.A.

4.    If you object to any request or part thereof on the basis of a claim of attorney-client or work product privilege, identify the privilege claimed as well as each statement or communication for which such privilege is claimed, and provide a privilege log which identifies the following with respect to anything withheld:

   a)    the date thereof;

b)    identify all persons present, if an oral communication, or the author(s) and all persons who received a copy of such communication (whether a direct recipient, carbon copy recipient, or blind carbon copy recipient), if written or digital;

c)    the employer and job title of each person listed in (b);

d)    identify the subject or description of the communication in a manner sufficient for Plaintiff's counsel to assess the applicability of any privilege; and

e)    the legal and factual basis for the assertion of privilege.

5.    Unless otherwise indicated, the timeframe for the documents requested in this Subpoena is from <u>January 1, 2024 through present</u>.

## DOCUMENTS AND THINGS TO BE PRODUCED

1.    Documents sufficient to show any relationship or service agreement between You and any Defendant and/or Subject Individuals and Entities.

2.    All account statements, financial statements, financial records, cardholder agreements, account opening documents, and account closing documents for any account or card held in the name of any Defendant and/or Subject Individuals and Entities.

3.    All transaction records, charges, credits, payments, balance transfers, cash advances, and any other activity involving any Defendant and/or Subject

2

Individuals and Entities, including but not limited to transactions made on or associated with any account or card held in the name of any Defendant and/or any Subject Individuals and Entities.

4.     All records reflecting the primary cardholders, authorized users, or persons with access to or control over any account or card held in the name of any Defendant and/or Subject Individuals and Entities.

5.     All credit applications, credit limit agreements, rewards program agreements, or other financial instruments entered into by any Defendant and/or Subject Individuals and Entities with EDWARD D JONES AND COMPANY, L.P.

6.     All non-privileged and non-SAR related records of flagged transactions or compliance reviews involving any Defendant and/or Subject Individuals and Entities.

7.     All records reflecting or relating to any freeze, hold, suspension, or restriction placed on any account or card associated with any Defendant and/or Subject Individuals and Entities.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Middle District of Florida

| | |
|---|---|
| CELEC EP | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 8:25-cv-03433 |
| PROGEN INDUSTRIES, Et Al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Wonderland Escrow Inc. Trust Account c/o Matthew S. Davis, Registered Agent
880 Apollo Street, Ste. 332, El Segundo, California 90245

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See attached Schedule "A".

| Place: Greenberg Traurig LLP, 1840 Century Park E, Ste. 1900, Los Angeles, CA 90067 OR via email (kellerc@gtlaw.com) | Date and Time: 07/06/2026 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/05/2026

*CLERK OF COURT*

OR

_____          /s/ Courtney M. Keller
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____ Plaintiff, CELEC EP _____, who issues or requests this subpoena, are:

Courtney M. Keller, Esq.; 450 S. Orange Ave., Ste. 650, Orlando, Florida 32801; (407) 254-2610; kellerc@gtlaw.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 8:25-cv-03433

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## DEFINITIONS AND INSTRUCTIONS

1.      This Subpoena seeks all information that is known or available to Wonderland Escrow, Inc., its agents, accountants, employees, officers, representatives, or investigators and unless privileged, its attorneys or its attorneys' agents, servants, employees, representatives or investigators.

2.      "Defendants" or "Defendant" refers to PROGEN INDUSTRIES, LLC; GENERTEK POWER CORP.; GENERTEK POWER INDUSTRIES, LLC; JOHN B. MANNING; W. WADE MANNING; ANDREW S. WILLIAMSON; ASTROBRYXA, S.A.; AP INSPECTIONS LATINOAMERICA, S.A.; A.P. INSPECTIONS LLC; H&S INDUSTRY, LLC; TWO LIONS HOLDINGS, LLC; AOT HOLDING AG; and/or GESTORES INMOBILIARIOS LIGHTBLUE, S.A..

3.      "Subject Individuals and Entities" refers to JOSE WALTHER MANRIQUE SUAREZ and KARLA SAUD CALERO, who are principals of Defendant ASTROBRYXA S.A.

4.      "CELEC" refers to the Strategic Public Company Electric Corporation of Ecuador.

5.      If you object to any request or part thereof on the basis of a claim of attorney-client or work product privilege, identify the privilege claimed as well as

each statement or communication for which such privilege is claimed, and provide a privilege log which identifies the following with respect to anything withheld:

a)   the date thereof;

b)   identify all persons present, if an oral communication, or the author(s) and all persons who received a copy of such communication (whether a direct recipient, carbon copy recipient, or blind carbon copy recipient), if written or digital;

c)   the employer and job title of each person listed in (b);

d)   identify the subject or description of the communication in a manner sufficient for Plaintiff's counsel to assess the applicability of any privilege; and

e)   the legal and factual basis for the assertion of privilege.

6.   Unless otherwise indicated, the timeframe for the documents requested in this Subpoena is from January 1, 2024 through present.

### DOCUMENTS AND THINGS TO BE PRODUCED

1.   All documents, communications, or records reflecting or relating to any payment made to or received from any Defendant/Subject Entity, including but not limited to invoices, receipts, wire transfer records, checks, ACH transfers, account statements, or any other records evidencing the reason for, purpose of, or basis for any such payment.

2