## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | | |
|---|---|---|
| **CELEC EP,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| **v.** | § | |
| | § | |
| | § | |
| **PROGEN INDUSTRIES, LLC;** | § | **CASE NO. 8:25-cv-03433-WFJ-SPF** |
| **GENERTEK POWER CORP.;** | § | |
| **GENERTEK POWER** | § | |
| **INDUSTRIES, LLC; JOHN B.** | § | |
| **MANNING; W. WADE** | § | |
| **MANNING; ANDREW S.** | § | |
| **WILLIAMSON; ASTROBRYXA,** | § | |
| **S.A.; ASTROBRYXA, LLC, AP** | § | |
| **INSPECTIONS** | § | |
| **LATINOAMERICA, S.A.; A.P.** | § | |
| **INSPECTIONS LLC; H&S** | § | |
| **INDUSTRY, LLC; TWO LIONS** | § | |
| **HOLDINGS, LLC; AOT** | § | |
| **HOLDING** | § | |
| **AG; GESTORES INMOBILIARIOS** | § | |
| **LIGHTBLUE, S.A., and DOES 1-** | § | |
| **99,** | § | |
| | § | |
| *Defendants.* | § | |

### DEFENDANT ASTROBRYXA LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT (DE 128)

Defendant Astrobryxa LLC, by and through its undersigned counsel, files its Answer and Affirmative Defenses to the Amended Complaint and Demand for Jury Trial filed by Plaintiff CELEC EP on June 2, 2026 (DE 128) (the "Amended Complaint").

## ANSWER TO ALLEGATIONS

1.      Astrobryxa LLC denies the allegations in Paragraph 1 of the Amended Complaint.

2.      Astrobryxa LLC denies the allegations in Paragraph 2 of the Amended Complaint.

3.      Astrobryxa LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3, and the same are therefore denied.

4.      Astrobryxa LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4, and the same are therefore denied.

5.      Astrobryxa LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5, and the same are therefore denied.

6.      Astrobryxa LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6, and the same are therefore denied.

7.      Astrobryxa LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7, and the same are therefore denied.

8.      Astrobryxa LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8, and the same are therefore denied.

9.      Astrobryxa LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9, and the same are therefore denied.

10.     Astrobryxa LLC admits the allegations in Paragraph 10 of the Amended Complaint.

11.     Astrobryxa LLC admits the allegations in Paragraph 11 of the Amended Complaint. Astrobryxa LLC denies any allegation, express or implied, that it was involved in, participated in, or had any knowledge of any purported conspiracy, fraudulent scheme, or improper transfer of funds. Astrobryxa LLC expressly disclaims any role in the alleged conduct and denies that it acted as a co-conspirator or in concert with any of the individuals or entities referenced.

12.     Astrobryxa LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12, and the same are therefore denied.

13.     Astrobryxa LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13, and the same are therefore denied.

14.     Astrobryxa LLC admits that H&S Industry, LLC is a Delaware limited liability company that was incorporated in 2019 but denies the remaining allegations in Paragraph 14 of the Amended Complaint.

15.     Astrobryxa LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15, and the same are therefore denied.

16.      Astrobryxa LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16, and the same are therefore denied.

17.     Astrobryxa LLC admits the allegations in Paragraph 17 of the Amended Complaint.

18.     For purposes of subject matter jurisdiction only, Astrobryxa LLC admits that this Court has subject matter jurisdiction over the claims in the Amended Complaint. Notwithstanding, Astrobryxa LLC denies that Plaintiff is entitled to any relief whatsoever on its claims against Astrobryxa LLC.

19.     For purposes of subject matter jurisdiction only, Astrobryxa LLC admits that this Court has subject matter jurisdiction over the state law (and common law) claims in the Amended Complaint. Notwithstanding, Astrobryxa LLC denies that Plaintiff is entitled to any relief whatsoever as to those claims against Astrobryxa LLC.

20.     Astrobryxa LLC admits that the Court has personal jurisdiction over it, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 20, and the same are therefore denied.

21.    Astrobryxa LLC admits that venue is proper in this Court and that the Court has personal jurisdiction over Astrobryxa LLC but lacks knowledge or information sufficient to form a belief as to whether the Court has personal jurisdiction over the other defendants.

