# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA, DIVISION

| | | |
|---|---|---|
| CELEC EP,<br><br>    *Plaintiff,*<br><br>v.<br><br>PROGEN INDUSTRIES, LLC;<br>GENERTEK POWER CORP.;<br>GENERTEK POWER<br>INDUSTRIES, LLC; JOHN B.<br>MANNING; W. WADE<br>MANNING; ANDREW S.<br>WILLIAMSON; ASTROBRYXA,<br>S.A.; ASTROBRYXA, LLC, AP<br>INSPECTIONS<br>LATINOAMERICA, S.A.; A.P.<br>INSPECTIONS LLC; H&S<br>INDUSTRY, LLC; TWO LIONS<br>HOLDINGS, LLC; AOT<br>HOLDING<br>AG; GESTORES INMOBILIARIOS<br>LIGHTBLUE, S.A., and DOES 1-<br>99,<br><br>    *Defendants.* | § § § § § § § § § § § § § § § § § § § § § § § § § | CASE NO. 8:25-cv-03433-WFJ-SPF |

## DEFENDANT H&S INDUSTRY, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT (DE 128)

Defendant H&S Industry, LLC ("H&S"), by and through its undersigned counsel, files its Answer and Affirmative Defenses to the Amended Complaint and Demand for Jury Trial filed by Plaintiff CELEC EP on June 2, 2026 (DE 128) (the "Amended Complaint").

## ANSWER TO ALLEGATIONS

1.     H&S denies the allegations in Paragraph 1 of the Amended Complaint.

2.     H&S denies the allegations in Paragraph 2 of the Amended Complaint.

3.     H&S lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3, and the same are therefore denied.

4.     H&S lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4, and the same are therefore denied.

5.     H&S lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5, and the same are therefore denied.

6.     H&S lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6, and the same are therefore denied.

7.     H&S lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7, and the same are therefore denied.

8.     H&S lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8, and the same are therefore denied.

9.     H&S lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9, and the same are therefore denied.

10.     H&S admits the allegations in Paragraph 10 of the Amended Complaint.

11.     H&S lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11, and the same are therefore denied.

12.     H&S lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12, and the same are therefore denied.

13.     H&S lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13, and the same are therefore denied.

14.     H&S admits it is a Delaware limited liability company that was incorporated in 2019 but denies the remaining allegations in Paragraph 14 of the Amended Complaint.

15.     H&S lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15, and the same are therefore denied.

16.     H&S lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16, and the same are therefore denied.

17.     H&S lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17, and the same are therefore denied.

18.     H&S lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18, and the same are therefore denied.

19.     H&S lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19, and the same are therefore denied.

20.     H&S does not contest that the Court has personal jurisdiction over it, but denies the claim in Paragraph 20 that it "conspired to and engaged in tortious conduct in and related to Florida. . . ." H&S lacks knowledge or information sufficient to form a belief about all remaining allegations in Paragraph 20 of the Amended Complaint (including but not limited to the personal jurisdiction of the other Defendants).

21.    H&S admits that venue is proper in this Court, but lacks knowledge or information sufficient to form a belief about all remaining allegations in Paragraph 21 of the Amended Complaint.

22.    H&S admits the allegations in Paragraph 22 of the Amended Complaint.

23.    H&S admits the allegations in Paragraph 23 of the Amended Complaint.

24.    H&S denies the allegations in Paragraph 24 of the Amended Complaint.

25.    H&S lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25, and the same are therefore denied.

26.    H&S denies Progen acted "under the name of" H&S. H&S admits invitations were extended to Ecuadorian government personnel to visit facilities in Florida in May 2024. H&S lacks knowledge or information sufficient to form a belief about the truth of the allegation that Progen "supposedly" manufactured and was holding generators in Tampa, Florida; therefore, those allegations are denied. Astrobryxa lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 26, and the same are therefore denied.

