## THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

CELEC EP,

        Plaintiff,

v.

PROGEN INDUSTRIES, LLC, et. al.,

        Defendants.

Case No. 8:25-cv-03433-WFJ-SPF

### PLAINTIFF CELEC'S UNOPPOSED MOTION FOR LEAVE TO FILE UNDER SEAL EXHIBIT A IN SUPPORT OF ITS MOTION TO DISMISS ASTROBRYXA, S.A.'S COUNTERCLAIMS

Plaintiff CELEC EP ("CELEC"), by and through undersigned counsel, respectfully moves this Court pursuant to the Confidentiality Order in place in this case [D.E. 135 & D.E. 138] and M.D. Fla. Local Rule 1.11(c), for leave to file under seal Exhibit A to its Motion to Dismiss Astrobryxa, S.A.'s ("Astrobryxa") Counterclaims (the "Motion to Dismiss") [D.E. 162].

1.      Exhibit A is the subcontract between Astrobryxa and Progen Industries, LLC ("Progen").

2.      CELEC seeks to attach it to its Motion to Dismiss so the Court may properly consider it, for the subcontract is incorporated by reference to Astrobryxa's Counterclaims.  Further, the subcontract is relevant to CELEC's Motion to Dismiss because it shows CELEC is not a party or third-party beneficiary to the contract between Progen and Astrobryxa.

3.    Astrobryxa produced the subcontract to CELEC during the course of discovery and designated it as "Confidential" pursuant to the parties' confidentiality agreement.  *See* D.E. 135 & 138.

4.    CELEC recognizes that a party designating a document, discovery, testimony, or other information as "Confidential" does not satisfy that party's obligation to prove to the court that there is good cause for sealing those same documents if they are submitted with pretrial motions that require judicial resolution of the merits or at trial.  *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312 (11th Cir. 2001).

5.    Ordinarily, under the Confidentiality Agreement, it would be Astrobryxa—the party who designated the material as Confidential—not CELEC who would bear the burden of demonstrating to the Court that such materials should be filed under seal.  *See* D.E. 135 & D.E. 138.  However, here, CELEC was unable to provide Astrobryxa with the 10-day notice of intent to file Confidential information with the Court, as is required by the parties' Confidentiality Agreement.  *See* D.E. 135 & 138.

6.    Therefore, out of an abundance of caution and respect to the Astrobryxa's interest in the subcontract, CELEC files this present motion for leave to file the subcontract under seal.

7.    Candidly, CELEC does not think Astrobryxa can meet the Court's very high burden for sealing.

8.      Since only Astrobryxa, not Progen, designated the subcontract as Confidential, to CELEC's understanding, this Motion only affects Astrobryxa's interests, not Progen's interests.

9.      Astrobryxa does not oppose CELEC's request to file the exhibit under seal.

10.     Accordingly, CELEC is filing this unopposed Motion to Seal as an alternative to the path delineated in the Confidentiality Agreement (which involves giving Astrobryxa ten days' notice prior to filing), given that strict adherence to that notice period would have required CELEC to either delay its Motion to Dismiss or file Exhibit A publicly without affording Astrobryxa an opportunity to be heard—neither of which is consistent with the spirit of the parties' Confidentiality Agreement or the interests of orderly and fair proceedings before this Court.

WHEREFORE, for the reasons set forth herein, CELEC requests this Court enter an Order directing CELEC how to handle the filing of Exhibit A, and entering such other relief as may be just and necessary under the circumstances.

## LOCAL RULE 3.01(g) CERTIFICATION

Counsel for CELEC conferred with counsel for Astrobryxa on July 21, 2026, via email, copying the Progen Defendants.  Astrobryxa does not oppose the filing of the exhibit under seal.

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 21, 2026, I electronically served **Plaintiff CELEC's Unopposed Motion For Leave To File Under Seal Exhibit A in Support of its Motion to Dismiss Astrobryxa's Counterclaims** on all counsel of record.

By: /s/ *Courtney M. Keller*
Courtney M. Keller, Esquire
Florida Bar No. 28668
Meredith P. Yates, Esquire
Florida Bar No. 1058373

**GREENBERG TRAURIG, P.A.**
450 South Orange Avenue, Suite 650
Orlando, Florida 32801
Telephone: (407) 420-1000
Facsimile: (407) 420-5909
Email:  kellerc@gtlaw.com
Meredith.yates@gtlaw.com
Nef-iws@gtlaw.com
ORLLitDock@gtlaw.com

Daniel Pulecio-Boek, Esquire
(admitted *pro hac vice*)
Michael Pusateri, Esquire
(admitted *pro hac vice*)

**GREENBERG TRAURIG, P.A.**
2101 L Street, N.W., Suite 1000
Washington, D.C. 20037
Telephone: (202) 331-3117
Email:  pulecioboekd@gtlaw.com
pusaterim@gtlaw.com

*Counsel for Plaintiff*

5