**THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| CELEC EP,<br><br>Plaintiff,<br><br>v.<br><br>PROGEN INDUSTRIES, LLC; GENERTEK POWER CORP.; GENERTEK POWER INDUSTRIES, LLC; JOHN B. MANNING; W. WADE MANNING; ANDREW S. WILLIAMSON; ASTROBRYXA, S.A.; ASTROBRYXA, LLC; AP INSPECTIONS LATINOAMERICA, S.A.; A.P. INSPECTIONS LLC; H&S INDUSTRY, LLC; TWO LIONS HOLDINGS, LLC; AOT HOLDING AG; GESTORES INMOBILIARIOS LIGHTBLUE, S.A., and DOES 1–95,<br><br>Defendants. | Case No. 8:25-cv-03433 |

**PLAINTIFF'S MOTION FOR ENTRY OF CLERK'S**
**DEFAULT AGAINST A.P. INSPECTIONS LATINOAMERICA, S.A.**

Plaintiff, the Ecuadorian government, through the Strategic Public Company Electric Corporation of Ecuador ("Plaintiff" or "CELEC"), by and through its undersigned counsel and pursuant to Fed. R. Civ. P. 55(a), respectfully requests that the Clerk of Court enter a default against Defendant, A.P. Inspections Latinoamerica, S.A. ("A.P. Latinoamerica") on the Amended Complaint.

In support hereof, Plaintiff states as follows:

**Introduction and Background**

1. On December 15, 2025, Plaintiff filed the Complaint and Demand for Jury Trial naming A.P. Latinoamerica as a Defendant. *See* D.E. 1. On December 23, 2025, service of process was perfected upon A.P. Latinoamerica, care of Ricardo Nunez, Jr.—the registered agent for A.P. Inspections LLC ("A.P. LLC")—at 27618 Esteban Point Lane, Spring, TX 77386. *See* D.E. 11 (Affidavit of Service).

2. A.P. Latinoamerica failed to appear and defend this action, so on February 23, 2026, Plaintiff filed an initial Motion for Entry of Clerk's Default Against A.P. Latinoamerica. *See* D.E. 56. On February 25, 2026, the Court denied that Motion without prejudice, *see* D.E. 59, finding there was insufficient information to determine whether or not Plaintiff complied with the requirements of Federal Rule of Civil Procedure 4(h)(1)(B) and properly served defendant A.P Latinoamerica.

3. On February 27, 2026, Plaintiff filed a Renewed Motion for Clerk's Default and submitted with it the declaration of Mr. Ricardo Nunez, Jr., which demonstrated compliance with Rule 4(h)(1)(B). *See* D.E. 62 at Ex. A (Declaration). Specifically, the Declaration explained that A.P. LLC and its members, including Mr. Nunez, are general agents of A.P. Latinoamerica, and that it is standard practice between the two companies for A.P. LLC to transmit to A.P. Latinoamerica legal documents it receives regarding joint projects. *See* D.E. 62 at Ex. A.

4. Finding that service on A.P. Latinoamerica via Mr. Nunez was proper, the Court granted Plaintiff's renewed motion and ordered the Clerk to enter the default. *See* D.E. 63.

5. On March 3, 2026, the Clerk entered the default. *See* D.E. 64.

6. On April 7, 2026—within the time frame permitted by Local Rule 1.10(c)—Plaintiff moved for Final Default Judgment against A.P. Latinoamerica, *see* D.E. 71, arguing default judgment was appropriate because A.P. Latinoamerica was independently liable for Plaintiff's claims and damages.

7. On June 16, 2026, Magistrate Judge Flynn denied the Motion for Final Default Judgment as premature for two independent reasons. *See* D.E. 139. First, because of the risk of "inconsistent judgments." D.E. 139. And, second, because Plaintiff's Amended Complaint [D.E. 128], which was filed on June 2, 2026, "supersede[d] the original complaint" and "moot[ed] [the] previous entry of default." D.E. 139 (internal quotation marks omitted); *see also* Fed. R. Civ. P. 5(a)(2) (requiring that when a "pleading asserts a new claim for relief" against a "party who is in default for failing to appear," the pleading "be served on that party under Rule 4").

8. In compliance with Federal Rule of Civil Procedure 5(a)(2), Plaintiff served the Amended Complaint on A.P. Latinoamerica (again, c/o Mr. Nunez) on June 29, 2026. *See* D.E. 160 (Affidavit of Service on A.P. Inspections Latinoamerica). Mr. Nunez confirmed via email that he would notify A.P. Inspections Latinoamerica of the Amended Complaint and forward it accordingly. That email is attached hereto as <u>Exhibit A</u>.

9. A.P. Inspections Latinoamerica's response to the Amended Complaint was due twenty-one (21) days after service, on July 20, 2026. *See* Fed. R. Civ. P. 12(a)(1)(A)(i).

