UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CELEC EP,

Plaintiff,

v. Case No. 8:25-cv-3433-WFJ-SPF

PROGEN INDUSTRIES, LLC,
GENERTEK POWER CORP.,
GENERTEK POWER INDUSTRIES, LLC,
JOHN B. MANNING; W. WADE
MANNING; ANDREW S. WILLIAMSON,
ASTROBRYXA, S.A., ASTROBRYXA, LLC,
AP INSPECTIONS LATINOAMERICA, S.A.,
A.P. INSPECTIONS LLC, H&S INDUSTRY,
LLC, AOT HOLDING AG, GESTORES
IMMOBILIARIOS LIGHTBLUE, S.A.,
and DOES 1-95,

Defendants.
_____________________________________/

**ORDER**

Before the Court is the Motion for Entry of Clerk's Default Against A.P. Inspections Latinoamerica, S.A. (Doc. 177) filed by Plaintiff, the Ecuadorian government, through the Strategic Public Company Electric Corporation of Ecuador ("CELEC EP"). For the reasons explained below, Plaintiff's motion is GRANTED.

If service of process by a plaintiff on a defendant is insufficient and a defendant has not waived it, a federal court lacks personal jurisdiction over that defendant, and that defendant has no obligation to answer or "otherwise defend." *Kelly v. Florida*, 233 F. App'x 883, 885 (11th Cir. 2007); *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987); *see also In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003). On the other hand, following proper service of process on a defendant, Rule 12 requires a defendant to serve an

answer on the plaintiff "within 21 days after being served with the summons and complaint" or assert one of the enumerated defenses via motion. Fed. R. Civ. P. 12(a)(1)(A)(i), (b). If an answer or proper motion is not timely served, "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

Federal Rule of Civil Procedure 4(h) governs service of process on a corporation, partnership, or association. It provides:

> Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
> (1) in a judicial district of the United States:
> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant; or
>
> (2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

Fed. R. Civ. P. 4(h).

There is a scarcity of case law discussing when an agent is "authorized by appointment or by law to receive service of process" under Rule 4(h)(1)(B). "Federal, not state, standards define who such agents are." *Washington v. Norton Mfg., Inc.*, 588 F.2d 441 (5th Cir. 1979). The Supreme Court has held that the scope of an agent's authority to accept service on another's behalf is governed by "general principles of the law on agency." *Nat'l Equipment Rental, Ltd. v. Szukhent*, 375 U.S. 311, 316 (1964). Agents authorized "by appointment" under Rule 4(h)(1)(B) are either expressly or impliedly appointed to receive process on the defendant

corporation's behalf.

Here, in its Amended Complaint, Plaintiff sues Defendants, alleging federal and Florida RICO violations related to the Ecuadorian government's award of two contracts to build terrestrial thermal generation projects in Ecuador (*see* Doc. 128). Plaintiff also alleges Defendants violated the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") and asserts state law causes of action of conversion, fraudulent transfer, and constructive trust (*Id.*). Regarding Defendant A.P. Inspections Latinoamerica, S.A. specifically, Plaintiff alleges it is an Ecuadorian corporation with its principal place of business in Ecuador (*Id.* at ¶ 12). According to Plaintiff's Amended Complaint, this Court has personal jurisdiction over A.P. Inspections Latinoamerica under Florida's long-arm statute "because, among other things, they conspired to and engaged in tortious conduct in and related to Florida, pursuant to Fla. Stat. § 48.193(1)(a) or otherwise engage in substantial and not isolated activity within the state." (*Id.* at ¶ 20).

Plaintiff's process server attests to serving A.P. Inspections Latinoamerica, care of co-Defendant A.P. Inspections LLC's registered agent Ricardo Nunez, Jr., at a Spring, Texas residence on June 29, 2026, by leaving a copy of the Summons and Amended Complaint with Nunez, Jr. (Doc. 160). In connection with Plaintiff's original Complaint, Ricardo Nunez, Sr. attested that he is a member of co-Defendant and Texas limited liability company A.P. Inspections, LLC (Doc. 62, Ex. 1 at ¶¶ 6, 13). Nunez, Jr. (his son) is A.P. Inspections, LLC's registered agent (*Id.* at ¶¶ 9, 13). Nunez Sr. declares that A.P. Inspections Latinoamerica designated A.P. Inspections, LLC as its United States-based agent pursuant to a 2009 verbal agreement between Nunez Sr. and A.P. Inspections Latinoamerica's founder (*Id.* at ¶ 17). Under that agreement, A.P. Inspections, LLC services AP Inspections Latinoamerica's

United States-based clients. And A.P. Inspections Latinoamerica authorized and directed A.P. Inspections, LLC to handle inspection and reporting activities related to the generator projects at issue in this case (*Id.* at ¶¶ 17-18). Nunez Sr. declares: "It is our standard practice after working together for nearly 17 years that A.P. LLC transmits to A.P. Latinoamerica all legal documents and important documentation regarding any joint projects." (*Id.* at ¶ 27).[1] Plaintiff served its Amended Complaint on A.P. Inspections Latinoamerica pursuant to the same standard practice (*see* Docs. 160, 177).

Plaintiff has submitted enough information for the Court to determine that Plaintiff complied with the requirements of Rule 4(h)(1)(B) by delivering service to someone authorized to accept it on behalf of A.P. Inspections Latinoamerica (Doc. 177, Ex. A). Plaintiff served A.P. Inspections Latinoamerica on June 29, 2026 (Doc. 160). A.P. Inspections Latinoamerica's response to the complaint was due by July 20, 2016, but to date it has failed to answer or otherwise defend this action (*see* Doc. 177 at 2). Entry of a clerk's default is warranted.

The Court ORDERS:

(1) Plaintiff's Motion for Entry of Clerk's Default Against AP Inspections Latinoamerica, S.A. (Doc. 177) is **GRANTED.**

(2) The Clerk of Court is directed to enter default against Defendant A.P. Inspections Latinoamerica, S.A.

---

[1] The undersigned granted Plaintiff's motion for entry of a clerk's default against A.P. Latinoamerica as to Plaintiff's original Complaint (Doc. 63) but denied without prejudice Plaintiff's motion for default judgment against A.P. Latinoamerica (Doc. 139) once Plaintiff amended its complaint. Nunez Sr. submitted his declaration in support of Plaintiff's original motion for a clerk's default (Doc. 62). The instant motion seeks entry of a Clerk's default as to Plaintiff's Amended Complaint.

**ORDERED** in Tampa, Florida, on August 17, 2026.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE