**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA, DIVISION**

| | | |
|---|---|---|
| **CELEC EP,**<br><br>*Plaintiff,*<br><br>**v.**<br><br>**PROGEN INDUSTRIES, LLC; GENERTEK POWER CORP.; GENERTEK POWER INDUSTRIES, LLC; JOHN B. MANNING; W. WADE MANNING; ANDREW S. WILLIAMSON; ASTROBRYXA, S.A.; ASTROBRYXA, LLC, AP INSPECTIONS LATINOAMERICA, S.A.; A.P. INSPECTIONS LLC; H&S INDUSTRY, LLC; TWO LIONS HOLDINGS, LLC; AOT HOLDING AG; GESTORES INMOBILIARIOS LIGHTBLUE, S.A., and DOES 1-99,**<br><br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CASE NO. 8:25-cv-03433-WFJ-SPF** |

**DEFENDANT ASTROBRYXA, S.A.'S REPLY IN SUPPORT OF ITS MOTION FOR SANCTIONS AGAINST PLAINTIFF CELEC EP**

Defendant, Astrobryxa, S.A. ("Astrobryxa"), files this Reply in Support of its Motion for Sanctions Against Plaintiff CELEC, EP.

CELEC's Response (Doc. No. 190) indulges in rhetorical sleight of hand and out-of-context interpretations of discovery responses, court filings, court orders, and deposition testimony to evade the core issues raised in Astrobryxa's Motion (Doc. No.

176): Beginning with an email any law student would condemn as a threat that falls outside the bounds of mere discovery, CELEC has engaged and continues to engage in a course of conduct designed to taint the witness pool and prevent the Defendants from mounting a defense. Indeed, CELEC's conduct and the fallout from that conduct forced Astrobryxa's shareholders to seek asylum in Spain. *See* Reply Exhibit 1, Unsworn Declaration of Juan de Pablos.[1]

The Court should not countenance CELEC's tactics and should craft sanctions severe enough to deter CELEC from further violations and from attempting to try this case in the court of Ecuadorian public opinion rather than the forum CELEC chose, a U.S. court of law. *See Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1223–25 (11th Cir. 2017) (discussing breadth of court's inherent powers); *In re Sunshine Jr. Stores, Inc.*, 456 F.3d 1291, 1304 (11th Cir. 2006) (same); *Quiroz v. Superior Bldg. Maint., Inc.*, No. 06-21594-CIV, 2008 WL 3540599, at *5 (S.D. Fla. Aug. 12, 2008) (same); *see, e.g.*, *Emerson v. Dart*, 900 F.3d 469, 471–72 (7th Cir.) (sanctions warranted because plaintiff's Facebook post—which stated, "I've just received the names of some people that the county is attempting to use as witnesses … This is a PSA … Messing with me will get you your own certified mail."—targeted and publicly threatened potential witnesses if they spoke out).

[1] The Spanish attorneys representing the shareholders were not available to sign the declaration. Astrobryxa will supplement this filing with the signed declaration as soon as it is available.

Accordingly, Astrobryxa respectfully requests that the Court exercise its statutory and inherent authority to impose sanctions sufficient to address the seriousness of CELEC's misconduct and deter future violations. At a minimum, Astrobryxa asks that the Court:

- Find that CELEC violated the Protective Order;
- Prohibit CELEC and its agents from further disclosing, publishing, or otherwise using information obtained through discovery outside the confines of this litigation;
- Exclude from evidence, testimony, motion practice, or trial any information or materials disclosed in violation of the Protective Order;
- Prohibit CELEC from introducing as evidence testimony from any witness who received the CELEC Email; alternatively, permit Astrobryxa to use the CELEC Email and the witnesses' receipt thereof as evidence of the witnesses' potential bias in giving testimony after he/she received an intimidating email from the witnesses' own government;
- Award Astrobryxa all reasonable attorney's fees, costs, and expenses incurred as a result of CELEC's misconduct, including those incurred in connection with:
    - Defendant Astrobryxa's Motion for Protective Order and Modification of Case Management Order (Doc. 73), Defendant Astrobryxa's Reply in Support thereof (Doc. 86), and related hearing (including costs, expenses, travel, lodging, and other reasonable expenditures incurred in preparing for and attending such hearing);
    - This Motion for Sanctions, all supporting, supplemental, and responsive briefing, including replies, sur-replies, and any other papers necessitated by the misconduct at issue; and,
    - Any hearing ordered by the Court concerning these matters, including all fees, costs, expenses, travel, lodging, and other reasonable expenditures incurred in preparing for and attending such hearing.

- Warn CELEC that similar future misconduct may result in more severe sanctions, including dismissal of its claims. *Porton v. SP One, Ltd.*, 2015 U.S. Dist. LEXIS 48256, *5 (M.D. Fla. Mar. 19, 2015) ("The most severe sanction, dismissal with prejudice, may be appropriate when a plaintiff's recalcitrance is due to willfulness, bad faith or fault").

- Grant such other and further relief as the Court deems just, appropriate, and necessary to remedy the misconduct and deter future violations.

Dated: September 11, 2026

Respectfully submitted,

FERGUSON BRASWELL FRASER KUBASTA PC

*/s/ Enrique A. Jaramillo Vargas*
Enrique A. Jaramillo Vargas*
Texas Bar No. 24132917
*Admitted Pro Hac Vice*
ejaramillo@fbfk.law
Kenneth H. Holt
Texas Bar No. 00793012
*Admitted Pro Hac Vice*
kholt@fbfk.law
3200 Southwest Freeway, Suite 3200
Houston, Texas 77027
T: (713) 403-4200
F: (713) 403-4201
*Designated Lead Counsel
(L.R. 2.02(a))

*-and-*

Christopher W. Prusaski
Florida Bar No. 121525
PRUSASKI-LAW, P.A.
7879 Red River Road
West Palm Beach, Florida 33411
Telephone: (561) 310-6680
Email: chris@prusaski-law.com

*Co-Counsel for Defendant Astrobryxa, S.A.*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 11, 2026, a true and correct copy of the foregoing Motion was served on all parties of record, via the Court's CM/ECF system.

*/s/ Enrique A. Jaramillo Vargas*
Enrique A. Jaramillo Vargas