**THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| CELEC EP,<br><br>Plaintiff,<br>v.<br><br>PROGEN INDUSTRIES, LLC, et al.,<br><br>Defendants. | Case No. 8:25-cv-03433-WFJ-SPF<br><br>Judge Jung |

**PLAINTIFF CELEC'S *UNOPPOSED* MOTION FOR LEAVE TO FILE UNDER SEAL EXHIBITS J, K, AB, AND AC IN SUPPORT OF ITS MOTION TO COMPEL DEPOSITIONS, RESPONSES TO INTERROGATORIES, AND PRODUCTION [DE 226]**

Plaintiff CELEC EP ("CELEC"), by and through undersigned counsel, respectfully moves this Court pursuant to the Amended Confidentiality Order in place in this case [D.E. 135-1 & D.E. 138] and M.D. Fla. Local Rule 1.11(c), for leave to file under seal Exhibits J, K, AB, and AC in support of its Motion to Compel Depositions, Responses to Interrogatories, and Production [D.E. 226] (the "Motion").

Exhibit J contains information produced by non-party Regions Bank ("Regions")—specifically, Progen's bank records from June 2024 to November 2024. And Exhibit K contains information produced by non-party Kronos Saahr (also known as "UKG")—specifically, Progen's payroll records during the time period relevant to this litigation. Together, Exhibits J and K show how Defendants' family members, Shane Lawlor and Garrett Kyle Williamson, profited substantially from the fraud Progen committed against CELEC.

Exhibits AB and AC are communications Progen produced and designated as confidential, which discuss a "lender" that was supposedly providing financing to Progen in connection with the CELEC projects. Progen, however, never disclosed to CELEC the existence of a lender or anyone else providing financing to Progen, which is especially surprising given CELEC was paying the staggering sum of $150 million for Progen to manufacture and install new generators. These exhibits are thus relevant to establish that Progen misrepresented to CELEC how Progen intended to use CELEC's funds.

In support of this Motion, CELEC states as follows:

1. CELEC recognizes that a party designating a document, discovery, testimony, or other information as "Confidential" does not satisfy that party's obligation to prove to the court that there is good cause for sealing those same documents if they are submitted with pretrial motions that require judicial resolution of the merits or at trial. *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312 (11th Cir. 2001).

2. Ordinarily, under the Amended Confidentiality Agreement, it would be Progen—the party who designated the material as Confidential—not CELEC who would bear the burden of demonstrating to the Court that such materials should be filed under seal. *See* D.E. 135-1 & D.E. 138. However, CELEC does not wish to delay the filing of its Motion [D.E. 226] for important and time-sensitive relief just to see if Progen will file a motion to seal the identified exhibits within ten (10) days of being provided notice of CELEC's intent to file the Confidential materials. Accordingly, CELEC instead files this present Motion for Leave to Seal to preserve

the Progen Defendants' interest in the documents they designated as Confidential while also balancing its own time-sensitive need for discovery.

3. Counsel for CELEC conferred with counsel for Progen on November 3, 2026, via email, and Progen represented it did not oppose CELEC's Motion for Leave to File the proposed documents under seal.

4. CELEC does not think the Progen Defendants can meet the Court's very high burden for sealing.

WHEREFORE, for the reasons set forth herein, CELEC requests this Court enter an Order directing CELEC how to handle the filing of Exhibits J, K, AB, and AC to its Motion [D.E. 226], and entering such other relief as may be just and necessary under the circumstances.

## LOCAL RULE 3.01(g) CERTIFICATION

On November 3, 2026, CELEC conferred with counsel for Progen about the relief sought herein; Progen does not oppose the filing of the identified documents under seal.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 3, 2026, I electronically served **Plaintiff CELEC's Motion For Leave To File Under Seal Exhibits J, K, AB, and AC In Support of Its Motion to Compel [DE 226]** on all counsel of record.

By: */s/ Courtney M. Keller*

Courtney M. Keller, Esquire
Florida Bar No. 28668
Meredith P. Yates, Esquire
Florida Bar No. 1058373

**GREENBERG TRAURIG, P.A.**
450 South Orange Avenue, Suite 650
Orlando, Florida 32801
Telephone: (407) 420-1000
Facsimile: (407) 420-5909
Email: kellerc@gtlaw.com
Meredith.yates@gtlaw.com
Nef-iws@gtlaw.com
ORLLitDock@gtlaw.com

Daniel Pulecio-Boek, Esquire
(admitted *pro hac vice*)
Michael Pusateri, Esquire
(admitted *pro hac vice*)

**GREENBERG TRAURIG, P.A.**
2101 L Street, N.W., Suite 1000
Washington, D.C. 20037
Telephone: (202) 331-3117
Email: pulecioboekd@gtlaw.com
pusaterim@gtlaw.com

*Counsel for Plaintiff*