**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CELEC EP,

Plaintiff,

v. Case No. 8:25-cv-3433-WFJ-SPF

PROGEN INDUSTRIES, LLC;
GENERTEK POWER CORP.;
GENERTEK POWER INDUSTRIES,
LLC; JOHN B. MANNING; W. WADE
MANNING; ANDREW S. WILLIAMSON;
ASTROBRYXA, S.A.; ASTROBRYXA, LLC;
AP INSPECTIONS LATINOAMERICA, S.A.;
A.P. INSPECTIONS LLC; H&S INDUSTRY, LLC;
TWO LIONS HOLDINGS, LLC; AOT HOLDINGS
AG; GESTORES INMOBILIARIOS
LIGHTBLUE, S.A.; and DOES 1-95,

Defendants.

___

PROGEN INDUSTRIES, LLC,

Counter-Plaintiff,

v.

CELEC EP,

Counter-Defendant.

___/

**PROGEN DEFENDANTS' RESPONSE IN OPPOSITION TO CELEC'S EMERGENCY MOTION TO COMPEL RULE 34 INSPECTION**

Defendants Progen Industries, LLC; Genertek Power Corp.; Genertek Power Industries, LLC; John B. Manning; W. Wade Manning; Andrew S. Williamson; and Two Lions Holdings, LLC (collectively, the "Progen Defendants") respond in

opposition to Plaintiff CELEC EP's ("CELEC") Emergency Motion to Compel Rule 34 Inspection and Overrule Progen's Objections.

## INTRODUCTION

CELEC's motion should be denied for the simple reason that it cannot seek to compel a Defendant to cooperate with a defective, unenforceable Rule 34 Request for Inspection. Indeed, CELEC created its own emergency with its failure to follow the requirements of Rule 34 of the Federal Rules of Civil Procedure. Further, the motion should be denied because the Request lacked the required particularity and CELEC fails to demonstrate the relevancy of its unlimited disruptive inspection.

## ARGUMENT

### I. The Request for Inspection that CELEC moves to compel is unenforceable.

On October 9, 2026, caught between the looming expert disclosure deadline and its apparent late-realized desire to embark on a fishing expedition through Progen's facilities, CELEC served a defective Rule 34 Request for Inspection that set the inspection for October 22, 2026. *See* (Doc. 225-1). In the interest of cooperatively and expeditiously proceeding through discovery in this action and to avoid occupying the Court's time, Progen was and is willing to accommodate an inspection, subject to a stipulation between the parties, despite its objections to the inspection and the fact that it was under no obligation to allow the inspection at all due to CELEC's inadequate request.

Rule 34 provides thirty days to respond to the party to whom such a request is directed. Fed. R. Civ. P. 34(b)(2)(A). Rule 34 Requests for Inspection that set the date of inspection before the end of the thirty-day deadline to respond are unenforceable. *See, e.g.*, *Cherry v. Walkin Billboard, LLC*, No. 1:17-CV-3714-LMM-JKL, 2018 WL 11483095, at *4 (N.D. Ga. Sept. 28, 2018) (denying motion to compel inspection because the request sought to require inspection before the thirty-day period to respond ended and noting that the request was unenforceable for this reason and that "the requesting party has no power to shorten the time allowed by the rule"); *Luer v. County of St. Louis*, No. 4:17-CV-767 NAB, 2018 WL 2734986, at *2–3 (E.D. Mo. June 7, 2018) (denying motion to compel Rule 34 inspection because the request was not served far enough in advance of applicable deadlines to allow the thirty-day window to run); *Mallak v. Aitkin County*, No. 13-CV-2119 (DWF/LIB), 2016 WL 8607391, at *11–12 (D. Minn. June 30, 2016) (denying motion to compel Rule 34 inspection because the request was not served far enough in advance of the relevant deadline to allow the thirty days to conclude); *Holliday v. Extex*, 237 F.R.D. 425, 427 (D. Haw. 2006) (finding the Rule 34 Request for Inspection to be unreasonable, in part because the request did not allow thirty days to respond before the deadline); *NovelPoster v. Javitch Canfield Grp.*, No. 13-CV-05186-WHO(JCS), 2014 WL 7149216, at *13 (N.D. Cal. Dec. 12, 2014) (denying a motion for Rule 37(a) sanctions related to a Rule 34 Request for Inspection in part because the Request was served fewer than thirty days before the inspection).

