UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CELEC EP,

Plaintiff,

v. Case No. 8:25-cv-3433-WFJ-SPF

PROGEN INDUSTRIES, LLC,
GENERTEK POWER CORP.,
GENERTEK POWER INDUSTRIES, LLC,
JOHN B. MANNING; W. WADE
MANNING; ANDREW S. WILLIAMSON,
ASTROBRYXA, S.A., ASTROBRYXA, LLC,
AP INSPECTIONS LATINOAMERICA, S.A.,
A.P. INSPECTIONS LLC, H&S INDUSTRY,
LLC, AOT HOLDING AG, GESTORES
IMMOBILIARIOS LIGHTBLUE, S.A.,
and DOES 1-95,

Defendants.
_______________________________________/

**ORDER**

Plaintiff CELEC EP's Emergency Motion to Compel Rule 34 Inspection and Overrule Progen's Objections (Doc. 225) and the Progen Defendants' Response in Opposition (Doc. 228) are before the Court.

Under Rule 37(a)(1), a party may move for an order compelling disclosure or discovery. Motions to compel discovery are committed to the sound discretion of the trial court. *See Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984). The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant. *Moore v. Lender Processing Servs. Inc.*, No. 3:12-CV-205-J, 2013 WL 2447948, at *2 (M.D. Fla. June 5, 2013). Conversely, "[a] party resisting discovery must establish 'lack of relevancy or undue burden in supplying the requested information.'" *Craig*

*v. Kropp*, No. 2:17-cv-180-FtM-99CM, 2018 WL 1121924, at *3 (M.D. Fla. Mar. 1, 2018) (quoting *Gober v. City of Leesburg*, 197 F.R.D. 519, 521 (M.D. Fla. 2000)). Rule 34(a)(2) permits a party to serve on any other party a request to inspect property, within the scope of Rule 26(b). The party to whom the request is directed must respond within 30 days, unless the parties stipulate to a shorter or longer response period. Fed. R. Civ. P. 34(b)(2).

On October 9, 2026, CELEC served its request to inspect Progen Industries, LLC's two adjacent facilities in Mulberry, Florida, on October 22, 2026 (Doc. 225-1). Progen Industries, LLC initially objected to the request, arguing, among other things, that it had only 13 days' notice of the inspection and was not available on October 22, 2026 (Doc. 225-2). After meet-and-confer efforts, the parties agreed to a November 5, 2026 inspection, subject to a negotiated protocol (Doc. 225-3).

At this juncture, the main sticking point is the duration of the inspection: CELEC's motion requests "the time reasonably necessary to complete the inspection" and suggests 2 to 3 hours *per facility* is reasonable (Doc. 225 at 8, 14) (although in a November 3, 2026 email to opposing counsel before CELEC filed its emergency motion, CELEC's counsel estimated the inspection "will take approximately two to three hours in total.") (Doc. 225-4 at 1). On the other hand, the Progen Defendants assert that a total of 1 hour is sufficient, a position that led to CELEC's emergency motion. Now, in their response (Doc. 228), the Progen Defendants argue that the inspection request is unenforceable because CELEC did not give them 30 days to respond, and the inspection is irrelevant.

The Court has reviewed the parties' filings and finds that the inspections are relevant to the parties' claims and defenses and proportional to the needs of the case under Rule 26(b). Although the Progen Defendants argue that the inspections may disrupt business operations,

they offer no affidavit or other evidence to support that argument. In any event, the safeguards negotiated by the parties in the inspection protocol (Doc. 225-3) will minimize disruption.

The Court **ORDERS**:

(1) CELEC's Emergency Motion to Compel Rule 34 Inspection and Overrule Progen's Objections (Doc. 225) is granted to the extent that the inspection is permitted to proceed on November 5, 2026, in the manner spelled out in the parties' protocol (Doc. 225-3). CELEC is directed to conduct its inspections as efficiently as possible, and the inspections must not exceed 3 hours in total.

(2) CELEC's request for fees and costs associated with moving to compel the inspections is denied.

**ORDERED** in Tampa, Florida, on November 4, 2026.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE