**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CELEC EP,

Plaintiff,

v. Case No. 8:25-cv-3433-WFJ-SPF

PROGEN INDUSTRIES, LLC; GENERTEK POWER CORP.; GENERTEK POWER INDUSTRIES, LLC; JOHN B. MANNING; W. WADE MANNING; ANDREW S. WILLIAMSON; ASTROBRYXA, S.A.; ASTROBRYXA, LLC; AP INSPECTIONS LATINOAMERICA, S.A.; A.P. INSPECTIONS LLC; H&S INDUSTRY, LLC; TWO LIONS HOLDING, LLC; AOT HOLDINGS AG; GESTORES INMOBILIARIOS LIGHTBLUE, S.A.; and DOES 1-95,

Defendants.
______________________________

PROGEN INDUSTRIES, LLC,

Counter-Plaintiff,

v.

CELEC EP,

Counter-Defendant.
______________________________/

**WADE MANNING'S REPLY IN SUPPORT OF HIS MOTION FOR RULE 11 SANCTIONS AGAINST DEFENDANT AND ITS COUNSEL FOR FAILURE <u>TO DISMISS CLAIMS AGAINST HIM IN HIS INDIVIDUAL CAPACITY</u>**

Pursuant to this Court's Order allowing replies in support of motions, Defendant W. Wade Manning (Mr. Wade M.) submits his reply in support of his Motion for Rule 11 Sanctions against Plaintiff CELEC EP ("CELEC" or "Plaintiff") and its counsel [ECF No 207], and in response to CELEC's Response in Opposition to the Motion [ECF No. 219] ("Response").

## PRELIMINARY STATEMENT

Notably absent from the Response is any discussion that Mr. Wade M. directly emailed Plaintiff's Counsel prior to their filing of the First Amended Complaint to explain his minimal role in the contractual relationship between Progen and CELEC. Motion at pp. 1, 9; ECF 207-2. Counsel for Plaintiff was explicitly on notice of his minimal role. Even after Mr. Wade M. has consistently testified that he simply followed the instructions of senior management regarding his supervision of portions of the process of refurbishing the generators and the inspections of them, the claims have not been withdrawn.

These tort-sounding claims against Mr. Wade M. are based upon skillfully presented false facts. There is no evidence, despite the Progen Defendants production of 117,708 pages of documents, and the taking of the depositions of Mr. Wade Manning and Mr. John Manning, that Mr. Wade M. has the necessary involvement to be *personally liable* for anything. In its transparent effort to use liberal American discovery rules to tarnish the Progen Defendants in Ecuador and beyond, including Mr. Wade M., Plaintiff has morphed this generator contract dispute into an alleged RICO "conspiracy" with "fraudulent transfers" that are

mere payments for services and goods rendered per written contracts and supplier agreements. Under Rule 11, this Court should dismiss Mr. Wade M., who should never have been sued in his individual capacity.

## I. LEGAL STANDARD

On top of ignoring Mr. Wade M.'s March 2026 Email to Counsel, also notably absent from the Response is any mention of the two cases involving Rule 11 dismissal of a particular defendant principally relied upon in the Motion. *See Mike Ousley Productions, Inc. v. WJBF-TV*, 952 F.2d 380 (11th Cir. 1992) and *EMI Sun Vill., Inc. v. Catledge*, 779 F. App'x 627, 639-40 (11th Cir. 2019); Motion at pp. 4-5. The entire purpose of a "Response" is to rebut the legal arguments of a motion, yet Plaintiff fails to do so. As explained in the Motion, the Amended Complaint and record herein fall squarely within the small universe of cases where counsel frivolously expanded their action to include an individual employee who has no individual liability. Under Rule 11, this Court should dismiss Mr. Wade M. from this action.

## II. WADE MANNING HAD NO PERSONAL INVOLVEMENT TO JUSTIFY BEING AN INDIVIDUAL DEFENDANT

### A. Wade Manning does not own or control Genertek nor Progen, nor are these companies a sham.

The Response does not address the ownership issue – there is no dispute that Mr. Wade M. is neither an owner nor in control of Genertek and/or Progen. *See* Motion at 6-7. This concession by omission is telling. Nor does the Response address the arguments and evidence presented in the Motion that neither Genertek

nor Progen are sham companies, as alleged in the Complaint. *See* Motion at 7-8. It is clear that Plaintiff and Plaintiff's counsel failed to conduct a reasonable investigation before filing the Amended Complaint. Their decision to include Mr. Wade M. as a party defendant was objectively unreasonable, as their claims against him had no colorable basis in law or fact and Plaintiff's counsel was on notice of this action prior to the filing.