22.    Astrobryxa LLC admits the allegations in Paragraph 22 of the Amended Complaint.

23.    Astrobryxa LLC admits the allegations in Paragraph 23 of the Amended Complaint.

24.    Astrobryxa LLC denies the allegations in Paragraph 24 of the Amended Complaint.

25.    Astrobryxa LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25, and the same are therefore denied.

26.    Astrobryxa LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26, and the same are therefore denied.

27.    Astrobryxa LLC denies the allegations in Paragraph 27 of the Amended Complaint.

28.    Astrobryxa LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28, and the same are therefore denied.

29.    Astrobryxa LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29, and the same are therefore denied.

30.    Astrobryxa LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30, and the same are therefore denied.

31.    Astrobryxa LLC admits that Plaintiff and Progen appear to have signed the contract attached as Exhibit B to Plaintiff's Amended Complaint, which speaks for itself. Astrobryxa LLC lacks knowledge or information sufficient to form a belief about the truth of all the remaining allegations in Paragraph 31, and the same are therefore denied.

32.    Astrobryxa LLC lacks knowledge or information sufficient to form a belief about the truth of all the remaining allegations in Paragraph 32, and the same are therefore denied.

33.    Astrobryxa LLC lacks knowledge or information sufficient to form a belief about the truth of all the remaining allegations in Paragraph 33, and the same are therefore denied.

34.    Astrobryxa LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34, and the same are therefore denied.

35. Astrobryxa LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35, and the same are therefore denied.

36. Astrobryxa LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36, and the same are therefore denied.

37. Astrobryxa LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37, and the same are therefore denied.

38. Astrobryxa LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38, and the same are therefore denied.

39. Astrobryxa LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39, and the same are therefore denied.

40. Astrobryxa LLC admits only that Plaintiff and Progen appear to have signed the contract, attached as Exhibit E to the Amended Complaint, which speaks for itself. Astrobryxa LLC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 40, and the same are therefore denied.