27.    H&S denies the allegations in paragraph 27 of the Amended Complaint.

28.    H&S lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28, and the same are therefore denied.

29.    H&S lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29, and the same are therefore denied.

30.    H&S lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30, and the same are therefore denied.

31.     H&S lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31, and the same are therefore denied.

32.     H&S lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32, and the same are therefore denied.

33.     H&S lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33, and the same are therefore denied.

34.     H&S lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34, and the same are therefore denied.

35.     H&S lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35, and the same are therefore denied.

36.     H&S lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36, and the same are therefore denied.

37.     H&S lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37, and the same are therefore denied.

38.     H&S lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38, and the same are therefore denied.

39.     H&S lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39, and the same are therefore denied.

40.     H&S lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 40, and the same are therefore denied.

41.     H&S lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 41, and the same are therefore denied.

42. H&S lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 42, and the same are therefore denied.

43. H&S lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 43, and the same are therefore denied.

44. H&S lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 44, and the same are therefore denied.

45. H&S denies Progen acted "under the name of" H&S. H&S lacks knowledge or information sufficient to form a belief about the truth of all remaining allegations in Paragraph 45, and the same are therefore denied.

46. H&S lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 46, and the same are therefore denied.

47. H&S lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 47, and the same are therefore denied.

48. H&S denies the allegations in Paragraph 48 of the Amended Complaint.

49. H&S denies the allegations in Paragraph 49 of the Amended Complaint.

50. H&S denies the allegations in Paragraph 50 of the Amended Complaint.

51. H&S denies the allegations in Paragraph 51 of the Amended Complaint.

52. H&S lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 52, and the same are therefore denied.

53. H&S lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 53, and the same are therefore denied.

54.     H&S lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 54, and the same are therefore denied.

55.     H&S denies the allegations in Paragraph 55 of the Amended Complaint.

56.     H&S denies the allegations in Paragraph 56 of the Amended Complaint.

57.     H&S lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 57, and the same are therefore denied.

58.     H&S denies the allegations in Paragraph 58 of the Amended Complaint.

59.     H&S denies the allegations in Paragraph 59 of the Amended Complaint.

60.     H&S denies the allegations in Paragraph 60 of the Amended Complaint.

61.     H&S denies the allegations in Paragraph 61 of the Amended Complaint.

62.     H&S lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 62, and the same are therefore denied.

63.     H&S lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 63, and the same are therefore denied.

64.     H&S lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 64, and the same are therefore denied.

65.     H&S lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 65, and the same are therefore denied.

66.     H&S lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 66, and the same are therefore denied.

67.     H&S lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 67, and the same are therefore denied.

68. H&S lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 68, and the same are therefore denied.

69. H&S lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 69, and the same are therefore denied.

70. H&S lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 70, and the same are therefore denied.

71. H&S lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 71, and the same are therefore denied.

72. H&S lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 72, and the same are therefore denied.

73. H&S lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 73, and the same are therefore denied.

74. H&S lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 74, and the same are therefore denied.

75. H&S lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the first four sentences of Paragraph 75, ending with "[a]s such, that account was established exclusively to perpetrate fraud against CELEC." H&S denies the allegations in the last sentence of Paragraph 75 beginning with "[f]rom September 30, 2024. . . ."

76. H&S denies the allegations in Paragraph 76 of the Amended Complaint.

77. H&S denies the allegations in Paragraph 77 of the Amended Complaint.

78.    H&S lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 78, and the same are therefore denied.

79.    H&S denies the allegations in Paragraph 79 of the Amended Complaint.

80.    H&S lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 80, and the same are therefore denied.

81.    H&S lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 81, and the same are therefore denied.

82.    H&S lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 82, and the same are therefore denied.

### COUNT I – VIOLATIONS OF RICO, 18 U.S.C. § 1962(c)

83-96. Count I of the Amended Complaint (paragraphs 83-96) is not brought against H&S. As such, H&S should not have to answer Count I. If an answer is required, then H&S denies the allegations in Paragraphs 83-96, including all subparagraphs and the "wherefore" clause.