10. To date, A.P. Inspections Latinoamerica has failed to appear, plead, or otherwise defend.

11. Accordingly, Plaintiff now moves for entry of a clerk's default pursuant to Federal Rule of Civil Procedure 55(a).

**Argument**

12. Service upon A.P. Latinoamerica was proper, and A.P. Latinoamerica has failed to appear or otherwise defend in this litigation. Entry of a clerk's default is therefore warranted, and mandatory. *See* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk *must* enter the party's default." (emphasis added)).

13. This Motion is timely under the Middle District of Florida's Local Rules, which require a motion for default to be filed within twenty-eight (28) days after a party's failure to plead or otherwise defend. *See* M.D. Fla. L. R. 1.10(b). Here, because A.P. Latinoamerica's failed to respond to the Amended Complaint by its deadline of July 20, 2026, CELEC's deadline for seeking the entry of default is August 17, 2026.

**Conclusion**

14. For the foregoing reasons, Plaintiff respectfully requests that the Clerk of Court enter a default against Defendant A.P. Latinoamerica pursuant to Federal Rule of Civil Procedure 55(a). A.P. Latinoamerica was properly served, failed to respond to the Amended Complaint by the July 20, 2026, deadline, and has wholly failed to appear or defend in this action. Entry of the default is mandatory and warranted.

## **Certificate of Good Faith Conference**

A.P. Latinoamerica has not appeared in this action, so Plaintiff has been unable to confer with A.P. Latinoamerica about the relief requested in this Motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 13, 2026, I electronically filed the foregoing **Plaintiff's Motion for Entry of Clerk's Default Against A.P. Inspections Latinoamerica, S.A.** through the Court's CM/ECF system which will send an electronic copy to all counsel of record.

By: */s/ Meredith P. Yates*

Courtney M. Keller, Esquire
Florida Bar No. 28668
Meredith P. Yates, Esquire
Florida Bar No. 1058373

**GREENBERG TRAURIG, P.A.**
450 South Orange Avenue, Suite 650
Orlando, Florida 32801
Telephone: (407) 420-1000
Facsimile: (407) 420-5909
Email: kellerc@gtlaw.com
Meredith.yates@gtlaw.com
Nef-iws@gtlaw.com
ORLLitDock@gtlaw.com

Daniel Pulecio-Boek, Esquire
(admitted *pro hac vice*)
Michael Pusateri, Esquire
(admitted *pro hac vice*)

**GREENBERG TRAURIG, P.A.**
2101 L Street, N.W., Suite 1000
Washington, D.C. 20037
Telephone: (202) 331-3117
Email: pulecioboekd@gtlaw.com
pusaterim@gtlaw.com

*Counsel for Plaintiff*

| | |
|---|---|
| **From:** | Ricardo A. Nunez |
| **To:** | Pulecio-Boek, Daniel (Shld-DC-LT) |
| **Cc:** | Keller, Courtney M. (Shld-ORL-LT); Yates, Meredith (Assoc-ORL-LT); NEF - IWS; ORLLitDock |
| **Subject:** | Re: A.P. Inspections, LLC (No.: 8:25-cv-3433-WFJ-SPF) |
| **Date:** | Wednesday, July 8, 2026 10:30:10 AM |
| **Attachments:** | image001.png<br>image001.png |

Acknowledge... We will do it asap.

Remember that we at A. P. Inspections are "Here to Serve You!"

“Have a Blessed Day”

Best Regards,

Ricardo A. Nunez
Founder - Operations Manager
A. P. Inspections
27618 Esteban Point Ln.
Spring, TX 77386
Main: 281-355-8015
Cell: 281-594-1750
Fax: 281-350-2583
Skype: ricardo.a.nunez (Spring, Texas, USA)
Email: ranunez@apinspectionsusa.com
Website: www.apinspections.com

Think green. Think before you print ü.

A. P. INSPECTIONS CONFIDENTIALITY NOTICE

If you are not the intended recipient of this message, you may not disclose, print, copy or disseminate this information. If you have received this in error, please reply and notify the sender only and delete the message. Its reproduction, publication and/or sending by any means, is prohibited unless prior written approval is received from the message's sender. This communication does not reflect an intention by the sender or the intended recipient to conduct a transaction or make any agreement by electronic means. Nothing contained in this message or in any attachment shall satisfy the requirements for a writing, and nothing contained herein shall constitute a contract or electronic signature under the law.

On Wed, Jul 8, 2026, 8:46 AM <pulecioboekd@gtlaw.com> wrote:

**Exhibit "A"**

Ricardo:

We ask that you please inform AP Ecuador about the new summons and send it to them via email and via hard copy.

The same as you did last time.

Thanks,

Daniel

**Daniel Pulecio-Boek**
Shareholder
Chair Washington DC Cross-Border Disputes Group

Greenberg Traurig, LLP
2101 L Street N.W. | Suite 1000 | Washington, D.C. 20037
T +1 202.331.3117
pulecioboekd@gtlaw.com | www.gtlaw.com | View GT Biography

GT GreenbergTraurig