The thirty-day window may be shortened only by stipulation between the parties or by court order. CELEC never moved to shorten the window, and the parties did not reach a stipulation. Rather than stand by and do nothing, as it could have done, given the unenforceable nature of CELEC's Request for Inspection, Progen engaged in good faith and attempted to reach a stipulation that would allow CELEC to inspect the facilities in a manner that was reasonable and minimized disruptions to Progen's work. When CELEC pressed for a response to the Request during a meet and confer on October 19 regarding a separate discovery issue, Progen objected that the Request failed to allow the required thirty days. Progen maintained its objections, including as to the inadequate timing, throughout the parties' extensive discussions regarding the inspection. *See* (Docs. 225-2 at 2; 225-3 at 5–6).

CELEC portrays itself as bending over backwards to accommodate Progen when the reality is the reverse—beginning with Progen's willingness to accommodate an inspection at all after CELEC failed to adhere to the proper Rule 34 procedures. After initially objecting, Progen agreed to allow CELEC to take photographs inside its facilities, despite Progen's longstanding policy of prohibiting any such photography to protect its trade secrets, many of which are completely unrelated to this action. When CELEC balked at its expert—who appears to compete in the same line of business as Progen—signing an NDA regarding the unrelated trade secrets that he would likely observe during any inspection, Progen agreed to allow the inspection to go forward without one,

assuming the parties otherwise agreed. When counsel for CELEC, after initially selecting November 4 from among dates provided by Progen, asked on October 30 to move the date to November 5, Progen yet again accommodated CELEC. Progen's efforts to work around CELEC's failure to follow the proper Rule 34 procedures should not be held against it. The Court should deny CELEC's motion to compel because the Request at the heart of it is unenforceable.

**II. CELEC's Request lacked sufficient particularity.**

CELEC's Request for Inspection lacked sufficient particularity regarding the search of the property, providing additional grounds to deny CELEC's motion. The Request merely identified that the property would be inspected, that CELEC would "inspect" it, take photographs, and measure the dimensions of "the property features." CELEC refused to identify any purpose for the inspection until November 2. During the parties' discussions, CELEC tacitly admitted that this is a fishing expedition by repeatedly representing that it could not provide more information regarding its planned search because it needed to see what was in Progen's facility and have its expert determine in real time what would be inspected. The Request is plainly insufficient for lack of particularity as well. The burden is on CELEC to identify what it wants to inspect and to connect any such areas to its claims. *See Hoewischer v. Deerwood Vill. Mall, LLC*, 281 F.R.D. 665, 666–67 (M.D. Fla. 2011) (denying motion to compel inspection of interior tenant spaces in a shopping mall where the plaintiff had not alleged which, if any, caused his injuries or were otherwise related to his claims). Merely identifying Progen's

facilities and leaving it up to CELEC's expert to identify in real time the particularities is insufficient under Rule 34.

**III. CELEC has failed to demonstrate the relevancy of the unduly burdensome inspection to the case.**

Contrary to CELEC's assertion, Progen does object to and always has objected to the relevancy of this inspection. *See* (Docs. 225-2 at 2–3; 225-3 at 5–6). CELEC still cannot adequately explain how this inspection is relevant. Instead, CELEC represents (wrongly) that Progen does not seriously dispute the inspection's relevance and avers in a conclusory manner that the inspection is relevant because "it will allow CELEC's expert to assess Progen's supposed equipment, infrastructure, and manufacturing capabilities and evaluate its capacity to manufacture the generators it would supply under the Quevedo and Salitral Contracts." Mot. to Compel (Doc. 225) at 10. CELEC's burden is not as light as it portrays. It must offer a specific explanation as to why it needs to inspect and photograph the premises and "demonstrate *how* an inspection of the premises" will support its claims. *See Simmons v. Sejong Alabama, LLC*, No. 2:19-CV-629-RAH-KFP, 2020 WL 13016468, at *5 (M.D. Ala. Dec. 23, 2020) (denying motion to compel inspection for failure to demonstrate relevance and proportional need where the movant failed to identify facts in dispute relevant to the location or any specific defenses asserted that could be disproven through inspection).