**B. Wade Manning Received Back Due Wages – Nothing More and Nothing is "in dispute."**

The Response presents no evidence to support that the payments made to Mr. Wade M. were only money owed for wages earned. Response at 10. Simply stating that "payments made to Wade Manning in connection with the underlying transactions are also in dispute" is insufficient. There is no dispute about the payments – just Mr. Wade M.'s facts and Plaintiff's pure speculation. The only evidence is that the payments to Mr. Wade M. for his owed wages were just that – payment for back wages[1] (just as with many other innocuous and normal business reasons for payments by Progen to its suppliers, subcontractors and employees that have been wrongfully characterized as "fraudulent payments."). *See* Motion at pp. 9-10.

[1] In Mr. Wade M's deposition, Plaintiff's counsel focused on two payments in 2026 totaling $43,000, short of the $60,000 Mr. Wade M. testified he was owed. [ECF No. 207-1]. For the record, there were additional payments disclosed in discovery, including those in October 2024, December 2024, and payroll checks between March and October 2025. Plaintiff likely did not question Mr. Wade M. about these other payments as they were clearly for services rendered for his work at Progen.

Instead, Plaintiff references Mr. Wade M.'s testimony that because he was angry with his brother, John Manning, that once he quit Progen on or about March 16, 2026, he blocked John Manning from his phone, and believed that he deleted his text messages with his brother at the same time. Importantly, at the time, Mr. Wade M. had no obligation to preserve his communications with his brother. Despite the insinuations of counsel in the Response, the blocking and/or deleting of text messages does not create a factual dispute that the purpose of payments from Progen to Mr. Wade M. were for back wages. Plaintiff's counsel extensively interrogated Mr. Wade M. at his deposition about these texts. None of that has created a factual dispute regarding the payments for back wages.

## C. Wade Manning Explained His Minimal Role In the Inspection

The focus of the Response is Mr. Wade M.'s involvement in the inspection and refurbishing process of the contracted-for generators that are at the heart of this contract dispute. Based upon Plaintiff's logic, nothing distinguishes Mr. Wade M.'s participation in preparing the generator sets from that of other Progen employees performing the same duties, nor from other Vice Presidents (e.g., Production Management, Electrical, Purchasing or Product Engineers). Those duties were dictated and directed solely by the company's upper management/owners – not Mr. Wade M. No evidence supports that he or the other employees received instructions or guidelines directing them to deceive Plaintiff, or to represent the generators purchased as new equipment. Mr. Wade M. further testified that he did not know of the contract terms before this litigation.

Mr. Wade M. takes no issue with the recitation of the "facts" contained at pages 7-8 of the Response. He acknowledges that his responsibilities were to ensure that each generator set's electronic fueling system was completely removed to facilitate installation of a mechanical fueling system, as directed by upper management; to make any repairs he determined were appropriate; and to ensure that each generator set was properly cleaned, that oily residue and old paint were buffed off, and that the unit was then painted. He also acknowledges that he oversaw that the generator units were prepared for third-party inspections in accordance with Andrew Williamson's directions. But his presence at this inspection as the Vice President of Mechanical for Progen does not make him individual liable for any of the claims in the Amended Complaint.

The Response continues Plaintiff's theme of obfuscation regarding "new" versus "used" generators. But there is no evidence of any kind that Wade M. was involved in any "pattern of racketeering activity." He was not involved in anything related to the Contracts before they were executed. He had no decision-making authority regarding the Contracts. Accordingly, he could have played no part in what CELEC alleges since he had no communication regarding the Contracts or what was communicated to CELEC before the Contracts were entered into. Moreover, Progen has never claimed to provide "new" generators. The testimony of Kerry White of Apollo Electric, the only third-party deponent here, makes clear that it is "common in the industry for used generators to be reconditioned and then sold for use." Deposition of Kerry White at 70:15-18, ECF No. 219-7. Moreover,

Mr. White testified that **it takes four years from the time a new generator is ordered to the delivery time.** *Id.* at 72:4-21. This testimony defeats CELEC's entire theory of this case – the energy emergency and crisis in Ecuador could never be solved with the purchase of new generators. Only refurbished used generators could be obtained on short notice. And Progen agreed in both contracts at issue to provide those generators to CELEC. None of this provides any basis for Plaintiff to sue Mr. Wade M. in his individual capacity.