41.     Astrobryxa LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 41, and the same are therefore denied.

42.     Astrobryxa LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 42, and the same are therefore denied.

43.     Astrobryxa LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 43, and the same are therefore denied.

44.     Astrobryxa LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 44, and the same are therefore denied.

45.     Astrobryxa LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 45, and the same are therefore denied.

46.     Astrobryxa LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 46, and the same are therefore denied.

47.     Astrobryxa LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 47, and the same are therefore denied.

48. Astrobryxa LLC denies the allegations in Paragraph 48 of the Amended Complaint.

49. Astrobryxa LLC denies the allegations in Paragraph 49 of the Amended Complaint.

50. Astrobryxa LLC denies the allegations in Paragraph 50 of the Amended Complaint.

51. Astrobryxa LLC denies the allegations in Paragraph 51 of the Amended Complaint.

52. Astrobryxa LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 52, and the same are therefore denied.

53. Astrobryxa LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 53, and the same are therefore denied.

54. Astrobryxa LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 54, and the same are therefore denied.

55. Astrobryxa LLC denies the allegations in Paragraph 55 of the Amended Complaint.

56. Astrobryxa LLC denies the allegations in Paragraph 56 of the Amended Complaint.

57. Astrobryxa LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 57, and the same are therefore denied.

58. Astrobryxa LLC denies the allegations in Paragraph 58 of the Amended Complaint.

59. Astrobryxa LLC denies the allegations in Paragraph 59 of the Amended Complaint.

60. Astrobryxa LLC denies the allegations in Paragraph 60 of the Amended Complaint.

61. Astrobryxa LLC denies the allegations in Paragraph 61 of the Amended Complaint.

62. Astrobryxa LLC denies the allegations in Paragraph 62 of the Amended Complaint.

63. Astrobryxa LLC denies the allegations in Paragraph 63 of the Amended Complaint.

64. Astrobryxa LLC denies the allegations in Paragraph 64 of the Amended Complaint.

65. Astrobryxa LLC denies the allegations in Paragraph 65 of the Amended Complaint.

66. Astrobryxa LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 66, and the same are therefore denied.

67. Astrobryxa LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 67, and the same are therefore denied.

68. Astrobryxa LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 68, and the same are therefore denied.

69. Astrobryxa LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 69, and the same are therefore denied.

70. Astrobryxa LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 70, and the same are therefore denied.

71. Astrobryxa LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 71, and the same are therefore denied.

72. Astrobryxa LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 72, and the same are therefore denied.

73. Astrobryxa LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 73, and the same are therefore denied.

74. Astrobryxa LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 74, and the same are therefore denied.

75. Astrobryxa LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the first four sentences of Paragraph 75, ending with "[a]s such, that account was established exclusively to perpetrate fraud against CELEC." Astrobryxa LLC denies the allegations in the last sentence of Paragraph 75 beginning with "[f]rom September 30, 2024. . . ."

76. Astrobryxa LLC denies the allegations in Paragraph 76 of the Amended Complaint.

77. Astrobryxa LLC denies the allegations in Paragraph 77 of the Amended Complaint.

78. Astrobryxa LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 78, and the same are therefore denied.

79. Astrobryxa LLC denies the allegations in Paragraph 79 of the Amended Complaint.

80. Astrobryxa LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 80, and the same are therefore denied.

81.     Astrobryxa LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 81, and the same are therefore denied.

82.     Astrobryxa LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 82, and the same are therefore denied.

## COUNT I – VIOLATIONS OF RICO, 18 U.S.C. § 1962(c)

83.     Astrobryxa LLC repeats and incorporates its answer to Paragraphs 1-82 of the Amended Complaint.

84.     The allegations in Paragraph 84 are not a short and plain statement of the claim showing that the pleader is entitled to relief. They are legal conclusions to which no response should be required. If a response is required, then Astrobryxa LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 84, and the same are therefore denied.

85.     Astrobryxa LLC denies the allegations in Paragraph 85 of the Amended Complaint.

86.     Astrobryxa LLC denies the allegations in Paragraph 86 of the Amended Complaint.

87.     Astrobryxa LLC denies the allegations in Paragraph 87 of the Amended Complaint.

88.     Astrobryxa LLC denies the allegations in Paragraph 88 of the Amended Complaint.

89. Astrobryxa LLC denies the allegations in Paragraph 89 of the Amended Complaint.

90. Astrobryxa LLC denies the allegations in Paragraph 90 of the Amended Complaint, including all subparagraphs (i) through (ix).

91. Astrobryxa LLC denies the allegations in Paragraph 91 of the Amended Complaint.

92. Astrobryxa LLC denies the allegations in Paragraph 92 of the Amended Complaint.

93. Astrobryxa LLC denies the allegations in Paragraph 93 of the Amended Complaint.

94. Astrobryxa LLC denies the allegations in Paragraph 94 of the Amended Complaint.

95. Astrobryxa LLC denies the allegations in Paragraph 95 of the Amended Complaint.

96. Astrobryxa LLC denies the allegations in Paragraph 96 of the Amended Complaint.

## COUNT II – VIOLATIONS OF THE FLORIDA RICO ACT, FLA. STAT. § 895.03

97. Astrobryxa repeats and incorporates its answers to Paragraphs 1-82 of the Amended Complaint.

98. The allegations in Paragraph 98 are not a short and plain statement of the claim showing that the pleader is entitled to relief. They are legal conclusions to which

no response should be required. If a response is required, then Astrobryxa LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 98, and the same are therefore denied.

99.     Astrobryxa LLC denies the allegations in Paragraph 99 of the Amended Complaint.

100.     Astrobryxa LLC denies the allegations in Paragraph 100 of the Amended Complaint, including subparagraphs (i) through (ix).

101.     Astrobryxa LLC denies the allegations in Paragraph 101 of the Amended Complaint.

102.     Astrobryxa LLC denies the allegations in Paragraph 102 of the Amended Complaint.

## COUNT III – VIOLATIONS OF THE FLORIDA UNFAIR AND DECEPTIVE [SIC] TRADE PRACTICES ACT (FDUTPA)

103.     Astrobryxa LLC repeats and incorporates its answers to Paragraphs 1-82 of the Amended Complaint.

104.     The allegations in Paragraph 104 are not a short and plain statement of the claim showing that the pleader is entitled to relief. They are legal conclusions to which no response should be required. If a response is required, then Astrobryxa LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 104, and the same are therefore denied.