### COUNT II – VIOLATIONS OF THE FLORIDA RICO ACT, FLA. STAT. § 895.03

97-102. Count II of the Amended Complaint (paragraphs 97-102) is not brought against H&S. As such, H&S should not have to answer Count II. If an answer is required, then H&S denies the allegations in Paragraphs 97-102, including all subparagraphs and the "wherefore" clause.

## COUNT III – VIOLATIONS OF THE FLORIDA UNFAIR AND DECEPTIVE [SIC] TRADE PRACTICES ACT (FDUTPA)

103-107. Count III of the Amended Complaint (paragraphs 103-107) is not brought against H&S. As such, H&S should not have to answer Count III. If an answer is required, then H&S denies the allegations in Paragraphs 103-107, including all subparagraphs and the "wherefore" clause.

## COUNT IV – CONVERSION

108-112. Count IV of the Amended Complaint (paragraphs 108-112) is not brought against H&S. As such, H&S should not have to answer Count IV. If an answer is required, then H&S denies the allegations in Paragraphs 108-112, including all subparagraphs and the "wherefore" clause.

## COUNT V – CONSTRUCTIVE TRUST

113-115. Count V of the Amended Complaint (paragraphs 113-115) is not brought against H&S. As such, H&S should not have to answer Count V. If an answer is required, then H&S denies the allegations in Paragraphs 113-115, including all subparagraphs and the "wherefore" clause.

## COUNT VI – FRAUDULENT TRANSFER

116. H&S repeats and incorporates its answers to Paragraphs 1-82.

117. H&S admits that Count VI purports to be a claim brought under Florida's Uniform Fraudulent Transfer Act, Fla. Stat. §§ 726.101 *et seq.* (the "UFTA"), but denies that Plaintiff is entitled to any relief whatsoever by this claim as against H&S.

118.   H&S denies the allegations in Paragraph 118 of the Amended Complaint. H&S further denies that Plaintiff has standing under the UFTA because it did not have a valid, enforceable claim or debt against Progen, as the alleged fraudulent transferor, and Progen was not Plaintiff's debtor. As such, Plaintiff lacks a claim under the UFTA against H&S, as an alleged transferee.

119.   H&S denies the allegations in Paragraph 119 of the Amended Complaint.

120.   H&S denies the allegations in Paragraph 120 of the Amended Complaint.

121.   H&S denies the allegations in Paragraph 121 of the Amended Complaint, including subparagraphs (a) through (h).

122.   H&S denies the allegations in Paragraph 122 of the Amended Complaint, including subparagraphs (a) through (f).

123.   H&S denies the allegations in Paragraph 123 of the Amended Complaint, including subparagraphs (a) through (c).

124.   H&S denies the allegations in Paragraph 124 of the Amended Complaint.

WHEREFORE, having asserted its Answer to the Amended Complaint, H&S demands judgment in its favor and against CELEC, that CELEC take nothing by this action, that H&S be awarded its taxable costs, and that the Court order any further relief that is reasonable and just.

## DEFENSES AND AFFIRMATIVE DEFENSES

As and for its defenses and affirmative defenses to the Amended Complaint, H&S avers as follows:

## I. FIRST AFFIRMATIVE DEFENSE

Count VI of the Amended Complaint (the UFTA claim) fails to state a claim against H&S upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). The Amended Complaint fails to identify any transfer(s) to H&S (as Progen's alleged transferee) which Plaintiff claims are either actual or constructively fraudulent transfers. To allege a claim under the UFTA, a complaint must plead that: (1) there was a creditor to be defrauded; (2) a debtor intending fraud; and (3) <u>a conveyance of property</u> which could have been applicable to the payment of the debt due. *Nationsbank, N.A. v. Coastal Util., Inc.*, 814 So. 2d 1227, 1228 (Fla. 4th DCA 2008), *superseded on other grounds* (citation omitted). Count VI fails to plead any specific transfer(s) or conveyances of property to H&S, as an alleged transferee, which Plaintiff claims is a fraudulent transfer.