Here, beyond listing the address as the location of Progen, CELEC did not allege anything regarding the facilities in question. *See* Am. Compl. (Doc. 128) ¶¶ 4–6, 26–27 (instead alleging conduct involving a location in Tampa). Further,

the inspection will require a work stoppage at the facilities for the duration of the inspection, which CELEC estimates would total four to six hours combined across the two adjacent facilities. *See* (Docs. 225 at 3, 8–9; 225-1 at 2). Additionally, the inspection will expose many of Progen's trade secrets, which are unrelated to this action, to observation by a party that has hired an expert who appears to compete with Progen,[1] that has demonstrated an inability to prevent leaks regarding this litigation to the media, and whose board member has made a public spectacle of information obtained through this litigation. *See* Mot. to Compel Production of Publicly Disclosed Attorney-Client Communications (Doc. 148); Exhibits E and F to Progen's Mot. for Protective Order (Docs. 149-5; 149-6). Indeed, as in the lone case that CELEC cites in support of its conclusory relevancy argument, the Court should deny the motion to compel because the inspection would intrude on Progen's privacy and exert a burden—disruption of Progen's work and disclosure of its trade secrets—that outweighs any benefit to CELEC. *See Bemesderfer v. United Parcel Serv., Inc.*, No. 6:22-CV-270-PGB-EJK, 2023 WL 2810703, at *2–3 (M.D. Fla. Apr. 6, 2023).

**IV. CELEC's request for fees and costs should be denied.**

The Court should not award CELEC fees and costs because Progen's position is substantially justified and there are circumstances that make an award of

[1] Progen lacks complete information regarding the expert because CELEC has thus far declined to provide his curriculum vitae. Nonetheless, Progen's independent research regarding the expert indicates that he owns ATRO Energy, which, like Progen, "executes energy products" and delivers "distributed generation." *See* Exhibit A. Further, Progen has been unable to identify any indication that this supposed expert has served as an expert in other cases or an area of expertise, giving rise to concerns regarding the legitimacy of his role as any inspection of Progen's facilities.

expenses unjust—namely, CELEC's own failure to follow the Federal Rules of Civil Procedure. As established above, Progen has substantial justification for its positions that CELEC's Request was unenforceable and lacked particularity, and that CELEC has failed to demonstrate relevancy for an unduly burdensome inspection. The fact that Progen was willing to overlook these issues and objections in order to allow an inspection if the parties could agree on the conditions for the inspection should not be held against it. Further, it is without question that CELEC's Request for Inspection did not accord with the requirements of Rule 34. To allow CELEC to recover fees and costs for compelling its own inadequate Request for Inspection would be unjust. *See NovelPoster*, 2014 WL 7149216, at *13 (denying a motion for Rule 37(a) sanctions related to a Rule 34 Request for Inspection in part because the Request was served fewer than thirty days before the inspection).

## **CONCLUSION**

For the foregoing reasons, the Progen Defendants respectfully request that this Court enter an order denying CELEC's motion to compel and CELEC's request for fees and costs.

Dated: November 4, 2026

Respectfully submitted,

*/s/ Adolfo E. Jiménez*

Adolfo E. Jiménez
Florida Bar No. 869295
Adolfo.Jimenez@hklaw.com
Gabriella A. Lanzas

Florida Bar No. 1059806
Gabriella.Lanzas@hklaw.com
**HOLLAND & KNIGHT LLP**
701 Brickell Avenue, Suite 3300
Miami, Florida 33131
Telephone: (305) 374-8500
Facsimile: (305) 789-7799

and

Jason H. Baruch
Florida Bar No. 10280
Jason.Baruch@hklaw.com
Anne Colbert
Florida Bar No. 1026226
Anne.Colbert@hklaw.com
**HOLLAND & KNIGHT LLP**
100 N. Tampa Street, Suite 4100
Tampa, FL 33602
Telephone: (813) 227-8500
Facsimile: (813) 229-0134

*Attorneys for Defendants Progen Industries, LLC; Genertek Power Corp.; Genertek Power Industries, LLC; John B. Manning; W. Wade Manning; Andrew S. Williamson; and Two Lions Holdings, LLC.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 4, 2026, I electronically served Progen Defendants' Response in Opposition on all counsel of record.

*/s/ Adolfo E. Jiménez*
Adolfo E. Jiménez