**<u>CONCLUSION</u>**

The Response is wonderfully drafted yet legally vacuous. Being a "supervisor" does not make one personally liable for corporate actions. There is no evidence that Mr. Wade Manning made any statements to any CELEC personnel that were misleading. No evidence exists that Wade Manning had control of any of the Progen Defendants. The dispute is whether the generators met the contractual standard in the two contracts between CELEC and Progen. That Wade Manning supervised painting activities, which have been explained by Kerry White as part of the refurbishment process, is far below the level required for individual liability under RICO or any other claim in the Amended Complaint. Rule 11 sanctions in the form of dismissal of Mr. Wade M. is warranted here because Plaintiff and Plaintiff's counsel have known since before the filing of the Amended Complaint that no such individual liability exists.

For all reasons expressed above, the Court should grant the Motion.

Dated: November 6, 2026

Respectfully submitted,

*/s/ Adolfo E. Jiménez*
Adolfo E. Jiménez
Florida Bar No. 869295
Email: Adolfo.Jimenez@hklaw.com
Gabriella A. Lanzas
Florida Bar No. 1059806
Email: Gabriella.Lanzas@hklaw.com
HOLLAND & KNIGHT LLP
701 Brickell Avenue, Suite 3300
Miami, Florida 33131
Telephone: (305) 374-8500
Facsimile: (305) 789-7799

*/s/ Philip E. Rothschild*
Philip E. Rothschild
Florida Bar No. 0088536
Email: phil.rothschild@hklaw.com
HOLLAND & KNIGHT LLP
515 E. Las Olas Blvd.
Fort Lauderdale, FL 33301
Telephone: (954) 525-1000

and

Jason H. Baruch
Florida Bar No. 10280
Jason.baruch@hklaw.com
Anne Colbert
Florida Bar No. 1026226
anne.colbert@hklaw.com
HOLLAND & KNIGHT LLP
100 N. Tampa Street, Suite 4100
Tampa, FL 33602
Telephone: (813) 227-8500
Facsimile: (813) 229-0134 (fax)

*Attorneys for Defendants Progen Industries, LLC; Genertek Power Corp.; Genertek Power Industries, LLC; John B.*

*Manning; W. Wade Manning; Andrew S. Williamson; and Two Lions Holdings, LLC.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 6, 2026, the foregoing document was electronically filed through the Court's CM/ECF filing system, which caused an electronic notification of this filing and a copy thereof to be sent to all counsel of record.

*/s/Adolfo E. Jimenez*
Adolfo E. Jimenez

**SERVICE LIST**

**GREENBERG TRAURIG, P.A.**
450 South Orange Avenue, Suite 650
Orlando, FL 32801
Tel: (407) 420-1000

Courtney M. Keller, Esq.
Meredith P. Yates, Esq.
Daniel Pulecio-Boek, Esq.
Michael A. Pusateri, Esq.
kellerc@gtlaw.com
Meredit.yates@gtlaw.com
pulecioboekd@gtlaw.com
pusaterim@gtlaw.com
Nef-iws@gtlaw.com
ORLLitDock@gtlaw.com

*Counsel for CELEC EP*

**LAWSON HUCK GONZALEZ, PLLC**
2309 S. MacDill Ave.
Tampa, FL 33629
Telephone: 813-501-5171
Joshua C. Webb, Esq.
josh@lawsonhuckgonzalez.com
cassy@lawsonhuckgonzalez.com
michelle@lawsonhuckgonzalez.com
*Counsel for Greenberg Traurig, P.A., Courtney M. Keller, Daniel Pulecio-Boek, Meredith Paige Yates, and Michael A. Pusateri*

**FERGUSON BRASWELL FRASER KUBASTA PC**
3200 Southwest Freeway, Suite 3200
Houston, Texas 77027
Tel: (713) 403-4200

Enrique A. Jaramillo Vargas, Esq.
Kenneth H. Holt, Esq.
ejaramillo@fbfk.law
kholt@fbfk.law

and

**PRUSASKI-LAW, P.A.**
7879 Red River Road
West Palm Beach, FL 33411
Tel: (561) 310-6680

Christopher W. Prusaski
chris@prusaski-law.com

*Counsel for Defendant Astrobryxa, S.A. , and H&S Industry, LLC*