105.     Astrobryxa LLC denies the allegations in Paragraph 105 of the Amended Complaint, including subparagraphs (i) through (viii).

106. Astrobryxa LLC denies the allegations in Paragraph 106 of the Amended Complaint.

107. Astrobryxa LLC denies the allegations in Paragraph 107 of the Amended Complaint.

## COUNT IV – CONVERSION

108. Astrobryxa LLC repeats and incorporates its answers to Paragraphs 1-82 of the Amended Complaint.

109. Astrobryxa LLC denies the allegations in Paragraph 109 of the Amended Complaint, including subparagraphs (i) through (vi).

110. Astrobryxa LLC denies the allegations in Paragraph 110 of the Amended Complaint.

111. Astrobryxa LLC denies the allegations in Paragraph 111 of the Amended Complaint.

112. Astrobryxa LLC denies the allegations in Paragraph 112 of the Amended Complaint.

## COUNT V – CONSTRUCTIVE TRUST

113-115. Count V of the Amended Complaint (paragraphs 113-115) is not brought against Astrobryxa LLC. As such, Astrobryxa LLC should not have to answer Count V. If an answer is required, then Astrobryxa LLC denies the allegations in Paragraphs 113-115, including all subparagraphs and the "wherefore" clause.

## COUNT VI – FRAUDULENT TRANSFER

116. Astrobryxa LLC repeats and incorporates its answers to Paragraphs 1-82.

117. Astrobryxa LLC admits that Count VI purports to be a claim brought under Florida's Uniform Fraudulent Transfer Act, Fla. Stat. §§ 726.101 *et seq.* (the "UFTA"), but denies that Plaintiff is entitled to any relief whatsoever by this claim as against Astrobryxa LLC.

118. Astrobryxa LLC denies the allegations in Paragraph 118 of the Amended Complaint. Astrobryxa LLC further denies that Plaintiff has standing under the UFTA because it did not have a valid, enforceable claim or debt against Progen, as the alleged fraudulent transferor, and Progen was not Plaintiff's debtor. As such, Plaintiff lacks a claim under the UFTA against Astrobryxa LLC, as an alleged transferee.

119. Astrobryxa LLC denies the allegations in Paragraph 119 of the Amended Complaint.

120. Astrobryxa LLC denies the allegations in Paragraph 120 of the Amended Complaint.

121. Astrobryxa LLC denies the allegations in Paragraph 121 of the Amended Complaint, including subparagraphs (a) through (h).

122. Astrobryxa LLC denies the allegations in Paragraph 122 of the Amended Complaint, including subparagraphs (a) through (f).

123. Astrobryxa LLC denies the allegations in Paragraph 123 of the Amended Complaint, including subparagraphs (a) through (c).

124.   Astrobryxa LLC denies the allegations in Paragraph 124 of the Amended Complaint.

WHEREFORE, having asserted its Answer to the Amended Complaint, Astrobryxa LLC demands judgment in its favor and against CELEC, that CELEC take nothing by this action, that Astrobryxa LLC be awarded its taxable costs, and that the Court order any further relief that is reasonable and just. Pursuant to Fla. Stat. § 501.2105, Astrobryxa LLC also demands entitlement to its reasonable attorneys' fees against Plaintiff if it is found to be the prevailing party under the Florida Deceptive and Unfair Trade Practices Act claim (Count III) in the Amended Complaint.

## AFFIRMATIVE DEFENSES

As and for its defenses and affirmative defenses to the Amended Complaint, Astrobryxa LLC avers as follows:

### I.   FIRST AFFIRMATIVE DEFENSE

Count I and Count II of the Amended Complaint (federal and state RICO claims) fail to state a claim upon which relief can be granted. Plaintiff has failed to allege a "domestic injury," required to maintain a private cause of action under RICO. *See RJR Nabisco, Inc. v. European Cmty.,* 579 U.S. 325, 354 (2016) (requiring "a civil RICO plaintiff to allege and prove a domestic injury to business or property" and holding that the RICO statute "does not allow recovery for foreign injuries"). In the Amended Complaint, Plaintiff alleges that: (i) Plaintiff is an Ecuadorian strategic public service "responsible for the generation, transmission, and distribution of electricity in Ecuador"; (ii) Plaintiff solicited bids from American companies in

Ecuador; (iii) the equipment under the Quevedo and Salitral Contracts (the "Contracts") were shipped to Ecuador; and (iv) Plaintiff discovered the alleged defective products delivered under the Quevedo and Salitral Contracts in Ecuador.