Instead, Count VI improperly lumps H&S together with the other defendants as "Transferee Defendants" and "Insider Transferees" with no specific allegations (or transfers) pertaining to H&S. That lumping of H&S together with all other "defendants" (plural) and purportedly as a "co-conspirator" also appears throughout the Amended Complaint, even though Counts I through V (the federal and Florida RICO claims, FDUTPA, conversion, etc.) are not even brought against H&S. That renders the Amended Complaint confusing and vague as against H&S. *See, e.g.,* Am. Compl., ¶ 1 (alleging "*Defendants*" and their "co-conspirators" *formed a criminal enterprise*) (emphasis added); ¶ 24 (alleging "*Defendants* and their co-conspirators took

advantage of [Ecuador's energy] crisis to the detriment of Plaintiff. . . .") (emphasis added); ¶ 56 (alleging AP Inspections Latinoamerica and A.P. Inspection LLC "participated in the criminal enterprise with the *rest of Defendants*. . .") (emphasis added).

This practice of lumping defendants together is widely condemned by trial and appellate courts. *E.g., Weiland v. Palm Beach Cty. Sheriff's Office,* 792 F.3d 1313, 1323 (11th Cir. 2015) (describing the lumping of Defendants together "without specifying which of the defendants are responsible for which acts or omissions" as a pleading "sin" that renders a complaint a "shotgun pleading").

## II. SECOND AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring a claim under the UFTA (Count VI of the Amended Complaint) because it did not (and does not) have a valid, enforceable claim or debt against Progen Industries, LLC, the alleged transferor ("Progen"), giving Plaintiff creditor status against Progen, or otherwise making Progen its debtor. As such, Plaintiff has no valid UFTA claim against H&S, as an alleged transferee of Progen. The Amended Complaint alleges nothing more than a contract dispute between Plaintiff and Progen. Plaintiff purportedly paid Progen under the contract between them, and Progen paid its subcontractors as it was required to do. Plaintiff is trying to improperly turn those contractual payments that it voluntarily made to Progen into alleged fraudulent transfers, somehow claiming that Progen's subcontractors were transferees under the UFTA.

### III. THIRD AFFIRMATIVE DEFENSE

Assuming for the sake of argument that Plaintiff has standing to bring its UFTA claim (Count VI) (which is denied), and assuming that H&S received any funds from Astrobryxa, S.A., any funds received by H&S were properly earned and received and appropriate value and consideration were given for the payments pursuant to contracts and subcontracts. The Amended Complaint alleges nothing more than a contract dispute between Plaintiff and Progen. Plaintiff purportedly paid Progen under the contract between them, and Progen paid its subcontractors. As such, there could not be fraudulent transfers from or by Progen.

WHEREFORE, having asserted its defenses and affirmative defenses, H&S demands judgment in its favor and against Plaintiff, that Plaintiff take nothing by this action, and that H&S be awarded its taxable costs.

Respectfully submitted,

FERGUSON BRASWELL FRASER KUBASTA PC

*/s/ Enrique A. Jaramillo Vargas*
Enrique A. Jaramillo Vargas*
Texas Bar No. 24132917
*Admitted Pro Hac Vice*
ejaramillo@fbfk.law
Kenneth H. Holt
Texas Bar No. 00793012
*Admitted Pro Hac Vice*
kholt@fbfk.law
3200 Southwest Freeway, Suite 3200
Houston, Texas 77027
T: (713) 403-4200
F: (713) 403-4201
    *Designated Lead Counsel
    (L.R. 2.02(a))

*-and-*

Christopher W. Prusaski
Florida Bar No. 121525
PRUSASKI-LAW, P.A.
7879 Red River Road
West Palm Beach, Florida 33411
Telephone: (561) 310-6680
Email: chris@prusaski-law.com

*Co-Counsel for Defendant H&S Industry, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2026, a true and correct copy of the foregoing Answer was served on all parties of record, via the Court's CM/ECF system.

/s/    *Enrique A. Jaramillo Vargas*
Enrique A. Jaramillo Vargas