All these factual allegations by Plaintiff suggest that any injury it claims to have suffered was suffered *in Ecuador*, not the United States. The Contracts at issue in this case are governed by Ecuadorian law and subject to Ecuadorian government contracting rules and regulations. Plaintiff has not alleged a domestic injury to its business or property and, therefore, cannot sustain its claims in Counts I and II.

## II.    SECOND AFFIRMATIVE DEFENSE

Plaintiff's conversion claim (Count IV) fails to state a claim upon which relief can be granted because Plaintiff bases its conversion claim on a general obligation to pay money, or a contract dispute, and those damages are not capable of conversion under Florida law. Florida courts have consistently held that a claim for conversion cannot be based on a general obligation to pay money or a breach of contract. Money is only capable of being converted if it is a specific fund capable of separate identification, such as money delivered at one time, by one act, and in one mass, or where the deposit is special and the identical money is to be kept for the party making the deposit.

## III.    THIRD AFFIRMATIVE DEFENSE

Count VI of the Amended Complaint (the UFTA claim) fails to state a claim against Astrobryxa LLC upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). The Amended Complaint fails to identify any specific transfer(s) to

Astrobryxa LLC (as Progen's alleged transferee) which Plaintiff claims are either actual or constructively fraudulent transfers. To allege a claim under the UFTA, a complaint must plead that: (1) there was a creditor to be defrauded; (2) a debtor intending fraud; and (3) <u>a conveyance of property</u> which could have been applicable to the payment of the debt due. *Nationsbank, N.A. v. Coastal Util., Inc.*, 814 So. 2d 1227, 1228 (Fla. 4th DCA 2008), *superseded on other grounds* (citation omitted). Count VI fails to plead any specific transfer(s) or conveyances of property to Astrobryxa LLC, as an alleged transferee, which Plaintiff claims is a fraudulent transfer.

## IV.    FOURTH AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim against Astrobryxa LLC upon which relief can be granted because it improperly lumps Astrobryxa LLC together with all "Defendants" (plural), as "co-conspirators", as "Transferee Defendants," and as "Insider Transferees" with no specific factual allegations of wrongdoing by Astrobryxa LLC. That renders the Amended Complaint confusing and vague as against Astrobryxa LLC. *See, e.g.,* Am. Compl., ¶ 1 (alleging "*Defendants*" and their "co-conspirators" *formed a criminal enterprise*) (emphasis added); ¶ 24 (alleging "*Defendants* and their co-conspirators took advantage of [Ecuador's energy] crisis to the detriment of Plaintiff. . . .") (emphasis added); ¶ 56 (alleging AP Inspections Latinoamerica and A.P. Inspection LLC "participated in the criminal enterprise with the *rest of Defendants*. . .") (emphasis added). This practice of lumping defendants together is widely condemned by trial and appellate courts. *E.g., Weiland v. Palm Beach*

*Cty. Sheriff's Office,* 792 F.3d 1313, 1323 (11th Cir. 2015) (describing the lumping of Defendants together "without specifying which of the defendants are responsible for which acts or omissions" as a pleading "sin" that renders a complaint a "shotgun pleading").

## V.    FIFTH AFFIRMATIVE DEFENSE

Any money damages found to be due to Plaintiff should be reduced or offset in the amount of any money or other compensation Plaintiff has received or will receive from Seguros Confianza S.A., which reimbursed Plaintiff for the amounts it is now claiming in this lawsuit.

## VI.    SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by Plaintiff's failure to mitigate its damages and for the damages it caused through its interference and delay in completion of the projects.

## VII.   SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Astrobryxa LLC are barred by the independent tort doctrine. Plaintiff's claims are derived from the terms of the contracts between Plaintiff and Progen, and the tort claims contain no facts or alleged damages different from a contract dispute. The independent tort doctrine provides that a breach of contractual terms may not form the basis for a claim in tort, and a plaintiff may not circumvent a contractual relationship by bringing an action in tort for damages, which are the same as those which may be brought for a breach of contract.

## VIII. EIGHTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring a claim under the UFTA (Count VI of the Amended Complaint) because it did not (and does not) have a valid, enforceable claim or debt against Progen Industries, LLC, the alleged transferor ("Progen"), giving Plaintiff creditor status against Progen, or otherwise making Progen its debtor. As such, Plaintiff has no valid UFTA claim against Astrobryxa LLC, as an alleged transferee of Progen. The Amended Complaint alleges nothing more than a contract dispute between Plaintiff and Progen. Plaintiff purportedly paid Progen under the contract between them, and Progen paid its subcontractors as it was required to do. Plaintiff is trying to improperly turn those contractual payments that it voluntarily made to Progen into alleged fraudulent transfers, somehow claiming that Progen's subcontractors were transferees under the UFTA.

## IX.   NINTH AFFIRMATIVE DEFENSE

Assuming for the sake of argument that Plaintiff has standing to bring its UFTA claim (Count VI) (which is denied), and assuming that Astrobryxa LLC received any funds from Astrobryxa, S.A., any funds received by Astrobryxa LLC were properly earned and received and appropriate value and consideration were given for the payments pursuant to contracts and subcontracts. The Amended Complaint alleges nothing more than a contract dispute between Plaintiff and Progen. Plaintiff purportedly paid Progen under the contract between them, and Progen paid its subcontractors.

## X. TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because any act or omission by Astrobryxa LLC was not the legal or proximate cause of Plaintiff's alleged damages (assuming Plaintiff suffered damages, which is denied). If Plaintiff sustained any damages (which is denied), then it is the result of acts or omissions of Plaintiff, or of others under Plaintiff's direction or control.

## XI. ELEVENTH AFFIRMATIVE DEFENSE

Count III of the Amended Complaint – a claim under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") fails for the following reasons:

(a)    Assuming for the sake of argument that Plaintiff can establish liability under the FDUTPA (which is denied), Plaintiff suffered no actual damages; and

(b)    FDUTPA's safe harbor provision (Fla. Stat. § 501.212(1)) expressly excludes claims relating to "[a]n act or practice required or specifically permitted by federal or state law." The Amended Complaint describes the sale and installation of power generators which fall under this safe harbor provision.

WHEREFORE, having asserted its defenses and affirmative defenses, Astrobryxa LLC demands judgment in its favor and against Plaintiff, that Plaintiff take nothing by this action, and that Astrobryxa LLC be awarded its taxable costs. Pursuant to Fla. Stat. § 501.2105, Astrobryxa LLC also demands entitlement to its reasonable attorneys' fees against Plaintiff if it is found to be the prevailing party under the Florida Deceptive and Unfair Trade Practices Act claim (Count III) in the Amended Complaint.

Respectfully submitted,

FERGUSON BRASWELL FRASER KUBASTA PC

*/s/Enrique A. Jaramillo Vargas*
Enrique A. Jaramillo Vargas*
Texas Bar No. 24132917
*Admitted Pro Hac Vice*
ejaramillo@fbfk.law
Kenneth H. Holt
Texas Bar No. 00793012
*Admitted Pro Hac Vice*
kholt@fbfk.law
3200 Southwest Freeway, Suite 3200
Houston, Texas 77027
T: (713) 403-4200
F: (713) 403-4201

    *Designated Lead Counsel
(L.R. 2.02(a))

*-and-*

Christopher W. Prusaski
Florida Bar No. 121525
PRUSASKI-LAW, P.A.
7879 Red River Road
West Palm Beach, Florida 33411
Telephone: (561) 310-6680
Email: chris@prusaski-law.com

*Co-Counsel for Defendant Astrobryxa LLC*


## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2026, a true and correct copy of the foregoing Answer was served on all parties of record, via the Court's CM/ECF system.


      */s/    Enrique A. Jaramillo Vargas*
      Enrique A. Jaramillo Vargas


Page 24 of 24